**FILED - WAWB**
**JAN 26 2026 2:38 PM**
**Gina Zadra Walton, Clerk of Court**

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

In re:

    RONDA MCNAE,

        Debtor.

CASE NO. 26-10051-CMA
Chapter 7

**DEBTOR'S MOTION TO CLARIFY. OR IN THE ALTERNATIVE. TO MODIFY THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF CONTINUATION OF A FULLY BRIEFED DEFENSIVE APPEAL**

## I. RELIEF REQUESTED

Debtor Ronda McNae respectfully moves for an order clarifying that continuation of her pending, fully briefed defensive appeal in the United States Court of Appeals for the Eleventh Circuit does not violate the automatic stay under 11 U.S.C. § 362(a). In the alternative, and solely out of an abundance of caution, Debtor seeks a narrowly tailored modification of the automatic stay under 11 U.S.C. § 362(d)(1) to permit the Eleventh Circuit to resolve the appeal to final decision on liability and statutory validity only.

No enforcement, collection, execution, or affirmative relief is sought or permitted.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## III. FACTUAL BACKGROUND

1. Debtor commenced this Chapter 7 case on January 8, 2026.

2. Prior to the petition date, a federal judgment in the amount of approximately $2.7 million was entered against Debtor in a breach of contract action in the United States District Court for the Southern District of Florida.

3. Debtor timely appealed that judgment to the United States Court of Appeals for the Eleventh Circuit.

4. As of January 21, 2026, appellate briefing was complete. The appeal presents purely legal issues concerning liability and statutory validity, including applicability of the federal Speak Out Act. No discovery, evidentiary development, or enforcement activity remains. The matter awaits only oral argument, if any, and final decision.

5. The appealed judgment constitutes Debtor's largest scheduled claim. Resolution of the appeal in Debtor's favor would eliminate or materially reduce that claim, directly enhancing the value of the bankruptcy estate and the potential recovery for all other creditors.

DEBTOR'S MOTION TO CLARIFY OR IN THE
ALTERNATIVE. TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF
CONTINUATION OF A FULLY BRIEFED DEFENSIVE APPEAL
Case No. 26-10051-CMA - 2

Case 26-10051-CMA    Doc 21    Filed 01/26/26    Ent. 01/27/26 08:30:07    Pg. 2 of 6

1

2

6.  Debtor has filed a Notice in this Court disclosing the existence of the appeal and preserving the record while awaiting guidance from the Chapter 7 trustee.

3

4

### IV. LEGAL STANDARD

5

6

7

8

Section 362(a) of the Bankruptcy Code imposes an automatic stay of certain actions against a debtor. The applicability of the stay to continuation of a debtor's purely defensive appeal, particularly where the appeal seeks only to defeat or reduce a claim and does not pursue affirmative recovery or enforcement, is context-dependent and not uniformly settled.

9

10

11

12

Under 11 U.S.C. § 362(d)(1), the Court may terminate, annul, modify, or condition the automatic stay for cause. Cause is determined on a discretionary, case-by-case basis that balances potential prejudice to the bankruptcy estate and creditors against hardship to the moving party and considerations of judicial economy. In re Mac Donald, 755 F.2d 715, 717 (9th Cir. 1985).

13

14

### V. ARGUMENT

15

**A. Clarification Is Appropriate Because the Appeal Preserves Estate Value**

16

17

18

19

20

The pending appeal is arguably the most significant asset of this bankruptcy estate. A successful appeal would extinguish or materially reduce a $2.7 million claim, which is the largest single liability reflected on Debtor's schedules. Elimination or reduction of that claim would dramatically increase the net value of the estate and improve potential recoveries for all other creditors. The appeal is purely defensive. It seeks no affirmative recovery, enforcement, or control of estate property. Its sole purpose is to determine whether the asserted liability is legally valid.

21

22

DEBTOR'S MOTION TO CLARIFY OR IN THE
ALTERNATIVE. TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF
CONTINUATION OF A FULLY BRIEFED DEFENSIVE APPEAL
Case No. 26-10051-CMA - 3

Clarification that continuation of this appeal does not violate the automatic stay preserves estate value while maintaining creditor parity and respecting trustee authority.

**B. Alternatively. Cause Exists to Modify the Stay in a Narrow and Controlled Manner**

If the Court determines that clarification alone is insufficient, cause exists to modify the stay under § 362(d)(1) for the limited purpose requested.

1. **Preservation of Estate Value:** The appeal directly challenges the estate's largest asserted liability. Allowing it to proceed to resolution serves the fiduciary objective of maximizing estate value.

2. **Judicial Economy:** The appeal is fully briefed and ripe for decision. Allowing it to proceed avoids waste of judicial resources and duplication of effort.

3. **No Prejudice to Creditors:** The relief sought is strictly limited. No enforcement, collection, execution, or affirmative relief is permitted. The automatic stay remains fully in effect as to all collection activity regardless of appellate outcome. The creditor is merely required to await resolution of an appellate process already underway prior to the bankruptcy filing.

4. **Preservation of Appellate Momentum:** Appellate courts operate on momentum. Indefinite delay risks loss of judicial focus through no fault of the estate.

5. **Trustee Authority Preserved:** This motion does not seek to interfere with or displace the Chapter 7 trustee's authority to prosecute, settle, or abandon estate causes of action. It seeks only to preserve appellate posture pending trustee determination.

DEBTOR'S MOTION TO CLARIFY OR IN THE
ALTERNATIVE. TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF
CONTINUATION OF A FULLY BRIEFED DEFENSIVE APPEAL
Case No. 26-10051-CMA - 4

Case 26-10051-CMA    Doc 21    Filed 01/26/26    Ent. 01/27/26 08:30:07    Pg. 4 of 6

## VI. SCOPE OF REQUESTED RELIEF

Debtor respectfully requests an order that:

Clarifies that continuation of the pending Eleventh Circuit appeal on liability and statutory validity does not violate the automatic stay under 11 U.S.C. § 362(a). Or, in the alternative, Modifies the automatic stay solely to permit the Eleventh Circuit to resolve the appeal to final judgment. Expressly provides that no enforcement, collection, execution, or affirmative relief may occur absent further order of this Court.

## VII. CONCLUSION

Debtor seeks only to preserve momentum in a fully briefed defensive appeal whose resolution may eliminate the estate's largest liability. Clarification or narrowly tailored modification of the stay serves the interests of the estate, creditors, and judicial economy.

WHEREFORE, Debtor respectfully requests entry of the proposed order.

Respectfully submitted,

DATED 26th day of January 2026, in Kirkland, WA.

*/s/ Ronda McNae*
Ronda McNae
Pro se, Debtor
504 11th Pl,
Kirkland, WA 98033
Prose.rmcnae@gmail.com

DEBTOR'S MOTION TO CLARIFY OR IN THE
ALTERNATIVE. TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF
CONTINUATION OF A FULLY BRIEFED DEFENSIVE APPEAL
Case No. 26-10051-CMA - 5

Case 26-10051-CMA    Doc 21    Filed 01/26/26    Ent. 01/27/26 08:30:07    Pg. 5 of 6

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that on January 26, 2026, I caused a true and correct copy of the foregoing

4      Debtor's Motion to Clarify or in the Alternative to Modify the Automatic Stay for the limited

5      Purpose of Continuation of a Fully Briefed Defensive Appeal, together with the Proposed Order,

6      to be served via the Court's CM/ECF system on all parties entitled to notice, including:

7          **Michael P. Klein**
           **Chapter 7 Trustee**
8          Office of the United States Trustee
           700 Stewart Street, Suite 52210
9          Seattle, WA 98101
           trusteeklein@hotmail.com

10

11         **Michael M Sperry**
           Schweet Linde Rosenblum, PLLC
12         5601 6TH Ave S., #258
           PO Box 80646
13         Seattle, WA 98108
           michaels@schweetlaw.com (counsel for creditor; Michael Fitzgerald)

14

15      I declare under penalty of perjury under the laws of the United States that the foregoing is

16      true and correct.

17      DATED 26th day of January 2026, in Kirkland, WA.

18

19

20                                                  */s/ Ronda McNae*
                                                    Ronda McNae
21                                                  Pro se, Debtor

22

DEBTOR'S MOTION TO CLARIFY OR IN THE
ALTERNATIVE. TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF
CONTINUATION OF A FULLY BRIEFED DEFENSIVE APPEAL
Case No. 26-10051-CMA - 6