**FILED - WAWB**
**FEB 02 2026 12:18 AM**
**Gina Zadra Walton, Clerk of Court**

Hon. Chief Judge Christopher Alston
Chapter: 7
Hearing Location: Seattle, Courtroom 7206
Hearing Date: March 5, 2026
Hearing Time: 9:30am
Response Due: Thursday, February 26, 2026
Reply Due: Wednesday, March 4, 2026

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>RONDA MCNAE,<br><br>Debtor. | CASE NO. 26-10051-CMA<br><br>Chapter 7<br><br>**DEBTOR'S AMENDED MOTION TO CLARIFY, OR IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF CONTINUATION OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)** |

### I. RELIEF REQUESTED

This Amended Motion supersedes and replaces the Debtor's Motion filed at ECF No. 21. The prior motion is no longer operative. This Amended Motion incorporates additional factual detail, procedural developments, and supporting exhibits and is intended to be the sole motion before the Court on this relief.

DEBTOR'S AMENDED MOTION TO CLARIFY, OR
IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF CONTINUATION
OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)
Case No. 26-10051-CMA - 1

Case 26-10051-CMA    Doc 33    Filed 02/02/26    Ent. 02/02/26 11:22:31    Pg. 1 of 12

Debtor Ronda McNae respectfully moves for an order clarifying that continuation of her pending, fully briefed defensive appeal in the United States Court of Appeals for the Eleventh Circuit does not violate the automatic stay under 11 U.S.C. § 362(a). In the alternative, and solely out of an abundance of caution, Debtor seeks a narrowly tailored modification of the automatic stay under 11 U.S.C. § 362(d)(1) **for cause**, to permit the Eleventh Circuit to resolve the appeal to final decision on liability and statutory validity only.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## III. FACTUAL BACKGROUND

1. Debtor commenced this Chapter 7 case on January 8, 2026.
2. Prior to the petition date, a federal judgment in the amount of approximately $2.7 million was entered against Debtor in a breach of contract action in the United States District Court for the Southern District of Florida, Case No. 22:22171-JEM.
3. Debtor timely appealed that judgment to the United States Court of Appeals for the Eleventh Circuit, Case No. 25-11685-C.
4. On December 24, 2025, the judgment creditor-initiated garnishment proceedings that restrained household income relied upon by Debtor's family, CASE NO. 25-2-19105-SEA.
5. On January 7, 2026, the judgment creditor conducted a sheriff's sale pursuant to a writ of execution and submitted a credit bid of approximately $25,000 purporting to reach

DEBTOR'S AMENDED MOTION TO CLARIFY, OR
IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF CONTINUATION
OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)
Case No. 26-10051-CMA - 2

Case 26-10051-CMA    Doc 33    Filed 02/02/26    Ent. 02/02/26 11:22:31    Pg. 2 of 12

Debtor's asserted litigation interests, including pending causes of action. Debtor appeared and objected to the sale. The following day, Debtor filed this Chapter 7 case.

6. The pending appeal predates the bankruptcy filing and challenges the same judgment that formed the basis for the enforcement activity.

7. As of January 21, 2026, appellate briefing was complete. The appeal presents purely legal issues concerning liability and statutory validity, including the applicability of the federal Speak Out Act, 42 U.S.C. § 19401-4, and requires no further factual development. The federal Speak Out Act became effective on December 7, 2022, prior to the filing of the operative complaint on December 30, 2022. No discovery or evidentiary proceedings remain. The matter awaits only oral argument, if any, and final decision.

8. The appealed judgment constitutes Debtor's largest scheduled claim. Resolution of the appeal in Debtor's favor would eliminate or materially reduce that claim, directly enhancing the value of the bankruptcy estate and the potential recovery for other creditors.

9. Debtor has filed a Notice in this Court disclosing the existence of the appeal and preserving the record while awaiting guidance from the Chapter 7 trustee.

10. **Conflicting Assertions of the automatic Stay in Other Proceedings:**

    a. **Florida filing and community-property assertion:** In a Florida state court action to which Debtor is not a party, counsel for the judgment creditor filed a Suggestion of Bankruptcy stating that, because Washington State is a community-property state, "proceeding against William McNae, who has marital assets with Ronda McNae, the Debtor, could be violative of the automatic stay in his wife's case." (Suggestion of

DEBTOR'S AMENDED MOTION TO CLARIFY, OR
IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF CONTINUATION
OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)
Case No. 26-10051-CMA - 3

Case 26-10051-CMA    Doc 33    Filed 02/02/26    Ent. 02/02/26 11:22:31    Pg. 3 of 12

Bankruptcy filed in *Michael Fitzgerald v. William McNae*, Case No: 2023-025855-CA-01, Florida state court, (See Decl. of R. McNae ¶ 2, **Ex. A**.)

b. **Hearing availability and refusal to proceed:** After Plaintiff Fitzgerald filed a Suggestion of Bankruptcy in a related Florida state court matter, court staff indicated that a future hearing date could be made available for Plaintiff's pending Motion for Summary Judgment. Plaintiff's counsel declined to request or schedule a hearing at that time, stating that counsel believed proceeding could be violative of the automatic stay in light of Debtor Ronda McNae's bankruptcy filing and that this view was informed by their "bankruptcy counsel. As a result, no hearing date has been scheduled by Plaintiff as of this filing.

c. **Correspondence[1] asserting an expansive stay interpretation:** In correspondence dated January 22, 2026, in Debtor's pending Eleventh Circuit appeal, counsel for the judgment creditor, Peter Berlowe, asserted that Debtor's post-petition participation in the appeal violated the automatic stay. (See Decl. of R. McNae ¶ 3, **Ex. B**.) Specifically, Mr. Berlowe stated:

> *"Once Mrs. McNae filed bankruptcy, Mrs. McNae lost all rights to assert any position in the appeal, and any reply (or even the right to maintain the appeal) became vested in the appointed bankruptcy trustee not Mrs. McNae or her pre-bankruptcy counsel."*

Mr. Berlowe further cautioned:

---

[1] These quotations ae included soley to demonstrate the inconsistent and expansive interpretations of the automatic stay that have resulted in procedural paralysis across multiple courts, and not to attribute fault or seek relief against counsel.

DEBTOR'S AMENDED MOTION TO CLARIFY, OR
IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF CONTINUATION
OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)
Case No. 26-10051-CMA - 4

Case 26-10051-CMA    Doc 33    Filed 02/02/26    Ent. 02/02/26 11:22:31    Pg. 4 of 12

> *"Please consider very carefully your next move, as I expect it could be the subject of a knowing and willful bankruptcy stay violation motion, particularly now that I have pointed this out to you."*

d. **Related correspondence reiterating the asserted stay position**: Later on January 22, 2026, counsel for the judgment creditor in this matter, Michael M. Sperry, (See Decl. of R. McNae ¶ 4, **Ex. C**.) stated :

> *"As I believe Peter has informed you, the filing of the bankruptcy case puts all of Ms. McNae's property interests, including litigation rights, under the control of Mr. Klein for administration."*

and further:

> *"The filing also imposes a stay on ALL parties from exercising control over property of the estate."*

The correspondence further stated that the Chapter 7 Trustee, Michael Klein, and the trustee's purported "potential counsel," Denice Moewes, had been added to the communication. Debtor had not been provided prior notice of any retention of counsel for the trustee, and no counsel had entered an appearance on behalf of the trustee in this bankruptcy case at the time of the correspondence. No court has ruled that the automatic stay applies to Debtor's fully briefed defensive appeal or that such appellate activity constitutes an exercise of control over estate property within the meaning of 11 U.S.C. § 362.

e. **Relevance to this Motion:** Debtor does not seek relief as to any non-debtor proceedings. These facts are cited solely to demonstrate that the scope of the automatic

DEBTOR'S AMENDED MOTION TO CLARIFY, OR
IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF CONTINUATION
OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)
Case No. 26-10051-CMA - 5

Case 26-10051-CMA     Doc 33     Filed 02/02/26     Ent. 02/02/26 11:22:31     Pg. 5 of 12

　　　stay has been asserted expansively and inconsistently across multiple forums, including in Debtor's pending federal appeal, which has since been stayed pending further order of this Court. This procedural uncertainty underscores the need for clear guidance from this Court regarding whether continuation of Debtor's fully briefed defensive appeal is permissible under 11 U.S.C. § 362.

　　f. **Limited reference to nature of Non-Debtor proceeding:** The related Florida state court action against Debtor's non-filing spouse arises from claims asserted by the judgment creditor alleging breach of contractual obligations by reporting matters to an employer. Debtor does not seek any ruling on those allegations and does not ask this Court to determine whether the automatic stay applies to that action. This reference is included solely to explain the basis on which creditor's counsel has asserted that the automatic stay extends to Non-Debtor proceedings, contributing to uncertainty across multiple courts and underscoring the need for clarification regarding the scope of the stay as it relates to Debtor's fully briefed defensive appeal.

11. On January 28, 2026, the United States Court of Appeals for the Eleventh Circuit entered an order staying the appeal pending further order of the bankruptcy court and the Eleventh Circuit, citing 11 U.S.C. § 362(a). The order did not adjudicate the scope of the automatic stay or determine whether continuation of a purely defensive appeal violates § 362(a), but expressly deferred to this Court for further guidance. The Eleventh Circuit further directed the judgment creditor to file periodic status reports and to notify the court when the purpose of the stay is obviated. (See Decl. of R. McNae ¶ 5, **Ex. D**.)

DEBTOR'S AMENDED MOTION TO CLARIFY, OR
IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF CONTINUATION
OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)
Case No. 26-10051-CMA - 6

Case 26-10051-CMA　　Doc 33　　Filed 02/02/26　　Ent. 02/02/26 11:22:31　　Pg. 6 of 12

# IV. LEGAL STANDARD

Section 362(a) of the Bankruptcy Code imposes an automatic stay of certain actions against a Debtor. The applicability of the stay to the continuation of a Debtor's purely defensive appeal, particularly where the appeal seeks only to defeat or reduce a claim and does not pursue affirmative recovery or enforcement, is context-dependent and not uniformly settled. Under 11 U.S.C. § 362(d)(1), the Court may terminate, annul, modify, or condition the automatic stay for cause. Cause is determined on a discretionary, case-by-case basis that balances potential prejudice to the bankruptcy estate and creditors against hardship to the moving party and considerations of judicial economy. *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985).

# V. ARGUMENT

## A. Clarification Is Appropriate Because the Appeal Preserves Estate Value

Debtor seeks clarification because the scope of the automatic stay has been asserted inconsistently in other proceedings, creating uncertainty as to whether continuation of this fully briefed defensive appeal is permissible absent guidance from this Court. The Eleventh Circuit has expressly stayed the appeal pending guidance from this Court and has not ruled on the scope of § 362(a) as applied to Debtor's fully briefed defensive appeal, underscoring the need for clarification here.

The pending appeal is arguably the most significant asset of this bankruptcy estate. A successful appeal would extinguish or materially reduce a $2.7 million claim, which is the largest single liability reflected on Debtor's schedules. Elimination or reduction of that claim would materially increase the net value of the estate and improve potential recoveries for all other

DEBTOR'S AMENDED MOTION TO CLARIFY, OR
IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF CONTINUATION
OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)
Case No. 26-10051-CMA - 7

Case 26-10051-CMA    Doc 33    Filed 02/02/26    Ent. 02/02/26 11:22:31    Pg. 7 of 12

creditors. The appeal is purely defensive. It seeks no affirmative recovery, enforcement, or control of estate property. Its sole purpose is to determine whether the asserted liability is legally valid. Clarification that continuation of this appeal does not violate the automatic stay preserves estate value while maintaining creditor parity and respecting trustee authority.

If continuation of the appeal is barred, the practical effect would be to foreclose appellate review of the underlying judgment, including review of purely legal issues with acknowledged public-policy implications. Debtor does not ask this Court to adjudicate those issues. Rather, Debtor notes that preventing appellate consideration would result in finality without appellate scrutiny, notwithstanding that the appeal is fully briefed, presents only legal questions, and may be dispositive of the estate's largest asserted liability.

Pre-petition enforcement activity precipitated the Chapter 7 filing. Interpreting the automatic stay to bar continuation of a fully briefed, purely defensive appeal would have the practical effect of foreclosing appellate review of the very judgment that precipitated the bankruptcy filing. Allowing the appeal to proceed does not diminish estate assets and may substantially reduce or eliminate the estate's largest claim. Construing the stay to prevent such review would risk transforming bankruptcy into a procedural endpoint for appellate consideration, rather than a mechanism for preserving and maximizing estate value under 11 U.S.C. § 362.

The automatic stay is intended to protect the Debtor and preserve estate assets from creditor action. It is not designed to foreclose legal defenses or prevent appellate review of a judgment whose validity remains unresolved.

DEBTOR'S AMENDED MOTION TO CLARIFY, OR
IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF CONTINUATION
OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)
Case No. 26-10051-CMA - 8

Case 26-10051-CMA     Doc 33     Filed 02/02/26     Ent. 02/02/26 11:22:31     Pg. 8 of 12

## B. Alternatively. Cause Exists to Modify the Stay in a Narrow and Controlled Manner

If the Court determines that clarification alone is insufficient, cause exists to modify the automatic stay under 11 U.S.C. § 362(d)(1) for the limited purpose requested.

1. **Preservation of Estate Value:** The appeal directly challenges the estate's largest asserted liability. Allowing it to proceed to resolution serves the trustee's fiduciary objective of maximizing estate value for the benefit of all creditors.

2. **Judicial Economy:** The appeal is fully briefed and ripe for decision. Allowing it to proceed avoids unnecessary delay, duplication of effort, and waste of judicial resources.

3. **No Prejudice to Creditors:** The relief sought is strictly limited. No enforcement, collection, execution, or affirmative relief is permitted, and the automatic stay remains fully in effect as to all collection activity regardless of the appellate outcome. The creditor is required only to await resolution of an appellate proceeding that was already fully briefed and underway prior to the bankruptcy filing. Although the creditor may oppose continuation of the appeal, delay inherent in the appellate process, standing alone, does not constitute cognizable prejudice under § 362(d)(1). The relief requested does not alter creditor rights, priorities, or remedies, and imposes no risk to estate assets.

4. **Preservation of Appellate Posture:** Indefinite delay risks disruption of an appellate process that is procedurally complete and awaiting decision, through no fault of the estate.

DEBTOR'S AMENDED MOTION TO CLARIFY, OR
IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF CONTINUATION
OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)
Case No. 26-10051-CMA - 9

Case 26-10051-CMA     Doc 33     Filed 02/02/26     Ent. 02/02/26 11:22:31     Pg. 9 of 12

5. **Trustee Authority Preserved:** This motion does not seek to interfere with or displace the Chapter 7 trustee's authority to prosecute, settle, or abandon estate causes of action. It seeks only to preserve the appellate posture pending the trustee's determination regarding the appeal.

## VI. SCOPE OF REQUESTED RELIEF

Debtor respectfully requests an order that:

1. **Clarifies** that continuation of Debtor's pending appeal before the United States Court of Appeals for the Eleventh Circuit, limited to issues of liability and statutory validity, does not violate the automatic stay under 11 U.S.C. § 362(a); **or, in the alternative**,

2. **Modifies** the automatic stay solely to permit the Eleventh Circuit to resolve the appeal to final judgment on liability and statutory validity; and

3. **Expressly provides** that no enforcement, collection, execution, or other affirmative relief may occur absent further order of this Court.

## VII. CONCLUSION

Debtor seeks only to preserve momentum in a fully briefed, purely defensive appeal whose resolution may eliminate or substantially reduce the estate's largest asserted liability. Clarification, or a narrowly tailored modification of the automatic stay, serves the interests of the estate, creditors, and judicial economy. Debtor further requests clarification regarding the scope of the automatic stay as applied here, as clear guidance from this Court would assist Debtor and

DEBTOR'S AMENDED MOTION TO CLARIFY, OR
IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF CONTINUATION
OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)
Case No. 26-10051-CMA - 10

Case 26-10051-CMA    Doc 33    Filed 02/02/26    Ent. 02/02/26 11:22:31    Pg. 10 of 12

the trustee in navigating related proceedings that arise from the same underlying federal judgment and have been paused based on differing interpretations of the stay.

**WHEREFORE**, Debtor respectfully requests entry of the proposed order.

Respectfully submitted,

DATED 2nd day of February 2026, in Kirkland, WA.

*/s/ Ronda McNae*
Ronda McNae
Pro se, Debtor
504 11th Pl,
Kirkland, WA 98033
prose.rmcnae@gmail.com

DEBTOR'S AMENDED MOTION TO CLARIFY, OR
IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF CONTINUATION
OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)
Case No. 26-10051-CMA - 11

Case 26-10051-CMA    Doc 33    Filed 02/02/26    Ent. 02/02/26 11:22:31    Pg. 11 of 12

# CERTIFICATE OF SERVICE

I certify that on February 2, 2026, I served a true and correct copy of the Debtor's Amended Motion, Amended Declaration, Amended Notice of Hearing, and Proposed Order on all parties entitled to notice pursuant to LBR 9013-1(d), via the methods indicated below.

| Party | Method |
|---|---|
| **Michael P. Klein**<br>**Chapter 7 Trustee**<br>Office of the United States Trustee<br>700 Stewart Street, Suite 52210<br>Seattle, WA 98101<br>trusteeklein@hotmail.com | ☒ Via CM/ECF<br>☒ Via electronic mail<br>☐ Via U.S. Mail, postage prepaid |
| **U.S. Trustee for Region 18**<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101<br>USTP.Region18@usdoj.gov | ☐ Via CM/ECF<br>☒ Via electronic mail<br>☐ Via U.S. Mail, postage prepaid |
| **Counsel for Judgment Creditor: Michael Fitzgerald**<br>**Michael M Sperry**<br>**Schweet Linde Rosenblum, PLLC**<br>5601 6TH Ave S., #258<br>PO Box 80646<br>Seattle, WA 98108<br>michaels@schweetlaw.com | ☒ Via CM/ECF<br>☐ Via electronic mail<br>☒ Via U.S. Mail, postage prepaid<br>☐ Via Courier<br>☐ Via Overnight delivery |
| **Judgment Creditor Michael Fitzgerald's Counsel (11th Cir. Appeal #25-11685; S.D. Fla.; Fla. State Ct.)**<br><br>**Peter Berlowe**<br>**Mereidith Gussin**<br>**ASSOULINE & BERLOWE, P.A.**<br>Miami Tower<br>100 SE 2nd Street, Suite 3105<br>Miami, Florida 33131<br>Telephone: (305) 567–5576<br>PEB@assoulineberlowe.com<br>mjg@assoulineberlowe.com | ☐ Via CM/ECF<br>☐ Via electronic mail<br>☒ Via U.S. Mail, postage prepaid<br>☐ Via Courier<br>☐ Via Overnight delivery |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED 2nd day of February 2026, in Kirkland, WA.

*/s/ Ronda McNae*
Ronda McNae

DEBTOR'S AMENDED MOTION TO CLARIFY, OR
IN THE ALTERNATIVE, TO MODIFY THE AUTOMATIC
STAY FOR THE LIMITED PURPOSE OF CONTINUATION
OF A FULLY BRIEFED DEFENSIVE APPEAL (AMENDING ECF NO. 21)
Case No. 26-10051-CMA - 12

Case 26-10051-CMA    Doc 33    Filed 02/02/26    Ent. 02/02/26 11:22:31    Pg. 12 of 12