1

2

3        **FILED - WAWB**
         **FEB 23 2026 3:09 PM**
4        **Gina Zadra Walton, Clerk of Court**

5

6

7

8

9            UNITED STATES BANKRUPTCY COURT

10            WESTERN DISTRICT OF WASHINGTON

11   In re:                                CASE NO. 26-10051-CMA

12        RONDA MCNAE,                      Chapter 7

13                                          **DECLARATION OF WILLIAM**
                 Debtor.                    **MCNAE IN SUPPORT OF NON-**
14                                          **DEBTOR'S EXPEDITED MOTION TO**
                                            **QUASH OR, IN THE ALTERNATIVE,**
15                                          **MODIFY SUBPOENAS DUCES**
                                            **TECUM TO FINANCIAL**
16                                          **INSTITUTIONS, FOR PROTECTIVE**
                                            **ORDER, AND FOR COST SHIFTING**
17

18        I, William McNae, declare as follows:

19        1. I am the non-debtor spouse of Debtor Ronda McNae in this Chapter 7 case. I have

20   personal knowledge of the facts stated in this declaration and could testify competently to them.

21        2. I submit this declaration solely to authenticate the attached exhibits and to provide

22   minimal context for why the Court's intervention is necessary before any bank production occurs.

**MOTION TO QUASH OR MODIFY SUBPOENAS**
Case No. 26-10051-CMA - 1

3. Attached as Exhibit 1 is a true and correct copy of the February 17 through February 19, 2026 email correspondence between me and Creditor's counsel Michael M. Sperry concerning the scope of the Rule 2004 subpoenas and proposed narrowing. The emails are maintained in the ordinary course of my email records.

4. Attached as Exhibit 2 is a true and correct copy of Creditor's filing and template subpoena materials submitted in support of Creditor's request to issue Rule 2004 subpoenas, including the proposed Exhibit A demand list and definitions. This exhibit is a copy of the materials I received and saved from the Court record and communications in this case.

5. Attached as Exhibit 3 is a true and correct copy of the Court's entered order authorizing issuance of Rule 2004 subpoenas, which authorizes subpoenas only in accordance with Rule 2004 and Rule 45.

6. Attached as Exhibit 4 is a true and correct copy of the subpoena duces tecum and accompanying Exhibit A definitions and requests served on KeyBank, N.A., reflecting the categories demanded and the compliance deadline. This exhibit is a copy of the subpoena I received and saved in my records.

7. Attached as Exhibit 5 is a true and correct copy of the protective order materials and related notice relied upon in support of my request for confidentiality and "bankruptcy use only" restrictions in this case. This exhibit is a copy of materials maintained in my records from related proceedings.

8. Attached as Exhibit 6 is a true and correct copy of the motion to enforce a protective order filed in related proceedings regarding asserted cross-forum use and public filing of material designated as confidential or Attorneys' Eyes Only. This exhibit is provided solely to show the existence of prior confidentiality disputes and the concrete need for protective restrictions here.

**MOTION TO QUASH OR MODIFY SUBPOENAS**
Case No. 26-10051-CMA - 2

9. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 23rd day of February, 2026, at Kirkland, Washington.

_____

/s/ William McNae
Non-Debtor Spouse, Pro Se
504 11th Pl
Kirkland, WA 98033
(425) 941-7374



# CERTIFICATE OF SERVICE

I certify that on February 23, 2026, I served a true and correct copy of Non-Debtor William McNae's Declaration, on the parties and recipients listed below by the methods indicated.

| | |
|---|---|
| **Michael P. Klein**<br>**Chapter 7 Trustee**<br>300 Madison AVE S.<br>Bainbridge Island, WA 98110<br>trusteeklein@hotmail.com | ☒ Via electronic mail |
| **U.S. Trustee for Region 18**<br>700 Stewart Street, Suite 5220<br>Seattle, WA 98101<br>USTP.Region18@usdoj.gov | ☒ Via U.S. Mail, postage prepaid |
| **JPMORGAN CHASE BANK, N.A.**<br>Subpoenas Dept<br>Mail Code LA2-7300,<br>1414 Woodward Avenue,<br>Ruston, LA 71270-2015 | ☒ Via U.S. Mail, postage prepaid |
| **KEYBANK LEGAL**<br>ATTN: Subpoena Processing<br>Mail: OH-01-49-3001<br>4900 TIEDEMAN ROAD,<br>BROOKLYN, OH 44144<br>Fax: 1-216-357-6675<br>Email:judgment_processing2@keybank.com<br>subpoenaoperations@keybank.com | ☒ Via electronic mail<br>☒ Via U.S. Mail, postage prepaid |
| **Ally Bank / c/o STINSON LLP**<br>19100 Von Karman AVE, #700<br>IRVINE, CA 92612<br><br>**Ally Financial Inc.**<br>711 CAPITOL WAY S STE 204,<br>OLYMPIA, WA, 98501-1267 | ☒ Via electronic mail<br>☒ Via U.S. Mail, postage prepaid |
| **Counsel for Judgment Creditor: Michael Fitzgerald**<br>Michael M Sperry<br>Schweet Linde Rosenblum, PLLC<br>5601 6TH Ave S., #258<br>PO Box 80646<br>Seattle, WA 98108<br>michaels@schweetlaw.com | ☒ Via electronic mail<br>☒ Via U.S. Mail, postage prepaid |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**MOTION TO QUASH OR MODIFY SUBPOENAS**
Case No. 26-10051-CMA - 4

1

DATED this 23rd day of February, 2026, at Kirkland, Washington.

2

3

Respectfully submitted,

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

*/s/ William McNae*
William McNae
Non-Debtor spouse, Affected party
Pro Se
504 11th Pl
Kirkland, WA 98033
(425) 941-7374

# Exhibit 1

Email chain excerpt (Feb 17-19 conferral)


---

**RE: Rule 45(d)(2)(B) Written Objections – McNae, Case No. 26-10051-CMA**

---

**From** Michael M. Sperry <michaels@schweetlaw.com>

**Date** Thu 2/19/2026 1:37 PM

**To** Ronda McNae <prose.rmcnae@gmail.com>; Will McNae <prose.wmcnae@gmail.com>

**Cc** Michael Klein <trusteeklein@hotmail.com>; Jennie at Klein Law <kleinlaw133@hotmail.com>; USTP.Region18@usdoj.gov <USTP.Region18@usdoj.gov>; Ali Small <alis@schweetlaw.com>; Jacob Rosenblum <jacobr@schweetlaw.com>

📎 1 attachment (378 KB)
1 - SDT.JPM.pdf;

Dear Mr. and Ms. McNae,

I will repeat myself that the scope of the subpoenas does not identify specific accounts. They seek production of documents for accounts on which the two of you and McNae LLC are listed as owners. I have attached the Chase subpoena we issued for your reference. On pages 2 and 3 you will find the definitions that, read together, create the scope of what accounts would be responsive. As you can see, there are no specific accounts stated. What accounts are responsive will be determined by the information maintained by the banks, so I cannot give any assurances as to what accounts the institutions will consider responsive. Finally, even if the community nature of the accounts has not been determined, I look forward to those determinations being made in the bankruptcy proceeding so we can finally get clarity on that.

Mike

Michael M. Sperry, Partner
Schweet Linde & Rosenblum, PLLC
5601 6TH Ave S., #258
PO Box 80646
Seattle, WA 98108
(206) 381-0133 (Direct)
(206) 381-0101 (Facsimile)
(206) 275-1010 (Main)
michaels@schweetlaw.com
schweetlaw.com

**SCHWEET LINDE & ROSENBLUM IS A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

This transmission may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

---

**From:** Ronda McNae <prose.rmcnae@gmail.com>
**Sent:** Thursday, February 19, 2026 1:29 PM

**To:** Michael M. Sperry <michaels@schweetlaw.com>; Will McNae <prose.wmcnae@gmail.com>
**Cc:** Michael Klein <trusteeklein@hotmail.com>; Jennie at Klein Law <kleinlaw133@hotmail.com>; USTP.Region18@usdoj.gov; Ali Small <alis@schweetlaw.com>; Jacob Rosenblum <jacobr@schweetlaw.com>
**Subject:** Re: Rule 45(d)(2)(B) Written Objections – McNae, Case No. 26-10051-CMA

Counsel,

The exemption order you showed does not line up with your prior statement that "the community nature of those accounts has already been determined."

At most, the court denied an exemption claim. It did not adjudicate ownership of third-party accounts.

Respectfully,

Ronda Mcnae

---

**From:** Michael M. Sperry <michaels@schweetlaw.com>
**Sent:** Thursday, February 19, 2026 1:16:18 PM
**To:** Will McNae <prose.wmcnae@gmail.com>
**Cc:** Ronda McNae <prose.rmcnae@gmail.com>; Michael Klein <trusteeklein@hotmail.com>; Jennie at Klein Law <kleinlaw133@hotmail.com>; USTP.Region18@usdoj.gov <USTP.Region18@usdoj.gov>; Ali Small <alis@schweetlaw.com>; Jacob Rosenblum <jacobr@schweetlaw.com>
**Subject:** RE: Rule 45(d)(2)(B) Written Objections – McNae, Case No. 26-10051-CMA

Dear Mr. McNae,

The subpoenas have already been sent out, and we would not agree to exclude accounts on which Marjorie McNae is named in any event. As you saw in the subpoenas I provided, and as reiterated below, Marjorie McNae's name is not included in the accounts we are seeking documents on. We are simply looking for accounts on which Ms. McNae, you (as a member of a marital community with Ms. McNae), and the LLC's names are on. This is well within the realms of information related to Ms. McNAe's financial condition since the requested documents are related to bank accounts in which the marital community presumably has an interest.

I am aware that there was a dispute you describe below regarding an exemption claim in the KeyBank account, but the exemption claim was denied. I am attaching the order I have in my file denying the exemption claimed in the KeyBank account in case you were unaware of the denial of that exemption claim.

Mike

Michael M. Sperry, Partner
Schweet Linde & Rosenblum, PLLC
5601 6^(TH) Ave S., #258
PO Box 80646
Seattle, WA 98108
(206) 381-0133 (Direct)
(206) 381-0101 (Facsimile)
(206) 275-1010 (Main)
michaels@schweetlaw.com
schweetlaw.com

## <u>SCHWEET LINDE & ROSENBLUM IS A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE</u>

This transmission may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

**From:** Will McNae <prose.wmcnae@gmail.com>
**Sent:** Thursday, February 19, 2026 12:46 PM
**To:** Michael M. Sperry <michaels@schweetlaw.com>
**Cc:** Ronda McNae <prose.rmcnae@gmail.com>; Michael Klein <trusteeklein@hotmail.com>; Jennie at Klein Law <kleinlaw133@hotmail.com>; USTP.Region18@usdoj.gov; Ali Small <alis@schweetlaw.com>; Jacob Rosenblum <jacobr@schweetlaw.com>
**Subject:** Re: Rule 45(d)(2)(B) Written Objections – McNae, Case No. 26-10051-CMA

Counsel,

Your email states that **"the community nature of those accounts"** has already been determined by a court of competent jurisdiction, and that the subpoenas therefore "already comply" with the limitations I proposed.

That assertion is overbroad as applied to KeyBank accounts that were swept in solely because my name appears in connection with accounts owned by my mother, Marjorie E. McNae, under a durable Power of Attorney or other representative designation. My December 22, 2025 Declaration in the garnishment action explains that the KeyBank and Key Investment Services accounts at issue are owned by my mother, that the funds are her Social Security and Washington State Teachers' Retirement benefits, and that my name appears only as an authorized agent pursuant to a Power of Attorney.

You have been on notice of this issue since at least December 2025. The December 12, 2025 Exemption Claim for Writ of Garnishment states that the KeyBank account belongs to Marjorie E. McNae and that the funds are Social Security and Washington State Teachers' Retirement benefits. That exemption claim was contested and remains disputed in the Washington Superior Court proceedings.

This continued pursuit of third-party accounts forces my mother to incur additional legal expense to protect her private, exempt benefits. That burden is avoidable. Any information you contend is relevant can be sought from accounts owned by the judgment debtor, or from my personal accounts over which Ronda has no access or control, rather than from accounts owned by third parties.

Accordingly, please confirm in writing by return email that your subpoenas will be revised to exclude any account on which Marjorie E. McNae is listed, whether as owner, co-owner, beneficiary, trustee, or otherwise, and that no records will be sought or produced from such third-party accounts based on my name alone.

I've attached the referenced Exempt claim filed by Marjorie's counsel and the Declaration I filed.

Regards,
Will McNae


On Tue, Feb 17, 2026 at 12:14 PM Michael M. Sperry <michaels@schweetlaw.com> wrote:

> Dear Will,
>
> The first item is addressed in my prior email to Ronda. Just because it is titled solely in your name does not mean it is separate property. As for accounts owned by Marjorie, that should not be an issue because we are not asking for accounts she owns. We are only seeking accounts the community members (or the LLC owned by

community members) have an interest. We believe all of the identified institutions have accounts that would be responsive to the three names we have requested. It may not be an active account, but I am entitled to historic information for the reasons explained previously of why we have to go back 4 years for the record request.

Mike

Michael M. Sperry, Partner
Schweet Linde & Rosenblum, PLLC
5601 6TH Ave S., #258
PO Box 80646
Seattle, WA 98108
(206) 381-0133 (Direct)
(206) 381-0101 (Facsimile)
(206) 275-1010 (Main)
michaels@schweetlaw.com
schweetlaw.com

### SCHWEET LINDE & ROSENBLUM IS A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

This transmission may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

**From:** Will McNae <prose.wmcnae@gmail.com>
**Sent:** Tuesday, February 17, 2026 12:09 PM
**To:** Ronda McNae <prose.rmcnae@gmail.com>; Michael M. Sperry <michaels@schweetlaw.com>
**Cc:** Michael Klein <trusteeklein@hotmail.com>; Jennie at Klein Law <kleinlaw133@hotmail.com>; USTP.Region18@usdoj.gov; Ali Small <alis@schweetlaw.com>; Jacob Rosenblum <jacobr@schweetlaw.com>
**Subject:** Re: Rule 45(d)(2)(B) Written Objections – McNae, Case No. 26-10051-CMA

Dear Mr. Sperry,

I write regarding subpoenas directed at accounts titled solely to William McNae and to third party Marjorie McNae (KeyBank accounts where I appear only as attorney in fact under a power of attorney).

I understand your position that Fed. R. Civ. P. 45(d)(2)(B) objections are asserted by the subpoenaed recipient. I am not refusing any personal compliance. I am requesting that the scope of any subpoenas be reasonably narrowed consistent with the Court's order and the limits of Rule 2004.

The Court's order authorizes issuance only "in accordance with" Rule 2004 and Rule 45. It does not grant unlimited discovery into non debtor or third party accounts without an account specific, estate related basis.

To avoid motion practice, I propose the following limitations:

1. Accounts titled solely to William McNae (including Ally and U.S. Bank). Limit any production to: (a) transfers to or from Ronda McNae, and (b) transfers you contend involve estate property, identified with reasonable particularity. A blanket four year

production of all statements, checks, deposits, and communications is not tailored to any articulated bankruptcy purpose.

2. KeyBank accounts owned by Marjorie McNae. These accounts are not property of the estate. I appear, if at all, only as attorney in fact. Production should be excluded absent a specific court order entered after notice to Marjorie McNae and an opportunity to be heard. At minimum, any request should be limited to discrete transactions, if any, that you contend involved the Debtor or estate property.

3. Institutions where no account exists. If you believe an account exists at an institution where neither William nor Ronda maintains an account, please identify your basis for that belief and your proposed scope before issuing any subpoena.

If you are unwilling to narrow, please treat this email as notice that I will seek a protective order and/ or move to quash as to non debtor and third party accounts, including appropriate confidentiality limitations.

Please let me know today whether you will agree to reasonable narrowing.

Respectfully,

William McNae
Pro Se. Non Debtor
Kirkland, Washington

---

**From:** Ronda McNae <prose.rmcnae@gmail.com>
**Sent:** Tuesday, February 17, 2026 11:53 AM
**To:** Michael M. Sperry <michaels@schweetlaw.com>
**Cc:** prose.wmcnae@gmail.com <prose.wmcnae@gmail.com>; Michael Klein <trusteeklein@hotmail.com>; Jennie at Klein Law <kleinlaw133@hotmail.com>; USTP.Region18@usdoj.gov <USTP.Region18@usdoj.gov>; Ali Small <alis@schweetlaw.com>; Jacob Rosenblum <jacobr@schweetlaw.com>
**Subject:** Re: Rule 45(d)(2)(B) Written Objections – McNae, Case No. 26-10051-CMA

**Subject:** Scope of Rule 2004 Subpoenas – In re McNae, Case No. 26-10051-CMA

Dear Mr. Sperry,

I acknowledge that the Court has authorized issuance of Rule 2004 subpoenas. I am not attempting to relitigate that Order.

However, the entered **Order authorizes subpoenas "in accordance with Fed. R. Bankr. P. 2004 and Fed. R. Civ. P. 45."** It does not pre-approve the full breadth of the proposed template (Exhibit A, which was removed from said order). Accordingly, the subpoenas remain subject to Rule 2004 scope limitations and Rule 45 proportionality requirements.

As a named account holder (where I have standing) on the Chase joint accounts and as the Chapter 7 Debtor, I respectfully request that the scope be reasonably narrowed to align with those standards.

I propose the following limitations:

• Time period limited to January 8, 2024 through present.
• Production limited to accounts in which I hold a legal interest.
• For accounts titled solely to William McNae or third parties, production limited to transfers involving me or reasonably alleged to implicate estate property.

I am raising this now proactively so that we may confer and resolve scope issues without unnecessary motion practice.

Please let me know if you are willing to discuss narrowing.

Respectfully,
Ronda McNae
Chapter 7 Debtor

On Tue, Feb 17, 2026 at 11:31 AM Michael M. Sperry <michaels@schweetlaw.com> wrote:

Good morning Will and Ronda,

I got similar objections to my notice of intent to issue certain subpoenas pursuant to the bankruptcy court's order authorizing the same. Because you raise similar issues, and the infirmity with your objections are the same, I am responding to this thread only. First, these issues were raised by Ronda in her objection to my ex parte motion that was subsequently granted. Second, your reading of FRCP 45(d)(2)(B) misses the mark because the entity authorized to object under that rule is "A person commanded to produce documents." "A party cannot object to a subpoena duces tecum served on a nonparty . . . " *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 636 (C.D.Cal. 2005). This conclusion makes sense when the remainder of FRCP 45 is read about how the objections are to be addressed through a motion to compel production.

Since none of the subpoenas require either of you to produce anything, your attempt at objecting under that rule is neither proper nor does it preclude my service of the subpoenas. The subpoenas will be sent for service today unless either of you can provide authority as to why either of you can object to forestall the service of subpoenas.

Mike

Michael M. Sperry, Partner

Schweet Linde & Rosenblum, PLLC

5601 6TH Ave S., #258

PO Box 80646

Seattle, WA 98108

(206) 381-0133 (Direct)

(206) 381-0101 (Facsimile)

(206) 275-1010 (Main)

michaels@schweetlaw.com

schweetlaw.com


**SCHWEET LINDE & ROSENBLUM IS A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

This transmission may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

---

**From:** Ronda McNae <prose.rmcnae@gmail.com>
**Sent:** Monday, February 16, 2026 4:13 PM
**To:** Michael M. Sperry <michaels@schweetlaw.com>; Ali Small <alis@schweetlaw.com>
**Cc:** Michael Klein <trusteeklein@hotmail.com>; Jennie at Klein Law <kleinlaw133@hotmail.com>; USTP.Region18@usdoj.gov
**Subject:** Rule 45(d)(2)(B) Written Objections – McNae, Case No. 26-10051-CMA


Dear Mr. Sperry,

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), as incorporated by Fed. R. Bankr. P. 9016, please find attached Debtor Ronda McNae's written objections to the Rule 2004 subpoenas issued pursuant to Dkt. No. 39.

Service is made via email on February 16, 2026. A copy will be sent by first-class certified mail on February 17, 2026.

Pursuant to Rule 45(d)(2)(B), service of written objections suspends the issuing party's right to inspect or copy the objected-to materials absent further order of the Court.

Regards,
Ronda Delapina McNae
Chapter 7 Debtor, Pro Se

**February 16, 2026**
**Via Email and First-Class Mail**

**Michael M. Sperry, Esq.**
**Schweet Linde & Rosenblum, PLLC**
**5601 6th Ave S., Suite 258**
**Seattle, WA 98108**
**Email: michaels@schweetlaw.com**

**Re: Rule 45(d)(2)(B) Written Objections**
**In re Ronda Delapina McNae, Case No. 26-10051-CMA**

Dear Mr. Sperry:

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), incorporated by Fed. R. Bankr. P. 9016, William McNae hereby serves this written objection to the Rule 2004 subpoenas issued pursuant to the Court's Order (Dkt. No. 39) to the following institutions:

- JPMorgan Chase Bank

- Bank of America

- Ally Bank

- First Tech Federal Credit Union

- Harborstone Credit Union

- KeyBank, N.A.

- Wells Fargo Bank

- U.S. Bank

- Fidelity Investments

- Morgan Stanley

- Any additional financial institution, if any, served under Dkt. No. 39

These subpoenas seek production of records for accounts "belonging to William McNae" and demand blanket financial records from January 2022 to present. This objection is directed to subpoenas seeking records of non debtor accounts and third party accounts. It is not an objection to production of records for any account on which Debtor is a named account holder.

**GROUNDS FOR OBJECTION:**

**1. Exceeds Rule 2004 Scope**

The subpoenas exceed the scope permitted under Fed. R. Bankr. P. 2004. Rule 2004 authorizes examination only concerning the Debtor's acts, conduct, property, liabilities, financial condition, or matters affecting administration of the estate. The subpoenas seek broad discovery into the separate

1

finances of a non-debtor without demonstrating that the requested information bears a reasonable relationship to the Debtor's estate or administration thereof.

## 2. Overbroad Temporal and Subject Matter Scope

The subpoenas are overbroad and not reasonably limited in time or scope. They demand four years of financial records, including phone call transcriptions, without identifying any specific transfer, account, or transaction alleged to constitute estate property, other than a generalized **fishing expedition**. Such sweeping requests are not narrowly tailored and invade privacy beyond any legitimate bankruptcy purpose.

## 3. Debtor Lacks Access or Control Over Non Debtor Accounts

The subpoenas seek records of accounts titled solely in the name of non-debtor William McNae, over which Debtor has no signatory authority, access, or control.

## 4. Third-Party Privacy Violation

The subpoenas seek financial records of non-debtor William McNae and third party Marjorie McNae. Ms. McNae is William's mother, who is represented by separate counsel. William appears on certain KeyBank accounts solely as attorney-in-fact (power of attorney), while Ms. McNae is the account owner.

Ms. McNae is not a party to this bankruptcy, received no notice, and her financial information would be disclosed without notice or opportunity to be heard. The issuing party has been placed on notice, through filings and communication by counsel for Marjorie McNae in related Washington state proceedings, that certain KeyBank accounts may contain federally protected Social Security benefits. Compelled production would disclose third-party financial information of a non-debtor who has received no notice in this proceeding.

William McNae has a fiduciary duty as POA holder to protect his mother's financial privacy.

## 5. Protected and Exempt Funds

The subpoenas may encompass records reflecting exempt or protected funds, including unemployment compensation exempt under Washington law, Social Security benefits protected by federal statute, and qualified retirement funds.

## 6. Duplicative Discovery

To the extent Creditor already obtained bank account information through pre petition garnishment efforts, the requested production is cumulative and unnecessary.

## 7. Undue Burden

Compliance would impose undue burden on ten financial institutions, non-debtor William McNae, and third party Marjorie McNae, and invade protected financial privacy interests in violation of Fed. R. Civ. P. 45(d)(3)(A)(iv).

2

**EFFECT OF OBJECTION:**

Pursuant to Rule 45(d)(2)(B), when objections are served, the issuing party shall not be entitled to inspect and copy the materials except pursuant to an order of the court. The subpoenaed institutions are not required to produce documents unless and until the issuing party obtains a court order compelling production. Pursuant to Rule 45(d)(2)(B), the subpoenaed institutions are not required to produce documents unless and until the issuing party obtains a court order compelling production.

Accordingly, the recipient financial institution is instructed to suspend production unless and until the issuing party obtains an order compelling production.

**RESERVATION OF RIGHTS:**

Objector expressly reserves all rights to seek relief from the Court, including a motion to quash or modify and request for protective order, and to assert any additional defenses, privileges, or protections available under law.

Respectfully,

/s/ William McNae

**William McNae**
Pro Se, Non-Debtor
504 11ᵗʰ Pl, Kirkland, WA 98033
(425) 941-7374

**CC**:
Michael P. Klein, Chapter 7 Trustee
Office of the United States Trustee, Region 18
Ronda McNae, spouse, Chapter 7 Debtor


**CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of the foregoing Rule 45(d)(2)(B) Written Objections as follows:

**Michael M. Sperry, Esq.**
Schweet Linde & Rosenblum, PLLC
5601 6th Ave S., Suite 258
Seattle, WA 98108
Email: michaels@schweetlaw.com

**Service Methods:**

☒ Email – Served February 16, 2026

☒ First-Class Mail, Certified, Return Receipt Requested – Mailed February 17, 2026

Written objections were served on the subpoenaed institutions via First-Class Mail on February 17, 2026, to:

- Ally Bank Corp., Legal Department
- JPMorgan Chase Bank, Legal Department
- Bank of America, Legal Department
- KeyBank, N.A., Legal Department
- Wells Fargo Bank, Legal Department
- U.S. Bank, Legal Department
- First Tech Federal Credit Union, Legal Department
- Harborstone Credit Union, Legal Department
- Fidelity Investments, Legal Department
- Morgan Stanley Smith Barney LLC, Legal Department
- Michael P. Klein, Chapter 7 Trustee
- Office of the United States Trustee, Region 18
- Ronda McNae, Chapter 7 Debtor

This document was served on the parties listed above and was not filed with the Court pursuant to Fed. R. Civ. P. 45(d)(2)(B).

Executed this 16th day of February, 2026 (email service) and 17th day of February, 2026 (mail service).

/s/ William McNae

William McNae

4

# Exhibit 2

Creditor's filed DE 35 Issue of Subpoenas

Schweet Linde & Rosenblum, PLLC
5601 6th Ave S, Suite 258
P.O. Box 80646
Seattle, WA 98108
P: (206) 275-1010
F: (206) 381-0101

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

RONDA DELAPINA MCNAE

Debtor.

Case No.: 26-10051-CMA

**EX PARTE MOTION FOR 2004 ORDER AUTHORIZING ISSUANCE OF SUBPOENAS DUCES TECUM**

### <u>Motion</u>

Creditor Michael Fitzgerald ("**Creditor**") respectfully moves the court for the entry of an order authorizing Creditor to issue a *subpoena duces tecum* to: (1) JPMorgan Chase Bank, NA; (2) Bank of America, NA; (3) Fidelity Investments; (4) Morgan Stanley Smith Barney LLC; (5) Ally Bank; (6) First Tech Federal Credit Union; (7) Harborstone Credit Union; (8) KeyBank, NA; (9) Wells Fargo Bank, NA; and (10) U.S. Bank, NA (collectively hereinafter the "**Banks**" and each a "**Bank**").

This Motion is made  pursuant to Bankruptcy Rule 2004, and it is supported by the records and files herein, and the subjoined certification of counsel. A copy of the proposed a draft subpoena in template form with certain information to be completed in brackets, such as Bank name and

personally identifiable information for Ronda Delapina McNae ("**Debtor**") and William Jon McNae ("**Spouse**") to be issued to the foregoing institutions if this Motion is granted are attached hereto as **Exhibit A** respectively.

DATED: February 10, 2026.

**SCHWEET LINDE & ROSENBLUM, PLLC**

*/s/ Michael M. Sperry*
Michael M. Sperry, WSBA #43760
*Attorneys for Michael Fitzgerald*

**Certification of Counsel**

Michael M. Sperry declares:

1.      I am one of the attorneys representing Creditor, the largest unsecured creditor in the above captioned Chapter 7 proceeding.

2.      Creditor believes the Banks have information and/or documents that will relate to assets for administration, issues in this matter regarding potential avoidable transfers, and possible actions relating to the discharge of the obligation owed to Creditor.

3.      Prior to the commencement of the above captioned bankruptcy proceeding Creditor had issued substantially similar subpoenas to which no responses were received due to the imposition of the Automatic Stay.

4.      Based on the foregoing, Creditor requests the opportunity to issue a *subpoena duces tecum* to each of the Banks.

**I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.**

Signed and dated this 10th day of February 2026, at Seattle, Washington.

*/s/ Michael M. Sperry*
Michael M. Sperry

EX PARTE MOTION FOR 2004 ORDER – 2

***SCHWEET LINDE & ROSENBLUM, PLLC***
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 26-10065-CMA    Doc 45    Filed 02/23/26    Entered 02/23/26 15:03:04    Pg 20 of 64

Schweet Linde & Rosenblum, PLLC
5601 6th Ave S, Suite 258
P.O. Box 80646
Seattle, WA 98108
P: (206) 275-1010
F: (206) 381-0101

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re | Case No.: 26-10051-CMA |
| RONDA DELAPINA MCNAE | **SUBPOENA DUCES TECUM** |
| Debtor. | |

TO:  [FINANCIAL INSTITUTE]

**YOU ARE COMMANDED** to produce and permit inspection and copying of the documents or objects listed on attached Exhibit A at the place, date and time specified below:

**PLACE:**  **Offices of Schweet Linde & Rosenblum, PLLC,**
**5601 6th Ave S., Suite 258, Seattle, WA 98108[1]**

**DATE & TIME:**  **[20 DAYS FROM ISSUANCE], at [TIME] prevailing Pacific Time**

*/S/ DRAFT*
ISSUING OFFICER SIGNATURE AND TITLE          DATE: February __, 2026.

Michael M. Sperry, Attorney, WSBA #43760

ISSUE OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Michael M. Sperry
5601 6th Ave S., Suite 258

---

[1] Documents may also be produced electronically as agreed to by the issuing attorney.

SUBPOENA DUCES TECUM – 1

Seattle, WA 98108
(206) 381-0133

# EXHIBIT A

## I.   INTERPRETATION

Wherever a word, term, or phrase is set forth anywhere in this document in ALL CAPITAL LETTERING, such is specifically defined as set forth in the "DEFINITIONS" sections. All other words, terms, and phrases contained in this document (which includes any noncapitalized words that would otherwise be specially defined if capitalized) should be interpreted according to their common, ordinary meaning (i.e., as set forth in Merriam-Webster's Dictionary).

The singular form of a word shall also be interpreted as its plural. The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring with the scope of this Subpoena any information that might otherwise be construed to be outside its scope.

Unless otherwise explicitly requested, any request seeking COMMUNICATIONS to or from any PERSON expressly excludes any COMMUNICATIONS between that PERSON and that PERSON's licensed attorney (or the attorney's law firm).

DOCUMENT is used in the broadest sense permissible under FRCP 34 and is meant to include any medium upon which intelligence or information can be recorded or retrieved.

## II.   CASE-SPECIFIC DEFINITIONS

A. **YOU** or **YOUR** shall mean [FINANCIAL INSTITUTE], any of its wholly owned and controlled subsidiary companies, and, where applicable, any PERSON acting on their behalf.

B. **DEBTOR** shall mean:

1. RONDA DELAPINA MCNAE, last four SSN: [REDACTED FROM TEMPLATE];

C. **NON-DEBTOR ENTITIES** shall mean:

1. WILLIAM MCNAE; last for SSN: [REDACTED FROM TEMPLATE;

2. MCNAE, LLC, EIN: unknown

D. **PERIOD** means the time period spanning January 1, 2022, through (1) the date that YOU execute the declaration of custodian of records (if YOU are authorized to produce the records in lieu of personal appearance) or else (2) the date that YOU appear at the hearing and trial and produce the documents sought below.

## III.   GENERAL DEFINITIONS

A. **ACCOUNT** means and includes:

1.   Any checking account for which DEBTOR and/or NON-DEBTOR ENTITIES have an

SUBPOENA DUCES TECUM – 2

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 26-10051-CMA   Doc 45-1 Filed 02/23/26 Ent. 02/23/26 15:38:14 Pg. 22 of 64

interest.

2.  Any savings account for which DEBTOR and/or NON-DEBTOR ENTITIES have an interest

3.  Any brokerage account held with an investment/securities brokerage firm, regardless of whether the account contains any cash, securities, or other assets.

B.  **BANK** means a PERSON engaged in the business of banking, and includes a savings bank, savings and loan association, credit union, and trust company.

C.  **DOCUMENTS** and **RECORDS** means and includes handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. The terms encompass any kind of written, typewritten, printed or recorded material, whether produced, reproduced or stored on paper, cards, tape, film, palm pilot, iPad, cell phone, facsimile, email, text message, computer storage device or memory, or other media or data compilation for which information may be obtained, and includes accounts, address books, addenda, agreements, albums, articles, bank statements, blueprints, books, calendars, charts, checks (both front and reverse sides), contracts, correspondence, declarations of trusts, deeds, deposit receipts, diagrams, diaries, disks, drafts, films, forms, instruments of conveyance or for other purposes, invoices, journals, ledgers, letters, lists, logs, mailgrams, maps, memoirs, memoranda, minutes, motion pictures, notations, notebooks, notes, notices, photographs, plans, pleadings, powers of attorney, promissory notes, proofs of delivery, purchase orders, recordings, records, registers, schedules, sound recordings, summaries, telexes, working papers, writings, and all other materials, whether in draft form or not and whether a copy or an original.

D.  **ENTITY** means any business organization (whether based or governed by the laws of a U.S. state or otherwise) such as a corporation (profit, nonprofit, mutual benefit, or otherwise), business trust, estate, trust (revocable, irrevocable, charitable, or otherwise), partnership (whether limited, general, or limited liability), limited liability company, association, joint venture, public corporation, or any other legal or commercial entity. This term excludes natural persons (i.e., human beings), but includes any business venture (i.e., conduct engaged in with the goal of earning money or accruing assets), regardless of what name or official corporate form the business takes or holds itself out as to others, and even those businesses that fail to formally, technically, or officially incorporate as a separate legal entity from the human being or beings that operate said business, such as an unregistered "dba" [doing business as] or a business that utilizes a corporate identity but has not actually taken steps to gain an independent legal existence.

E.  **PERSON** means and includes a natural person (i.e., a human being, and whether or not acting on behalf of themselves or on behalf of another), or else a business entity (whether based upon or governed by the laws of a U.S. state or otherwise) such as a corporation, business trust, estate, trust, partnership (whether limited, general, or limited liability), limited liability company (including series LLCs), association, joint venture, government, governmental

SUBPOENA DUCES TECUM – 3

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity.

F. **RELATING TO**, **RELATE(S) TO**, and **RELATE(D) TO** means constituting, including, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to the referenced subject matter.

G. **WRITING** means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

## IV.   DOCUMENT REQUESTS

Copies of any and all bank, mortgage and/or credit card statements, monthly and/or annual, regarding any account belonging to: (1) Ronda McNae; (2) William McNae; and (3) McNae, LLC (collectively "Account Holders") from January 1, 2022 through present.

Copies of any and all checks (including cancelled checks) deposited by, or drafted by, Account Holders from January 1, 2022 through present.

Copies of any and all correspondence and communications, including, but not limited to, letters, emails, and faxes, between [FINANCIAL INSTITUTE], including, but not limited to, [FINANCIAL INSTITUTE]'s principals, employees, agents and/or attorneys, and Account Holders from January 1, 2022 through present.

Copies of any and all deposit slips for any account of Account Holders with [FINANCIAL INSTITUTE] from January 1, 2022 through present.

Copies of any and all signature cards for any account of Account Holders with [FINANCIAL INSTITUTE].

Copies of any and all applications for any account of Account Holders with [FINANCIAL INSTITUTE] from January 1, 2022 through present.

Copies of any and all wire requests for any account of Account Holders with [FINANCIAL INSTITUTE] from January 1, 2022 through present.

Copies of any and all account opening documents for any account of Account Holders with [FINANCIAL INSTITUTE].

Copies of any and all phone call transcriptions for any account of Account Holders with [FINANCIAL INSTITUTE] from January 1, 2022 through present.

**"Document" is used in the broadest sense permissible under FRCP 34 and is meant to include any medium upon which intelligence or information can be recorded or retrieved.**

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

# Fed. R. Civ. P. 45(d) and (e)

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

SUBPOENA DUCES TECUM – 6

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re | Case No.: 26-10051-CMA |
| RONDA DELAPINA MCNAE | ***EX PARTE*** |
| Debtor. | **2004 ORDER AUTHORIZING ISSUANCE OF SUBPOENAS DUCES TECUM** |

THIS MATTER came before the court upon the *ex parte* Motion for 2004 Order Authorizing Issuance of Subpoenas Duces Tecum ("**Motion**") filed by Creditor Michael Fitzgerald ("**Creditor**"). The Motion seeks an order authorizing Creditor and Creditor's counsel to issue a *subpoena duces tecum* to: (1) JPMorgan Chase Bank, NA; (2) Bank of America, NA; (3) Fidelity Investments; (4) Morgan Stanley Smith Barney LLC; (5) Ally Bank; (6) First Tech Federal Credit Union; (7) Harborstone Credit Union; (8) KeyBank, NA; (9) Wells Fargo Bank, NA; and (10) U.S. Bank, NA (collectively hereinafter the "**Banks**" and each a "**Bank**").

This court has reviewed the Motion and its subjoined Certification of Counsel, and the records and files herein. This court finds that notice of the Motion is not required under the

EX PARTE MOTION FOR 2004 ORDER – 1

***SCHWEET LINDE & ROSENBLUM, PLLC***
5601 6ᵀᴴ AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

applicable rules and that good cause exists for the requested relief to be granted. THEREFORE, it is hereby:

ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is granted as detailed herein; and

2. Creditor's counsel may issue a *subpoena duces tecum* to each Bank requiring the production of documents by the Banks in substantially the same form as the template *subpoena duces tecum* attached to the Motion as Exhibit A;

///End of Order///

Presented by:

**SCHWEET LINDE & ROSENBLUM, PLLC**

*/s/ Michael M. Sperry*
Michael M. Sperry, WSBA #43760
*Attorneys for Michael Fitzgerald*

EX PARTE MOTION FOR 2004 ORDER – 2

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6ᴛʜ Aᴠᴇ S Sᴜɪᴛᴇ 258
P.O. Bᴏx 80646
Sᴇᴀᴛᴛʟᴇ, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 26-10051-CMA    Doc 46-2 Filed 02/31/26 Entered 02/31/26 15:38:03 Pg 28 of 64

# Exhibit 3

Rule 2004 order

**Below is the Order of the Court.**



**Christopher M. Alston**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

11

12 | In re

13 | RONDA DELAPINA MCNAE

14

15 | Debtor.

16

Case No.: 26-10051-CMA

***EX PARTE***

**2004 ORDER AUTHORIZING
ISSUANCE OF SUBPOENAS DUCES
TECUM**

MODIFIED BY COURT

17    THIS MATTER came before the court upon the *ex parte* Motion for 2004 Order

18 Authorizing Issuance of Subpoenas Duces Tecum ("**Motion**") filed by Creditor Michael Fitzgerald

19 ("**Creditor**"). The Motion seeks an order authorizing Creditor and Creditor's counsel to issue a

20 *subpoena duces tecum* to: (1) JPMorgan Chase Bank, NA; (2) Bank of America, NA; (3) Fidelity

21 Investments; (4) Morgan Stanley Smith Barney LLC; (5) Ally Bank; (6) First Tech Federal Credit

22 Union; (7) Harborstone Credit Union; (8) KeyBank, NA; (9) Wells Fargo Bank, NA; and (10) U.S.

23 Bank, NA (collectively hereinafter the "**Banks**" and each a "**Bank**").

24

25    This court has reviewed the Motion and its subjoined Certification of Counsel, and the

26 records and files herein. This court finds that notice of the Motion is not required under the

EX PARTE MOTION FOR 2004 ORDER – 1

***SCHWEET LINDE & ROSENBLUM, PLLC***
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

applicable rules and that good cause exists for the requested relief to be granted. THEREFORE, it is hereby:

ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is granted as detailed herein; and

2. Creditor's counsel may issue a *subpoena duces tecum* to each Bank requiring the production of documents by the Banks in accordance with Fed. R. Bankr. P. 2004 and Fed. R. Civ. P. 45.

///End of Order///

Presented by:

**SCHWEET LINDE & ROSENBLUM, PLLC**

*/s/ Michael M. Sperry*
Michael M. Sperry, WSBA #43760
*Attorneys for Michael Fitzgerald*

**SCHWEET LINDE & ROSENBLUM, PLLC**
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

# Exhibit 4

KeyBank subpoena and Exhibit A

Honorable Judge Christopher M. Alston
Chapter 7
Location: Seattle

Schweet Linde & Rosenblum, PLLC
5601 6th Ave S, Suite 258
P.O. Box 80646
Seattle, WA 98108
P: (206) 275-1010
F: (206) 381-0101

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re

RONDA DELAPINA MCNAE

                                        Debtor.

Case No.: 26-10051-CMA

**SUBPOENA DUCES TECUM**

TO:        KEYBANK, N.A.

    **YOU ARE COMMANDED** to produce and permit inspection and copying of the documents or objects listed on attached Exhibit A at the place, date and time specified below:

**PLACE:**        **Offices of Schweet Linde & Rosenblum, PLLC,
                5601 6th Ave S., Suite 258, Seattle, WA 98108[1]**

**DATE & TIME:**        **March 9, 2026, at 5:00 p.m. prevailing Pacific Time**

_____
ISSUING OFFICER SIGNATURE AND TITLE                DATE: February __, 2026.

Michael M. Sperry, Attorney, WSBA #43760

ISSUE OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Michael M. Sperry
5601 6th Ave S., Suite 258
Seattle, WA 98108
(206) 381-0133

_____
[1] Documents may also be produced electronically as agreed to by the issuing attorney.
SUBPOENA DUCES TECUM – 1

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

# EXHIBIT A

## I.  INTERPRETATION

Wherever a word, term, or phrase is set forth anywhere in this document in ALL CAPITAL LETTERING, such is specifically defined as set forth in the "DEFINITIONS" sections. All other words, terms, and phrases contained in this document (which includes any noncapitalized words that would otherwise be specially defined if capitalized) should be interpreted according to their common, ordinary meaning (i.e., as set forth in Merriam-Webster's Dictionary).

The singular form of a word shall also be interpreted as its plural. The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring with the scope of this Subpoena any information that might otherwise be construed to be outside its scope.

Unless otherwise explicitly requested, any request seeking COMMUNICATIONS to or from any PERSON expressly excludes any COMMUNICATIONS between that PERSON and that PERSON's licensed attorney (or the attorney's law firm).

DOCUMENT is used in the broadest sense permissible under FRCP 34 and is meant to include any medium upon which intelligence or information can be recorded or retrieved.

## II.  CASE-SPECIFIC DEFINITIONS

A. **YOU** or **YOUR** shall mean KEYBANK, N.A., any of its wholly owned and controlled subsidiary companies, and, where applicable, any PERSON acting on their behalf.

B. **DEBTOR** shall mean:

   1. RONDA DELAPINA MCNAE, last four SSN: 3684;

C. **NON-DEBTOR ENTITIES** shall mean:

   1. WILLIAM MCNAE; last for SSN: 1779;

   2. MCNAE, LLC, EIN: unknown

D. **PERIOD** means the time period spanning January 1, 2022, through (1) the date that YOU execute the declaration of custodian of records (if YOU are authorized to produce the records in lieu of personal appearance) or else (2) the date that YOU appear at the hearing and trial and produce the documents sought below.

## III.  GENERAL DEFINITIONS

A. **ACCOUNT** means and includes:

   1. Any checking account for which DEBTOR and/or NON-DEBTOR ENTITIES have an interest.

   2. Any savings account for which DEBTOR and/or NON-DEBTOR ENTITIES have an

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6ᵀᴴ Aᴠᴇ S Sᴜɪᴛᴇ 258
P.O. Bᴏx 80646
Sᴇᴀᴛᴛʟᴇ, WA 98108
ᴘ (206) 275-1010 ꜰ (206) 381-0101

interest

3. Any brokerage account held with an investment/securities brokerage firm, regardless of whether the account contains any cash, securities, or other assets.

B. **BANK** means a PERSON engaged in the business of banking, and includes a savings bank, savings and loan association, credit union, and trust company.

C. **DOCUMENTS** and **RECORDS** means and includes handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. The terms encompass any kind of written, typewritten, printed or recorded material, whether produced, reproduced or stored on paper, cards, tape, film, palm pilot, iPad, cell phone, facsimile, email, text message, computer storage device or memory, or other media or data compilation for which information may be obtained, and includes accounts, address books, addenda, agreements, albums, articles, bank statements, blueprints, books, calendars, charts, checks (both front and reverse sides), contracts, correspondence, declarations of trusts, deeds, deposit receipts, diagrams, diaries, disks, drafts, films, forms, instruments of conveyance or for other purposes, invoices, journals, ledgers, letters, lists, logs, mailgrams, maps, memoirs, memoranda, minutes, motion pictures, notations, notebooks, notes, notices, photographs, plans, pleadings, powers of attorney, promissory notes, proofs of delivery, purchase orders, recordings, records, registers, schedules, sound recordings, summaries, telexes, working papers, writings, and all other materials, whether in draft form or not and whether a copy or an original.

D. **ENTITY** means any business organization (whether based or governed by the laws of a U.S. state or otherwise) such as a corporation (profit, nonprofit, mutual benefit, or otherwise), business trust, estate, trust (revocable, irrevocable, charitable, or otherwise), partnership (whether limited, general, or limited liability), limited liability company, association, joint venture, public corporation, or any other legal or commercial entity. This term excludes natural persons (i.e., human beings), but includes any business venture (i.e., conduct engaged in with the goal of earning money or accruing assets), regardless of what name or official corporate form the business takes or holds itself out as to others, and even those businesses that fail to formally, technically, or officially incorporate as a separate legal entity from the human being or beings that operate said business, such as an unregistered "dba" [doing business as] or a business that utilizes a corporate identity but has not actually taken steps to gain an independent legal existence.

E. **PERSON** means and includes a natural person (i.e., a human being, and whether or not acting on behalf of themselves or on behalf of another), or else a business entity (whether based upon or governed by the laws of a U.S. state or otherwise) such as a corporation, business trust, estate, trust, partnership (whether limited, general, or limited liability), limited liability company (including series LLCs), association, joint venture, government, governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity.

SUBPOENA DUCES TECUM – 3

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

F. **RELATING TO**, **RELATE(S) TO**, and **RELATE(D) TO** means constituting, including, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to the referenced subject matter.

G. **WRITING** means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

## IV. <u>DOCUMENT REQUESTS</u>

Copies of any and all bank, mortgage and/or credit card statements, monthly and/or annual, regarding any account belonging to: (1) Ronda McNae; (2) William McNae; and (3) McNae, LLC (collectively "Account Holders") from January 2022 through present.

Copies of any and all checks (including cancelled checks) deposited by, or drafted by, Account Holders from January 2022 through present.

Copies of any and all correspondence and communications, including, but not limited to, letters, emails, and faxes, between KEYBANK, N.A. ("KeyBank"), including, but not limited to, KeyBank's principals, employees, agents and/or attorneys, and Account Holders from January 2022 through present.

Copies of any and all deposit slips for any account of Account Holders with KeyBank from January 2022 through present.

Copies of any and all signature cards for any account of Account Holders with KeyBank.

Copies of any and all applications for any account of Account Holders with KeyBank from January 2022 through present.

Copies of any and all wire requests for any account of Account Holders with KeyBank from January 2022 through present.

Copies of any and all account opening documents for any account of Account Holders with KeyBank.

Copies of any and all phone call transcriptions for any account of Account Holders with KeyBank from January 2022 through present.

**"Document" is used in the broadest sense permissible under FRCP 34 and is meant to include any medium upon which intelligence or information can be recorded or retrieved**.

## Fed. R. Civ. P. 45(d) and (e)

(d) Protecting a Person Subject to a Subpoena; Enforcement.

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

***SCHWEET LINDE & ROSENBLUM, PLLC***
5601 6TH AVE S SUITE 258
P.O. BOX 80646
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

# Exhibit 5

Protective order email

| From: | Will McNae <prose.wmcnae@gmail.com> |
| --- | --- |
| Sent: | Wednesday, February 19, 2025 8:01 PM |
| To: | FLSDdb_efile Sanchez; FLSDdb_efile Martinez; Meredith J. Gussin; Peter E. Berlowe; mf@assoulineberlowe.com; Ronda McNae; nichelle@amethystlawgroup.com |
| Subject: | URGENT - Violation of Protective Order (DE 23) – Improper Disclosure of Attorneys-Eyes-Only Materials & Potential Retaliation - Case No. 1:22-cv-22171-JEM |
| Attachments: | 2025-02-19 Plts Amended Witness and Exhibit List.pdf; DE 23 Agreed Prot. Order re Use and Discl. of Protected Material.PDF |

<mark>CAUTION - EXTERNAL:</mark>

Dear Honorable Judge Martinez,

I write to bring to the Court's attention a clear violation of the **Agreed Protective Order (DE 23)** in this matter. Plaintiff Michael Fitzgerald has improperly disclosed **three Attorney's Eyes Only (AEO) recordings** in a separate Florida State Court proceeding (Case No. 2023-025855-CA-01, 11th Judicial Circuit, Miami-Dade County). This disclosure directly violates multiple provisions of DE 23 by:

1. **Using AEO materials outside of the Federal case** (DE 23, §1(A)),
2. **Publicly listing AEO recordings in a State Court Exhibit List**, rather than keeping them secure (DE 23, §§8-9),
3. **Failing to obtain permission before filing the AEO material** and not filing under seal (DE 23, §10).

A copy of Plaintiff's Amended Witness and Exhibit List filed on February 19, 2025, in State Court, is attached. Items **#10, #11, and #12** in that list correspond to three audio recordings explicitly labeled as **"CONFIDENTIAL ATTORNEYS EYES ONLY"** in the Federal case. A screenshot of the file names confirming their AEO designation is also attached.

This issue is further compounded by Fitzgerald's inconsistent approach to confidentiality — he insists on maintaining AEO designations in Federal Court while publicly filing those same materials in state court for his benefit.

Additionally, I find the timing of this disclosure deeply concerning. Last week on February 11, the Miami Beach Police Department's Head of Intelligence and Security contacted Ms. McNae regarding their case involving Mr. Fitzgerald. Yesterday, a newly assigned detective reached out to schedule a detailed interview, set to take place tomorrow, February 20, 2025. Given the nature of these audio files and the fact that their public disclosure **could jeopardize my employment**, there is reason to believe that Fitzgerald's actions may be retaliatory in nature. I will be forwarding this email to MBPD to alert them of presumed retaliatory and intimidation tactics.

1

The Protective Order explicitly warns that public disclosure of AEO material may be sanctionable conduct. Given the circumstances, I respectfully request that the Court:

1. **Address this violation immediately,**
2. **Issue appropriate consequences or remedial orders to prevent further unauthorized disclosure,** and
3. **Order Plaintiff to remove the AEO materials from the Florida State Court filing.**

I appreciate the Court's attention to this urgent matter.

Respectfully submitted,

William McNae

**Documents listed by Plaintiff in FL State Court:**

10. Recording of phone call/video conference between William McNae and Chris Maulden (Microsoft) [W. McNae 268].

11. Recording of phone call/video conference between William McNae and Chris Maulden (Microsoft) [W. McNae 269].

12. Recording of phone call/video conference between William McNae and Wendy Sirkov from Microsoft CELA (Corporate, External, and Legal Affairs) [W. McNae 270].

**Confidential Attorneys Eyes Only Produced files by W.McNae:**

The three (3) audio files were produced and classified as CONFIDENTIAL ATTORNEYS EYES ONLY by prior counsel Stephanie Casey, as seen below.



| | | |
|---|---|---|
| ▷ McNAE C00268 CONFIDENTIAL ATTORNEYS EYES ONLY | 4/6/2023 8:49 AM | Any DVD |
| ▷ McNAE C00269 CONFIDENTIAL ATTORNEYS EYES ONLY | 4/6/2023 8:49 AM | Any DVD |
| ▷ McNAE C00270 CONFIDENTIAL ATTORNEYS EYES ONLY | 4/6/2023 8:49 AM | Any DVD |

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# Exhibit 6

Motion to Enforce

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE NO.: 2023-025855-CA-01

MICHAEL FITZGERALD,

     Plaintiff,

vs.

WILLIAM MCNAE,

     Defendant.

_____/

## **DEFENDANT'S MOTION TO ENFORCE PROTECTIVE ORDER**

Defendant William McNae, by and through the undersigned counsel, pursuant to Rule 1.380 and Rule 1.280 of the Florida Rules of Civil Procedure, and hereby respectfully moves this Court to enforce the Agreed Protective Order Governing the Use and Disclosure of Protected Material ("Order")(DE 23) entered on December 2, 2022, in Federal Case 1:22-cv-22171-JEM.

**Introduction**

This action arises from allegations that Defendant violated a Confidential Settlement Agreement executed between Plaintiff, the Defendant and Defendant's spouse, Rhonda McNae.

1.     On December 2, 2022, the plaintiff filed a complaint in the United States District Court for the Southern District of Florida, Miami Division in *Michael J. Fitzgerald v. Ronda McNae and William McNae* (Case No. 1:22-cv-22171-JEM).

2.     The complaint alleged that Defendants William McNae, along with Ronda McNae, breached a June 2020 Confidential Settlement Agreement between Plaintiff, Defendant and Defendant's spouse Rhonda McNae, that caused significant harm to the Plaintiff, Michael J. Fitzgerald.

**Bryan Farr Health Lawyers, LLC**
1451 W. Cypress Creek Rd. Ste. 300, Fort Lauderdale, FL 33309, Ph: (954) 671-0444 Fax: (954) 361-6260

3.     Defendant William McNae was subsequently dismissed from the federal matter and Plaintiff refiled this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging violation of Confidential Settlement Agreement.

4.     December 2, 2022, whilst Defendant was still a party in the federal matter the parties  entered into an Agreed order DE 23 Agreed Protective Order Governing The Use And Disclosure of Protected Material**.** A copy of the agreed order is attached hereto as "**Exhibit 1.**" The Oder provides in pertinent part that:

> No person or entity shall use, disclose, make available, transmit, or otherwise communicate Protected Material in any manner whatsoever except for purposes of this Action, including appeals, and then only in a manner consistent with this Order.

*See* [DE 23] Order at ¶ 1.A.

5.      The order applies in this court, as the Federal Court did not restrict the protective order to the Federal action, and explicitly provided that the use of protected material must be consistent with the order.

6.      "A trial court possesses broad discretion in overseeing discovery, and protecting the parties that come before it." Pursuant to Florida Rule of Civil Procedure 1.280(c), a trial court may, upon a showing of good cause, issue a **protective order** "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" as justice may require.

*Savannah Cap., Ltd. Liab. Co. v. Pitisci*, 313 So. 3d 953, 956 (Fla. 2d DCA 2021)

7.      The Agreed Protective order was designed to safeguard confidential and proprietary information disclosed during the litigation process to include both Confidential Material and Attorney's Eyes-Only Material. The Order defines confidential material as documents containing confidential or proprietary business, commercial, research, personnel, personal health, process,

**Bryan Farr Health Lawyers, LLC**
1451 W. Cypress Creek Rd. Ste. 300, Fort Lauderdale, FL 33309, Ph: (954) 671-0444 Fax: (954) 361-6260

product, or financial information, and Attorney's Eyes-Only Material defined as highly sensitive documents that require additional protection.

8.      The Order outlines parameter for Disclosure of Protected Material, setting forth that confidential material can be disclosed to parties, attorneys, the court, consultants, experts, and other designated persons. Attorney's Eyes-Only Material has stricter disclosure limitations, primarily to attorneys and the court.

9.      Protected Material is to be used only in connection with the action and any appeals must be maintained securely and not disclosed to unauthorized persons. Protected Material used in court filings must be filed under seal or with confidentiality protection as provided by the court.

10.      Despite the clear terms of the Order, Plaintiff Michael Fitzgerald included audio recordings provided during discovery in the federal matter titled  McNAE 000268 Confidential Attorney's Eyes Only; McNAE 000269 Confidential Attorney's Eyes Only; and  McNAE 000300 Confidential Attorney's Eyes Only as exhibits in its Motion for Summary Judgment, Exhibit I.

11.      Most egregiously, Plaintiff transcribed the audio recording into transcripts and disclosed the protected material without filing them under seal in a clear violation of the Order.

12.       This Motion seeks to enforce the protective order and hold Plaintiff accountable for willfully violating the Order.

13.      Plaintiff's actions are in direct contravention of the Protective Order, which restricts the use and disclosure of such protected materials. The Protective Order explicitly prohibits the use, disclosure, or transmission of protected materials except for purposes directly related to this action.

14.      Plaintiff's actions constitute a breach of the Protective Order and undermine the integrity of the judicial process.

**Bryan Farr Health Lawyers, LLC**
1451 W. Cypress Creek Rd. Ste. 300, Fort Lauderdale, FL 33309, Ph: (954) 671-0444 Fax: (954) 361-6260

15.     Pursuant to Fla. R. Civ P. 1.280, the Court has the authority to issue protective orders to protect parties from annoyance, embarrassment, oppression, or undue burden or expense that justice requires. Furthermore, the Court may impose sanctions for failure to comply with discovery orders, including protective orders.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enforce the terms of the Protective Order (DE 23) issued in Federal Court;

b. Order Plaintiff to cease and desist from any further unauthorized use or disclosure of protected materials;

c. Strike the exhibit(s) which violate the Order;

d. Impose appropriate sanctions on Plaintiff for violating the Protective Order;

e. Schedule a hearing on this motion at the earliest convenience to address the violation of the Protective Order and to ensure compliance moving forward; and

f. Grant any other relief that the Court deems just and proper.

Date: May 6, 2025

Respectfully Submitted,

**Bryan Farr Health Lawyers, LLC**

**By:**    */s/ Althea Bryan Farr*
**Althea Bryan Farr, Esq, RN**
Florida Bar No.: 1024987
1451 W Cypress Creek, Rd. Ste 300
Fort Lauderdale, FL 33309
Phone : (954) 671-0444
Fax : (954) 361-6260
althea.bryanfarr@bfhlegal.com
service@bfhlegal.com
*Co-Counsel for Defendant*

4

**Bryan Farr Health Lawyers, LLC**
1451 W. Cypress Creek Rd. Ste. 300, Fort Lauderdale, FL 33309, Ph: (954) 671-0444 Fax: (954) 361-6260

Case 26-10051-CMA    Doc 46    Filed 02/23/26    Ent. 02/23/26 15:38:30    Pg. 46 of 64

**ALL POINTS LEGAL, PLLC**
*Co-Counsel for Defendant*
Museum Plaza
200 S. Andrews Ave., Ste. 504
Fort Lauderdale, FL 33065
Ph.: (954) 361-2759 Fax: (954) 372-2144
Primary email: khall@allpointslegal.com
Secondary
email: hnichols@allpointslegal.com
Alternate
email: assistant@allpointslegal.com

*/s/Keisha K. Hall*
KEISHA K. HALL, ESQ.
Florida Bar No. 1008064

## CERTIFICATE OF SERVICE

We hereby certify that on **May 6, 2025** a true and correct copy of this notice was filed with the Court through the e-filing portal which will send a notice of electronic filing to all parties of record.

**Respectfully Submitted,**

**By:**    */s/ Althea Bryan Farr*
ALTHEA BRYAN FARR, ESQ.
Florida Bar No.: 1024987

*/s/Keisha K. Hall*
KEISHA K. HALL, ESQ.
Florida Bar No. 1008064

**Bryan Farr Health Lawyers, LLC**
1451 W. Cypress Creek Rd. Ste. 300, Fort Lauderdale, FL 33309, Ph: (954) 671-0444 Fax: (954) 361-6260

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. **1:22-cv-22171-JEM**

**MICHAEL J. FITZGERALD,**
**individually,**

**Plaintiff,**

**v.**

**RONDA MCNAE, individually,**

**Defendant.**

_____/

**AGREED PROTECTIVE ORDER GOVERNING**
**THE USE AND DISCLOSURE OF PROTECTED MATERIAL**

IT IS ORDERED that an Agreed Protective Order Governing the Use and Disclosure of

Protected Material ("Order") is entered as follows:

**GENERAL PROVISIONS**

**1.     Scope.**   This Order shall govern all Documents, materials, and information

disclosed during the course of this Action in any form including, but not limited to, Documents,

discovery responses, materials, and information produced or provided by a Party or Non-

Party, disclosed through testimony, or contained in pleadings, motions, briefs, or other materials

presented to or filed with the Court that are designated as Protected Materials (defined below)

in this case.

      A.   No person or entity shall use, disclose, make available, transmit, or

          otherwise communicate Protected Material in any manner whatsoever except

          for purposes of this Action, including appeals, and then only in a manner

          consistent with this Order.

B.   A Party's or Non-Party's use for any purpose of its own Documents, information, and testimony which it produces or discloses in the Action shall not be considered a violation of this Order. A Party's own information and testimony does not include information or testimony learned from or based upon any other Party or Non-Party's Protected Material produced in this Action.

2.   **Definitions.**  As used in this Order, the following terms shall have the meanings set forth below:

a.   "Action" shall mean the above-captioned litigation.

b.   "Party" and "Parties" shall mean any and all named parties in this Action.

c.   "Non-Party" shall mean any individual, corporation, association, or other natural person or entity that is not a named Party to the Action.

d.   "Document" is intended to be comprehensive and includes any and all materials and information in the broadest sense, and shall include electronically stored information, software, paper records, transcripts, including all non-identical copies of the foregoing, whether different from the originals by reason of any notation made on such copies or otherwise.  Document includes Protected Material (defined below).

e.   "Privilege" shall mean the attorney-client privilege, the work-product doctrine, spousal privilege, the common-interest or joint-defense doctrine, and/or any other privilege, protection, or immunity recognized by applicable law.

f.  "Confidential Material" means any Document, or any portion thereof, which is or contains confidential or proprietary business, commercial, research, personnel, personal health, process, product, or financial information of the producing Party or Non-Party that does not fall within the Attorney's Eyes Only designation.   A Party or Non-Party designating information as Confidential Material shall mark each page of the Document containing such material as "Confidential."  A Party or Non-Party shall not designate pages of a Document that do not contain Confidential Material as "Confidential" and a Party or Non-Party shall not designate entire productions as "Confidential."

g.  "Attorney's Eyes Only Material" means any Document, or any portion thereof, which a Party or Non-Party reasonably believes to be so highly sensitive that it is the subject of reasonable efforts to maintain its secrecy above and beyond the protections provided for Confidential Material, subject to objection by any party and a determination by the Court as to whether the material is appropriately designated as "Attorney's Eyes Only Material."   A Party or Non-Party designating information as Attorney's Eyes Only Material shall mark each page of the Document containing such material as "Highly Confidential—Attorney's Eyes Only."   A Party or Non-Party shall not designate pages of a Document that do not contain Attorney's Eyes Only Material as "Highly Confidential—Attorney's Eyes Only" and a Party or Non-Party shall not designate entire productions as "Highly Confidential—Attorney's Eyes Only."

3

h.   "Protected Material" means Confidential Material, Attorney's Eyes Only Material, or Foreign Private Data, collectively.

## DISCLOSURE OF PROTECTED MATERIAL

3.   **Confidential Material.**   Subject to all other terms of this Order, Confidential Material may be disclosed only to:

a.   the Parties;

b.   if the Confidential Material was produced by a Non-Party, then the Non-Party that produced the Confidential Material;

c.   the attorneys for the Parties and/or Non-Parties involved in this Action, including the partners, associates, paralegals, and clerical personnel working under the direct supervision of such counsel and that are directly involved in or assisting with this Action;

d.   the Court and all persons assisting the Court in the Action, including special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof, in accordance with the procedures set forth in this Order;

e.   persons retained as consultants, experts or support personnel (such as litigation support vendors) by any Party and/or Non-Party for the purposes of this Action and the principals and employees associated with those firms and who are directly involved and assisting in this Action; provided that the procedures set forth in paragraph 7 below have been followed;

4

     f.     persons whom the Confidential Material itself indicates were the author, source, or recipient of the Document;

     g.     any other person hereafter designated by written stipulation between the Parties, or with a Non-Party; and

     h.     any person noticed or called to testify as a witness at a deposition, hearing, or trial in the Action, subject to the protections of paragraphs 11, and 13.

**4.**    **Attorney's Eyes Only Material.** Subject to all other terms of this Order, Attorney's Eyes Only Material may be disclosed only to:

     a.   The Parties' attorneys involved in this Action, including the partners, associates, paralegals, and clerical personnel working under the direct supervision of such counsel and that are directly involved in or assisting in this Action;

     b.   The Court and all persons assisting the Court in the Action, including special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof, in accordance with the procedures set forth in this Order:

     c.   Any person who is retained by a Party or its attorneys of record in this litigation as an independent expert for the purpose of this litigation and who agrees in writing to be bound by the terms of this Order:

     d.   Persons whom the Attorney's Eyes Only Material itself indicates were the author, source, or recipient of the Document;

     e.   any person called to testify as a witness at a deposition, hearing, or trial in the Action, subject to the protections of Paragraph 11 and 13.

      f.   Any other person hereafter designated by written stipulation between the Parties, or with a Non-Party, or by further order of the Court.

    5.    **Limited Disclosure of Protected Material.** Any Document, designated portions of deposition testimony, responses to interrogatories, requests for admissions, or requests for production of documents which are marked as "Confidential" or "Highly Confidential—Attorney's Eyes Only" are to be treated as such by the Party receiving the Document and shall be utilized by such Party only for the prosecution or defense of this case.  No Party is obligated to challenge the propriety of any information designated as Confidential Information or  Highly Confidential—Attorneys' Eyes Only Information, and a failure to do so in this Action does not preclude a subsequent attack on the propriety of the designation. In the event that any Party to this Action disagrees at any stage of the proceedings with the designation of information as "Confidential" or "Highly Confidential—Attorney's Eyes Only," the Party shall first try to resolve the matter on an informal basis.  If the dispute cannot be resolved informally, the Party challenging the confidentiality of the information may apply for appropriate relief from this Court. Each Party or the producing Non-Party shall be given notice and reasonable time (not less than three (3) business days) to respond to the requested relief.  The Party or producing Non-Party claiming confidentiality shall have the initial burden of establishing confidentiality.

    6.    **Designating Documents and Information as Protected Material.** Any Party or producing Non-Party may designate as "Confidential" or "Highly Confidential—Attorney's Eyes Only" Documents or responses to interrogatories, requests for admission, or requests for production of documents by stamping or labeling the document or response as "Confidential" or "Highly Confidential—Attorney's Eyes Only." Documents or responses

shall not be treated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" pursuant to this Order unless they are stamped or labeled as such. The inadvertent failure to designate material as "Confidential" or "Highly Confidential—Attorney's Eyes Only" does not preclude a Party or Non-Party from subsequently making such a designation, and, in that case, the material is to be treated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" only after being properly designated. The Parties and their counsel shall not photocopy any Protected Material unless such photocopies are needed as part of this litigation. Documents produced by Non-Parties shall be treated as Confidential or Attorney's Eyes Only for an initial period of twenty (20) days to allow either Party the opportunity to review documents and make additional designations, where necessary. Subject to paragraph 14, after the period of twenty (20) days from the date of the Non-Parties' production of documents, all documents not designated as Protected Material by the Non-Party or either Party will be deemed not to be Confidential or Attorney's Eyes Only Material.

**7.     Obtain Acknowledgement.** Prior to disclosure of any Protected Material to any person identified in paragraphs 3(e), (g) or 4(c) such person shall be given a copy of this Order and shall certify via a written acknowledgement, that he/she has read and understands this Order and agrees to comply with its terms. The Party providing Protected Material to such person shall retain the signed statement of each such person. Such statements shall be produced to counsel for the opposing party or the producing Non-Party upon written request.

## USE OF PROTECTED MATERIAL

**8.     Use of Protected Material.** Protected Material shall be used only in connection with this Action and any appeals arising therefrom. No Protected Material shall be disclosed to any other person, entity, agency, print or electronic media, social media or anyone outside of

this proceeding, for any purpose, other than as set forth in this Order.  No Party shall directly or indirectly post any Confidential or Attorneys Eyes Only Material or content contained therein on the internet or otherwise subject such material to public disclosure.  ***Doing so may be sanctionable conduct, in the discretion of the Court.    Provided that*** nothing in this Order shall preclude any Party or Non-Party from providing Protected Material that is evidence of unlawful or criminal behavior to the relevant law enforcement authorities.  Absent further Court Order, the fact that Protected Material has been provided to law enforcement does not otherwise remove its designation as Protected Material or allow for any additional disclosure except for as provided in this Order.

9.      **Maintaining Confidentiality.**  The recipient of any Protected Material provided pursuant to this Order shall maintain such Protected Material in a secure and safe area.  The recipient shall take care that any such information or the content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than persons described in Paragraphs 3 and 4 herein.

10.     **Filing Confidential Information.**  In the event a Party wishes to use any Protected Material in affidavits, declarations, briefs, memoranda of law, or other papers filed in this Action, the Party shall do one of the following: (1) obtain the consent of the producing Party or Non-Party; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information  under  seal  or with  confidentiality  protection  as  provided  by  the  Court under Southern District of Florida Local Rule 5.4(b)(1).

**11.** **Protected Material in Depositions.** Any Party shall have the right to use Protected Material during depositions, provided that no third parties to whom such Protected Material is not permitted to be disclosed are present during such depositions.

**12.** At any deposition session, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" whenever counsel for a Party deems that a question and/or the answer to any question has resulted in the disclosure of Protected Material, the deposition (or portions) may be designated by the affected Party as containing Protected Material subject to the provisions of this Order. When such designation has been made, the testimony or the transcript of such testimony shall be disclosed only to those parties described in Paragraph 3 and 4 for Confidential Information and Attorneys' Eyes Only Information, respectively, and the information contained shall be used only as specified in this Order. Parties (and deponents) may, within thirty (30) days after receiving the transcript of a deposition, designate portions of the transcript (and exhibits thereto) as Protected Material. Protected Material within the deposition transcript may be designated by a letter to opposing counsel indicating the portions of the transcript that are "Confidential" or "Highly Confidential—Attorney's Eyes Only." Until expiration of the 30-day period, the entire transcript will be treated as Confidential Material under this Order. If no Party or deponent timely designates Protected Material in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as Protected Material. There shall be no need to redesignate documents or exhibits which have been previously designated as Protected Material.

**13.** **Protected Material at Trial.** Subject to the Federal Rules of Evidence, Protected Material may be offered in evidence at trial or any Court hearing. Any Party or producing

Non-Party may move the Court for an Order that Protected Material receive additional protections.

14.     **Inadvertent Failure to Designate Confidential Materials.**  The inadvertent failure of a Party or Non-Party to designate discovery materials as Confidential Information, Attorneys' Eyes Only Information, or Foreign Private Data as such (whether in the form of documents, interrogatories, testimony, or otherwise) shall not be deemed, by itself, to be a waiver of the Party's or Non-Party's right to so designate such discovery materials as Confidential Information or Highly Confidential—Attorneys' Eyes Only Information. Immediately upon learning of any such inadvertent failure, the producing Party or Non-Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it.  Disclosure by a receiving party of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this paragraph shall not violate the terms of this Order.  However, immediately upon being notified by a producing Party or Non-Party of an inadvertent failure to designate, the receiving party shall treat such information as though properly disclosed and take any actions necessary to prevent further disclosure.

15.     **Inadvertent Production of Privileged Materials.** Pursuant to Fed. R. Evid. 502, there is no waiver of Privilege or work-product in this matter or any other matter in any other jurisdiction for the inadvertent or unintentional production of documents or information containing information which should have been designated as privileged if the producing Party or Non-Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error. The producing Party or Non-Party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that Party or Non-Party utilized

attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools or other reasonable means in screening for Privilege, work product or other protection. The producing Party or Non-Party shall be deemed to have taken reasonable steps to rectify the error if, within thirty (30) days of discovery, the producing Party or Non-Party notifies the receiving Party of the inadvertent disclosure and instructs the receiving Party to promptly return all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such notice, the receiving Party shall return all copies of such information to the producing Party or Non-Party within seven (7) business days of such request unless the receiving Party intends to challenge the producing Party's or Non-Party's assertion of Privilege or immunity. If a receiving Party objects to the return of such information within the seven (7) business day period described above, the producing Party or Non-Party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving Party may retain the inadvertently or unintentionally produced documents in a sealed envelope (if document is produced in physical form) and shall not make any use of such information.

      16.    **Data Privacy.** This matter is also subject to a Data Privacy Order. (Exhibit A). The Data Privacy Order governs the designation and treatment of "Private Foreign Data," defined therein. The Data Privacy Order is incorporated herein by reference, and the procedures contained in the Data Privacy Order not explicitly addressed by this Protective Order shall control how Foreign Private Data shall be treated in this proceeding.

      17.    **Return of Protected Material.**  Upon the final determination of this Action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise, and after a request from the opposing Party or producing Non-Party:

a.    Counsel of record for each Party receiving Protected Material shall, within sixty (60) days, destroy or return to the designating Party or Non-Party all such documents containing Protected Material and all notes, memoranda, copies, abstracts, excerpts, or other parts, except that all materials constituting work product of such counsel shall be destroyed by the Party in possession; and

b.    Counsel of record for each Party shall confirm in writing that all Protected Material, documents and things, together with all notes, copies, abstracts, memoranda, excerpts, or other parts, have been returned to the producing Party or Non-Party or destroyed in accordance with the terms of this Order.

## MISCELLANEOUS PROVISIONS

**18.    Information Not Confidential.**    The Parties will not designate as Protected Material any Documents or materials that they have reason to believe, or should have reason to believe, was generally known or readily available to the public prior to its designation, or is not properly designated as Protected Material under this Order. Moreover, in the event that a designating party becomes aware that a Document or material designated as Protected Material is or has become generally known to the public through no fault of the receiving party, or that it was known to the receiving party prior to its designation, or that it was disclosed to the receiving party without restrictions, or that it was developed by the receiving party without reference to the disclosures by the designating party, then the designating party will immediately rescind its designation and give notice of such rescission to the other parties.

**19.    No Admission.**    Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

**20.     No Waiver of Privilege.**  This Order will not prejudice the right of any Party or Non-Party to oppose production of any information on the ground of Privilege.

**21.     Other Actions and Proceedings**.  If a receiving party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Order, seeking discovery materials which were produced or designated as Protected Material pursuant to this Order, the receiving party shall give prompt actual written notice by hand or facsimile transmission to counsel of record for such producing Party or Non-Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide the producing Party or Non-Party with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law.  Should the person seeking access to the Confidential Information or Attorneys' Eyes Only Information take action against the receiving party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the receiving party shall respond to the extent permissible under applicable law by setting forth the existence of this Order.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>2nd</u> day of December, 2022.

_____
HONORABLE JACQUELINE BECERRA

**Exhibit A**

**DATA PRIVACY ORDER**

Plaintiff Michael Fitzgerald and Defendant Ronda McNae stipulate and agree that the terms and conditions of this Data Privacy Order shall govern the handling of Foreign Private Data, as defined herein, disclosed in connection with this matter, and for good cause, IT IS HEREBY ORDERED AS FOLLOWS:

1.      This matter is subject to an Agreed Protective Order Governing the Use and Disclosure of Protected Material (the "Protective Order"). The Protective Order governs the designation and treatment of "Confidential Material," defined therein. The Protective Order is incorporated herein by reference, and the procedures contained in the Protective Order not explicitly addressed by this Data Privacy Order shall control how Foreign Private Data shall be treated in this proceeding.

2.      "Foreign Private Data" means any personal or private information or third-party business secret that a producing Party or Non-Party believes in good faith to be subject to foreign (i.e., non-U.S.) data protection laws or other foreign privacy or third-party business secrecy obligations, and that would be protected from discovery by a well-founded conclusion that producing the private or personal or third-party business secrecy information would violate such laws or obligations.

3.      "Discovery Material" is all written material, electronic data, videotapes and all other tangible items, produced during this dispute, in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise).

14

4.      Discovery Material that contains Foreign Private Data shall be subject to the protections set forth in the Protective Order designated as Confidential Material, if it is not otherwise designated under that Protective Order. Discovery Material that a producing Party or Non-Party considers to be Foreign Private Data shall be marked as such in addition to any other designation under the Protective Order.

5.      Any producing Party or Non-Party may redact from any Discovery Material any Foreign Private Data that the producing Party or Non-Party claims in good faith is required to be redacted under any foreign data protection laws or foreign privacy or third-party business secrecy obligations. Any redactions of Foreign Private Data shall be marked "Private Foreign Data" or "FPD."  *Provided that* no Foreign Private Data of Plaintiff Michael Fitzgerald will be redacted, and any such document will be treated as Protected Material and only filed under seal if needed.

6.      The receiving party shall maintain any Discovery Material that is provided under the Protective Order or under this Data Privacy Order and which contains Foreign Private Data that has not been redacted in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under the Protective Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, or dissemination of such information as is exercised by the receiving party with respect to its own proprietary information.

7.      All documents and materials filed on the Court's docket that contain Foreign Private Data that has not been redacted, including, inter alia, any transcripts of depositions, exhibits, answers to interrogatories, briefs, memoranda, declarations, affidavits, and pleadings that are comprised of or contain Foreign Private Data or information taken therefrom, shall be filed under seal.

8.     The unintentional production of Discovery Material containing Foreign Private Data that has not been redacted shall not constitute a waiver of the protections authorized by this Order, or any other order of this Court, provided that the producing Party or Non-Party reasonably promptly notifies the receiving party, in writing, of the production after its discovery of the same. If the producing Party or Non-Party so notifies the receiving party, the receiving party shall treat the unintentionally produced Foreign Private Data as Confidential Material and apply the procedures set forth in the Protective Order.

9.     The right to challenge and the process for challenging the designation or redactions of Foreign Private Data shall be the same as the right to challenge and the process for challenging Discovery Material designated as Protected Material, as set forth in the Protective Order.

10.    Entry of this Order shall not prejudice the right of any Party or Non-Party to seek other or further relief from this Court or any other court, including, but not limited to, other protections necessary to produce Foreign Private Data or to comply with federal, state, or foreign data protection laws or other non-disclosure obligations.