*Pro Se 2026*

NOTE ON MOTION CALENDAR:
May 7, 2026, at 9:30 a.m.
Courtroom 7206, Seattle
EMERGENCY EXPEDITED HEARING REQUESTED
ORAL ARGUMENT REQUESTED

**FILED - WAWB**

**MAY 04 2026 12:27 AM**

**Sarah E. Bogosian, Clerk of Court**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

RONDA MCNAE,

Debtor.

CASE NO. **26-10051-CMA**

Chapter 7

**DEBTOR RONDA MCNAE'S EMERGENCY MOTION TO STAY AND FOR RECONSIDERATION OR CLARIFICATION OF ORDER AUTHORIZING RULE 2004 SUBPOENA TO MICROSOFT CORPORATION AND REQUEST FOR EXPEDITED HEARING**

**DEBTOR RONDA MCNAE'S EMERGENCY MOTION TO STAY AND FOR RECONSIDERATION OR CLARIFICATION OF ORDER AUTHORIZING RULE 2004 SUBPOENA TO MICROSOFT CORPORATION AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 1

*Pro Se 2026*

# TABLE OF CONTENTS

I.     RELIEF REQUESTED ................................................................................4

II.    BASIS FOR EMERGENCY RELIEF ....................................................5

III.   BACKGROUND ..................................................................................6

IV.   ARGUMENT .......................................................................................9

    A.   **Debtor Has Standing to Seek Emergency Relief in Her Bankruptcy Case** .............9

    B.   **A Stay Is Necessary to Prevent Irreparable Harm** ....................................................10

    C.   **The Actual Microsoft Subpoena Was Not Filed with the Court and is Broader Than the Motion Presented** ..................................................................................11

    D.   **Microsoft Is William McNae's Employer, Not A Financial Institution** ................13

    E.   **William McNae Is a Non-Debtor Entitled to Direct Notice and Protection** ..........13

    F.   **Rule 2004 Cannot Be Weaponized as Cross-Forum Claim Capture or an Abuse of Process** ..................................................................................................15

    G.   **The Court Has Authority to Limit Discovery to Prevent Abuse, Protect Privacy, And Preserve the Integrity of the Process** .........................................................18

    H.   **Reconsideration or Clarification Is Warranted and Must Occur Before Production** ................................................................................................18

V.   PATTERN OF CROSS-FORUM CLAIM CAPTURE AND ABUSE-OF-PROCESS CONCERNS ..................................................................................19

VI.   CONCLUSION ..................................................................................21

DEBTOR RONDA MCNAE'S EMERGENCY
MOTION TO STAY AND FOR RECONSIDERATION
OR CLARIFICATION OF ORDER AUTHORIZING
RULE 2004 SUBPOENA TO MICROSOFT CORPORATION
AND REQUEST FOR EXPEDITED HEARING
Case No. 26-10051-CMA - 2

*Pro Se 2026*

## TABLE OF AUTHORITIES

**CASES**

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) .......................................... 11, 19

*Comjean v. Cruickshank*, 191 B.R. 504 (D. Mass. 1995) ....................................................... 10

*Forgay v. Conrad*, 47 U.S. 201 (1848) ................................................................................... 11

*In re Bibhu LLC*, 2019 WL 171550 (Bankr. S.D.N.Y. Jan. 10, 2019) ........................... 16, 21

*In re Cambridge Analytica LLC*, 600 B.R. 750 (Bankr. S.D.N.Y. 2019) ....................... 16, 21

*In re Coffee Cupboard, Inc.*, 128 B.R. 509 (Bankr. E.D.N.Y. 1991) ................................... 16

*In re Peachtree Lane Assocs., Ltd.*, 188 B.R. 815 (N.D. Ill. 1995) ................................ 10, 14

*Matter of Simpson*, 36 F.3d 450 (5th Cir. 1994) .................................................................... 11

*Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737 (3d Cir. 1995) .................................... 9, 14

*In re Golden Sphinx Ltd.*, 2023 WL 2823391 (Bankr. C.D. Cal. Mar. 31, 2023) .............. 17

*In re Mastro*, BAP No. WW-17-1226-TaSKu (9th Cir. BAP 2018) .................................... 17

*In re Sunedison, Inc.*, 572 B.R. 482 (Bankr. S.D.N.Y. 2017) ............................................... 17

*Stipp v. CML-NV One, LLC (In re Plise)*, 506 B.R. 870 (B.A.P. 9th Cir. 2014) ................ 14

**STATUTES**

11 U.S.C. § 105(a) ..................................................................................................................... 18

11 U.S.C. § 107(c) ..................................................................................................................... 18

28 U.S.C. § 158(a)(3) ............................................................................... Certificate of Service

**RULES**

Fed. R. Bankr. P. 2004 ....................................................................................................... passim

Fed. R. Bankr. P. 8004 ......................................................................... Certificate of Service

Fed. R. Bankr. P. 8007 ......................................................................... Certificate of Service

Fed. R. Civ. P. 45 ........................................................................................................................ 8

DEBTOR RONDA MCNAE'S EMERGENCY
MOTION TO STAY AND FOR RECONSIDERATION
OR CLARIFICATION OF ORDER AUTHORIZING
RULE 2004 SUBPOENA TO MICROSOFT CORPORATION
AND REQUEST FOR EXPEDITED HEARING
Case No. 26-10051-CMA - 3

## I.     RELIEF REQUESTED

Debtor Ronda Delapina McNae respectfully moves for emergency relief staying, reconsidering, or clarifying the Court's Order entered on May 1, 2026, at Docket No. 110, authorizing Creditor's Rule 2004 subpoena to Microsoft Corporation. **The subpoena commands production by May 18, 2026, at 5:00 p.m.**

Debtor also requests an expedited hearing because production may occur before the Court reviews the complete subpoena package, before the affected non-debtor receives meaningful notice, and before adequate scope and use restrictions are entered.

This motion does not seek to prevent legitimate bankruptcy discovery. It seeks only to ensure that any third-party employer production occurs after Court review of scope, notice, and use limitations.

Debtor requests that the Court enter an order:

1. Staying service and/or production under the Microsoft subpoena pending further order;

2. Requiring Creditor to file and serve the complete Microsoft subpoena package, including the subpoena, Exhibit A, definitions, instructions, requests, attachments, and production deadline;

3. Requiring direct service of the complete subpoena package on non-debtor William McNae;

4. Prohibiting Microsoft from producing documents pending further order;

5. Setting this motion for expedited hearing;

6. Granting such other and further relief as the Court deems just and proper.

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 4

## II. BASIS FOR EMERGENCY RELIEF

Debtor does not currently know whether Creditor has already served the Microsoft subpoena. Because service may have already occurred or may occur imminently, Debtor requests an immediate order staying service and production pending further Court order, and requiring Creditor to notify Microsoft immediately not to produce if service has already been made.

Emergency relief is necessary because Debtor was not provided a copy of the actual subpoena — Exhibit A — prior to or at the time the Court granted the underlying ex parte order. Debtor first saw Exhibit A only after the order issued. As a result, neither the Debtor nor the Court had the opportunity to evaluate the full scope of what was actually being sought before relief was granted.

That scope is far broader than represented. The ex parte motion at DE 107 characterized the subpoena as targeting "Payroll information". However, Exhibit A identifies eight (8) separate categories of requested documents, including: (i) all payroll records; (ii) all ACH and direct deposit authorization forms; (iii) all W-2s and 1099s; (iv) all vesting schedules and equity grant agreements; (v) all brokerage account statements in Microsoft's possession; (vi) all Microsoft Benefit Confirmation Statements; (vii) all severance or separation agreements; and (viii) all employer-sponsored equity accounts including RSUs, ESPP shares, 401(k)s, brokerage accounts, vested and unvested equity, and documents identifying every financial institution administering those benefits.. These categories extend well beyond employment compensation and reach into (e.g.,

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 5

confidential HR records, performance evaluations, internal communications, benefits data). This disparity between what was disclosed to the Court and what was actually subpoenaed is itself grounds for emergency reconsideration.

The subpoena targets Microsoft Corporation, William McNae's current employer. William McNae is not the debtor in this Chapter 7 case, does not receive bankruptcy ECF notice, and did not have an opportunity to examine Creditor's Exhibit A before the order issued. The records sought are not ordinary financial records — they are non-debtor employment records that, once disclosed to Creditor, cannot be clawed back. Confidentiality and privacy, once breached, cannot be restored. Any post-production remedy would be wholly inadequate.

If Microsoft produces documents before the Court can review the complete subpoena package — including all eight categories actually enumerated in Exhibit A — and impose appropriate limits, Debtor and William McNae will suffer irreparable harm through the disclosure, dissemination, and potential misuse of records that were never properly before the Court when the ex parte order was granted.

### III.    BACKGROUND

Debtor is the Chapter 7 debtor in this case. William McNae is Debtor's spouse, but he is not a debtor in this bankruptcy case.

On April 30, 2026, Creditor filed an ex parte motion seeking authority to issue a Rule 2004 subpoena to Microsoft Corporation. The motion stated that Creditor sought "payroll information" regarding William McNae no older than January 1, 2022. This is Creditor Fitzgerald's third ex parte

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 6

Rule 2004 subpoena motion in this case. The **first subpoena** motion was contested and resulted in a protective order limiting the scope and use of discovered information. A **second subpoena** motion **remains pending and is scheduled for hearing on May 7, 2026**. This motion concerns a third subpoena directed to Microsoft Corporation and raises the same issues of scope, notice, and use restrictions that have been contested throughout this case.

William McNae is scheduled to appear on May 7, 2026, to present his objection to Creditor's second Rule 2004 subpoena motion. Debtor requests that the Court hear this motion at the same time because both matters involve overlapping issues concerning subpoena scope, notice, and use restrictions. Creditor is simultaneously pursuing litigation in Florida state court, and the underlying federal action is on appeal in the Eleventh Circuit. Those parallel proceedings bear directly on the scope and use of any discovery sought through the Microsoft subpoena.

Against that backdrop, Creditor obtained the Order at Docket No. 110 on May 1, 2026, authorizing the Microsoft subpoena, while a prior subpoena motion remained pending and scheduled for hearing. The order authorizes a subpoena to Microsoft but also refers to production by "the Bank." The actual Microsoft subpoena was not filed with the Court before entry of the order.

Debtor raised the omission immediately. On April 30, 2026, Debtor emailed Creditor's counsel explaining that the service email did not include Docket Nos. 107 and 108, the actual Microsoft subpoena, or its attachments, definitions, instructions, document requests, or production deadline. Debtor requested the complete Microsoft subpoena package and explained that without it, Debtor could not determine whether the subpoena was limited to payroll-summary information

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 7

or reached broader employment, benefits, retirement, garnishment, tax, dependent, leave, human resources, or internal Microsoft records.

On May 1, 2026, Debtor again advised counsel that the lack of a complete subpoena package prevented meaningful review by the affected non-debtor. Creditor responded that Debtor and William McNae would receive a copy of the subpoena before service on Microsoft in accordance with **Fed. R. Civ. P. 45.** The affected parties did not receive the complete subpoena package before the Court ruled.

After receiving the subpoena, Debtor confirmed that it is broader than the "payroll information" described in Creditor's ex parte motion. Debtor then notified counsel that the subpoena seeks financial, benefits, equity, severance, tax, ACH/direct deposit, brokerage, RSU, ESPP, and 401(k)-related records concerning a non-debtor spouse through his current employer. Debtor also requested preservation of all communications, drafts, and versions of the Microsoft subpoena and proposed order.

**History and Timing.** Creditor's ex parte motion concerning Microsoft was filed on April 30, 2026. William McNae's objection was filed as Docket No. 109 on April 30, 2026, and entered on May 1, 2026, at 8:33:07 a.m. **Creditor's counsel did not transmit filing copies by email until approximately 4:04 p.m. on April 30, 2026**, and **that email did not include the complete Microsoft subpoena** package, including the subpoena, notice, definitions, instructions, document requests, attachments, or production deadline.

**DEBTOR RONDA MCNAE'S EMERGENCY
MOTION TO STAY AND FOR RECONSIDERATION
OR CLARIFICATION OF ORDER AUTHORIZING
RULE 2004 SUBPOENA TO MICROSOFT CORPORATION
AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 8

The timing matters. Prior ex parte Rule 2004 applications in this case have been acted on quickly. Docket No. 35 was filed on February 10 and ordered on February 12. Docket No. 95 was filed on March 30 and ordered on March 31. Here, the **Court entered Docket No. 110 on May 1, 2026, at 3:49:15 p.m.**, overruling William McNae's objection and authorizing the Microsoft subpoena. At that time, the actual **Microsoft subpoena and Exhibit A had not been filed on the docket or provided to the objecting non-debtor.** To Debtor's knowledge, the subpoena was not filed on the docket before entry of the order. Creditor's counsel transmitted the actual Microsoft subpoena and Exhibit A only after the order was entered. Delayed or incomplete notice deprives an affected non-debtor of a meaningful opportunity to review the subpoena and seek protective relief before private employer records are sought or produced.

## IV.     ARGUMENT

### A. Debtor Has Standing to Seek Emergency Relief in Her Bankruptcy Case

Debtor has standing to seek relief because the subpoena was authorized in her Chapter 7 case and directly concerns the permissible scope and use of Rule 2004 discovery in her bankruptcy estate. Under *Travelers Ins. Co. v. H.K. Porter Co.,* 45 F.3d 737, 742 (3d Cir. 1995), a party has standing to challenge an order that "diminishes their property, increases their burdens, or impairs their rights." The subpoena does all three. Creditor's own position that William McNae's wages constitute community property means that any discovery into his employment records directly implicates the bankruptcy estate and Debtor's rights within it. Creditor cannot simultaneously argue that William's wages are community property to justify discovery while arguing that Debtor has no standing to protect how that discovery is conducted.

**DEBTOR RONDA MCNAE'S EMERGENCY MOTION TO STAY AND FOR RECONSIDERATION OR CLARIFICATION OF ORDER AUTHORIZING RULE 2004 SUBPOENA TO MICROSOFT CORPORATION AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 9

Case 26-10051-CMA   Doc 114   Filed 05/04/26   Ent. 05/04/26 09:54:55   Pg. 9 of 24

Debtor also has standing as the named party in this Chapter 7 case in which the order was entered. Docket No. 110 expressly names Debtor, determines the scope of discovery authorized in her case, and imposes use restrictions that directly affect how information about her household finances may be obtained and used. Moreover, under *Comjean v. Cruickshank,* 191 B.R. 504, 506-07 (D. Mass. 1995), a debtor has standing to seek relief from an adverse order in her case even absent direct pecuniary loss. Debtor seeks to protect the estate, preserve the status quo, prevent misuse of bankruptcy discovery, and ensure that Rule 2004 discovery remains limited to estate administration.

Non-debtor William McNae intends to file a separate joinder in support of this motion. Microsoft is his current employer and the subpoena seeks his private employment-related records. Under *In re Peachtree Lane Assocs.,* Ltd., 188 B.R. 815, 827 (N.D. Ill. 1995), non-creditors with a practical or sufficient stake in bankruptcy proceedings must be afforded an opportunity to be heard on issues that affect them. William McNae has a direct and immediate stake in discovery targeting his current employer, and fundamental fairness requires that he receive notice and an opportunity to be heard before production occurs.

**B. A Stay Is Necessary to Prevent Irreparable Harm**

A stay is necessary because Microsoft's production may occur before the Court reviews the complete subpoena package, before the affected non-debtor receives meaningful notice, and before appropriate scope and use restrictions are in place. Once private employer records are produced, the harm from disclosure and onward dissemination cannot be fully undone by later relief.

**DEBTOR RONDA MCNAE'S EMERGENCY
MOTION TO STAY AND FOR RECONSIDERATION
OR CLARIFICATION OF ORDER AUTHORIZING
RULE 2004 SUBPOENA TO MICROSOFT CORPORATION
AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 10

The Supreme Court has recognized that orders compelling immediate delivery of property may warrant immediate review where delay would cause irreparable injury. See *Forgay v. Conrad*, 47 U.S. 201 (1848). Likewise, the Fifth Circuit has held that an order requiring turnover of property is immediately appealable because the resulting harm cannot be remedied after the fact. See *Matter of Simpson*, 36 F.3d 450, 452 (5th Cir. 1994). The same concern applies here: once Microsoft produces confidential employment, benefits, equity, and financial records concerning a non-debtor spouse, the information cannot be recalled from disclosure or fully protected by later relief. See also *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) (immediate review warranted where an order is effectively unreviewable after the fact). Without a stay, the harm will occur before this Court has an opportunity to evaluate whether the subpoena's scope was properly authorized or whether adequate protections were in place.

A short stay causes no meaningful prejudice to Creditor, who may seek properly limited discovery after Court review. By contrast, premature production would risk irreversible disclosure of private non-debtor employer records before the affected person receives meaningful notice or the Court has imposed appropriate protections.

**C. The Actual Microsoft Subpoena Was Not Filed with the Court and is Broader Than the Motion Presented**

Creditor's ex parte motion represented that the subpoena was needed to obtain "payroll information" regarding non-filing spouse William McNae. The actual Microsoft subpoena was not filed with the motion and was not before the Court when the order was entered. The subpoena was not filed on the docket before entry of the Order and was not provided to the objecting non-debtor

**DEBTOR RONDA MCNAE'S EMERGENCY
MOTION TO STAY AND FOR RECONSIDERATION
OR CLARIFICATION OF ORDER AUTHORIZING
RULE 2004 SUBPOENA TO MICROSOFT CORPORATION
AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 11

prior to the ruling. The Order was therefore entered without the complete subpoena package in the record.

The subpoena, attached as Exhibit A, seeks extensive non-payroll financial, equity, and benefits records, including payroll records, ACH and direct deposit authorization forms, W-2s, 1099s, vesting schedules and equity grant agreements, brokerage account statements held or administered through Microsoft, Microsoft benefit confirmation statements, severance or separation agreements, employer-sponsored financial and investment accounts, RSUs, ESPP shares, 401(k) accounts, vested and unvested equity, and documents identifying the financial institutions administering those benefits.

This is not a limited payroll request. It is a comprehensive financial, investment, and benefits discovery request directed at a non-debtor spouse through his current employer. The subpoena also defines "documents" extremely broadly, encompassing virtually all forms of recorded information, including communications, electronically stored data, contracts, correspondence, memoranda, pleadings, recordings, and similar materials whether in draft or final form.

The Court authorized Creditor's request based on a limited description of "payroll information," while the subpoena actually seeks broad employment, benefits, equity, brokerage, and financial-administration records from a non-debtor's current employer. Production should therefore be stayed until the Court has reviewed the complete subpoena package. **<u>The subpoena was not filed on the docket before the Order entered.</u>**

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 12

### D. Microsoft Is William McNae's Employer, Not A Financial Institution

A subpoena to Microsoft is materially different from a subpoena to a bank. Employer records may include payroll, benefits, internal communications, HR files, legal or compliance communications, reporting materials, investigations, complaints, and other confidential employment information that carry privacy interests distinct from ordinary bank records.

That distinction is not abstract. As documented in the declaration of Joshua Condie, William McNae's former direct manager at Microsoft, Microsoft HR conducted a confidential internal investigation involving William McNae, took active safety measures on his behalf, and maintains internal records relating to those matters. A broad employer subpoena using the document definition in Exhibit A could reach those confidential investigation materials, HR records, and safety-related communications, none of which are property of the bankruptcy estate and none of which are relevant to bankruptcy estate administration.

The Order's reference to production by **"the Bank"** indicates that the Court did not have the actual Microsoft subpoena before it when it ruled and that clarification is necessary. Microsoft is William McNae's current employer, not a financial institution. The Court should clarify the Order and impose employer-specific protections before any production occurs.

### E. William McNae Is a Non-Debtor Entitled to Direct Notice and Protection

William McNae is not the debtor. He is a non-debtor spouse whose current employer is the subject of a subpoena issued in someone else's bankruptcy case. He should not lose privacy protections in his employer records merely because Debtor filed Chapter 7.

**DEBTOR RONDA MCNAE'S EMERGENCY
MOTION TO STAY AND FOR RECONSIDERATION
OR CLARIFICATION OF ORDER AUTHORIZING
RULE 2004 SUBPOENA TO MICROSOFT CORPORATION
AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 13

Under *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 742 (3d Cir. 1995), an order that "increases the burdens" or "impairs the rights" of a party is subject to challenge. A subpoena to William's current employer plainly does both. Under *In re Peachtree Lane Assocs.*, 188 B.R. at 827, even a non-creditor with a "sufficient" or "practical" stake in the outcome of proceedings must be afforded a meaningful opportunity to be heard. William's stake here, including his current employment relationship, his privacy rights, and his financial records, could not be more direct or immediate.

The Ninth Circuit Bankruptcy Appellate Panel has further held that where the examination target is a third party, due process requires proper notice by subpoena, and that this protection applies with particular force where the examination target is not a party to the underlying bankruptcy case. *Stipp v. CML-NV One, LLC (In re Plise)*, 506 B.R. 870, 877-78 (B.A.P. 9th Cir. 2014). William McNae is not a party to this Chapter 7 case. He did not receive direct notice of the complete subpoena package before the Court ruled. That procedural gap is precisely what *In re Plise* identifies as a due process concern requiring correction before production occurs.

Notice through the Chapter 7 Trustee or general bankruptcy ECF service does not provide meaningful notice to a non-debtor whose current employer is being subpoenaed. William does not receive ECF notices. Creditor's own February 20, 2026, communications confirm awareness that affected participants outside the ECF system do not receive automatic notice. This Court should require direct service on William McNae of the complete subpoena package before any production is permitted.

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 14

### F. Rule 2004 Cannot Be Weaponized as Cross-Forum Claim Capture or an Abuse of Process

Rule 2004 discovery is authorized for the purpose of bankruptcy estate administration. It is not a vehicle for cross-forum claim capture or abuse of process, and this Court should not permit its discovery procedures to be used to gather information for proceedings over which it has no supervisory role.

The cross-use concern is documented by the record in this and related proceedings. The underlying judgment forming the basis for Creditor's claim against Debtor is currently on appeal in the United States Court of Appeals for the Eleventh Circuit. William McNae was dismissed from that federal action. Creditor is also pursuing William McNae in Florida state court litigation. Against that backdrop, Creditor obtained a subpoena through an ex parte motion describing only "payroll information," while Exhibit A demands equity grant agreements, vesting schedules, brokerage account statements, RSU and ESPP records, 401(k) materials, severance agreements, benefit confirmation statements, and documents identifying every financial institution administering William McNae's employer-sponsored accounts.

The gap between what Creditor told the Court it needed and what Exhibit A expressly demands is not a drafting oversight. The breadth of the requests exceeds what is reasonably necessary to determine payroll or income and creates a substantial risk that the information could be used for purposes outside bankruptcy estate administration.

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 15

At a minimum, any production authorized by further order should be expressly limited to bankruptcy estate administration, and use in any other forum should be prohibited absent further order of this Court.

Courts across jurisdictions have consistently held that Rule 2004 examinations may not be used to obtain discovery for proceedings pending in another tribunal. *See In re Cambridge Analytica LLC*, 600 B.R. 750, 753 (Bankr. S.D.N.Y. 2019); *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 515–17 (Bankr. E.D.N.Y. 1991); *In re Bibhu LLC*, 2019 WL 171550, at *2 (Bankr. S.D.N.Y. Jan. 10, 2019). In *Cambridge Analytica*, the court denied a Rule 2004 application where the movant's purpose was to obtain documents for use in a derivative action pending in another court, holding that the bankruptcy discovery process could not be used as a vehicle for that purpose. 600 B.R. at 753. The same principle was applied in *Bibhu*, where the court denied Rule 2004 discovery sought by a creditor who had a pending lawsuit against non-debtors, concluding that the application was aimed at obtaining discovery for the state court litigation rather than for legitimate bankruptcy estate administration. 2019 WL 171550, at *2. That is precisely the situation here. Creditor is simultaneously pursuing William McNae in Florida state court while the underlying judgment is on appeal in the Eleventh Circuit. The breadth of the Microsoft subpoena, reaching equity grants, vesting schedules, brokerage accounts, RSUs, ESPP shares, 401(k) materials, severance agreements, and every financial institution administering William McNae's employer-sponsored accounts, far exceeds what is necessary for estate administration and reflects exactly the kind of cross-forum discovery capture that courts have consistently refused to permit under Rule 2004.

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 16

The most directly applicable authority in this jurisdiction confirms the same limit. In *In re Mastro*, BAP No. WW-17-1226-TaSKu (9th Cir. BAP 2018), the Ninth Circuit Bankruptcy Appellate Panel held that Rule 2004 "may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs," and that matters having no relationship to the debtor's affairs or the administration of the bankruptcy estate are not proper subjects of a Rule 2004 examination. *In re Mastro* arose from the Western District of Washington and was designated for publication by the Ninth Circuit Bankruptcy Appellate Panel, making it the most directly relevant persuasive authority in this jurisdiction. The subpoena here, seeking employment, benefits, equity, brokerage, severance, RSU, ESPP, and 401(k) records from a non-debtor spouse's current employer, is precisely the kind of wholesale investigation of a non-debtor's private affairs that *Mastro* cautions against.

Courts have further recognized that Rule 2004 discovery must be limited where the examination scope exceeds what is reasonably necessary to administer the estate, requiring the court to balance the relevance and necessity of the information sought against the burden imposed on the affected party. *In re Sunedison, Inc.*, 572 B.R. 482, 489-90 (Bankr. S.D.N.Y. 2017). Limitations have likewise been imposed where the creditor's primary purpose appears to be gaining advantage in parallel non-bankruptcy proceedings rather than administering the estate. *See In re Golden Sphinx Ltd.*, 2023 WL 2823391, at *2 (Bankr. C.D. Cal. Mar. 31, 2023).

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 17

### G. The Court Has Authority to Limit Discovery to Prevent Abuse, Protect Privacy, And Preserve the Integrity of the Process

11 U.S.C. § 105(a) authorizes the Court to issue any order necessary to carry out the provisions of the Bankruptcy Code and to prevent an abuse of process. 11 U.S.C. § 107(c) permits the Court to protect information where disclosure would create an undue risk of identity theft or other unlawful injury.

Here, the subpoena targets a non-debtor spouse's current employer and risks disclosure of private employment and financial information before the Court has reviewed the subpoena's scope, notice, or use limitations. The parties are engaged in parallel proceedings in multiple forums, and the risk that information produced through bankruptcy discovery will be used in those proceedings is concrete and documented, not speculative.

Debtor does not seek to prevent legitimate Rule 2004 discovery. Debtor seeks only to ensure that any third-party production occurs after Court review, with appropriate notice to the affected non-debtor, and with limitations ensuring that the information is used solely for bankruptcy administration unless otherwise ordered. Rule 2004 discovery should be directed to matters relevant to the debtor's financial condition and estate administration, not used as a substitute for discovery in other forums. These modest protections are fully consistent with the Court's authority under 11 U.S.C. §§ 105(a) and 107(c) and with the integrity of the bankruptcy process.

### H. Reconsideration or Clarification Is Warranted and Must Occur Before Production

Reconsideration or clarification is warranted because the Court entered the order without the actual subpoena before it, based on a description of "payroll information" that does not

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 18

accurately reflect the scope of the subpoena that was actually prepared. The concern recognized in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), recognizing that certain harms are effectively unreviewable once they occur, supports immediate relief here. Once Microsoft produces confidential employer records, that harm cannot be undone by later appeal or modification. The collateral consequences of production, including disclosure, use in parallel proceedings, and loss of privacy, are precisely the kind of harm that requires prompt Court attention rather than deferred review.

The order should be clarified to address Microsoft's status as a current employer, William McNae's non-debtor status, the required scope of notice, the limits of permissible Rule 2004 discovery, and use restrictions applicable to any production. This Court has ample authority to impose these protections and should do so before any production occurs.

## V. PATTERN OF CROSS-FORUM CLAIM CAPTURE AND ABUSE-OF-PROCESS CONCERNS

The Microsoft subpoena must be viewed against the existing record of cross-forum enforcement pressure. Creditor has not merely pursued ordinary collection. Creditor's conduct reflects an effort to use enforcement tools to affect litigation posture in multiple forums.

Before this bankruptcy case, Creditor's counsel expressly stated that Creditor intended to credit bid his judgment to levy on the McNaes' lawsuits, including the ARAG federal action and the civil-rights case against King County. The Sheriff's Notice of Levy and Notice of Sale likewise purported to levy upon "any and all claims and/or causes of action" belonging to Ronda McNae and the marital community, including the ARAG federal action.

**DEBTOR RONDA MCNAE'S EMERGENCY
MOTION TO STAY AND FOR RECONSIDERATION
OR CLARIFICATION OF ORDER AUTHORIZING
RULE 2004 SUBPOENA TO MICROSOFT CORPORATION
AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 19

That record raises concern that the enforcement efforts were directed at pending legal claims, not ordinary personal property. ARAG later acknowledged that, if another person or entity acquired beneficial ownership of the ARAG coverage action through the levy auction, ARAG reserved the right to negotiate directly with that purchaser concerning ARAG's alleged liability. Creditor's counsel also tied the threatened levy to proposed global settlement discussions involving Fitzgerald, the McNaes, and ARAG.

The concern is compounded by later communications asserting that, once Ronda McNae filed bankruptcy, she "lost all rights" to assert any position in her appeal, that the trustee alone controlled the appeal, and that further filings could constitute a knowing and willful stay violation. Debtor respectfully submits that those statements overstate the effect of the automatic stay and functioned as litigation pressure against Debtor's ability to seek judicial review and protect her rights.

This history matters because the Microsoft subpoena is not occurring in isolation. Creditors now seek broad employer, benefits, equity, brokerage, tax, severance, RSU, ESPP, 401(k), and financial-administration records from a non-debtor spouse's current employer through Rule 2004, while related litigation remains active in other forums. That creates a concrete risk that bankruptcy discovery will be used as cross-forum leverage rather than for legitimate estate administration.

The pattern is consistent with conduct that courts have recognized as an improper use of Rule 2004, specifically using bankruptcy discovery as a substitute for discovery in proceedings

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 20

pending before other tribunals. *See In re Cambridge Analytica LLC*, 600 B.R. at 753; *In re Bibhu LLC*, 2019 WL 171550, at *2.

The Court need not adjudicate the merits of the ARAG action, the civil-rights action, or the prior execution disputes to impose protective limits here. The documented history supports narrow protective relief: a stay, filing and review of the complete subpoena package, direct notice to the affected non-debtor, employer-specific limitations, and a restriction limiting use to administration of the bankruptcy estate absent further Court order.

### VI. CONCLUSION

Debtor respectfully requests that the Court grant this emergency motion and enter an order providing the following relief:

1. Creditor shall not serve the Microsoft subpoena pending further order of the Court. If the subpoena has already been served, Creditor must immediately notify Microsoft in writing that no production shall occur pending further order of the Court.

2. Microsoft shall not produce any documents pursuant to the subpoena pending further order of the Court.

3. Creditor must file the complete Microsoft subpoena package with this Court, including the subpoena, Exhibit A, all definitions, instructions, document requests, attachments, and the production deadline.

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 21

4. Non-debtor William McNae must receive direct service of the complete Microsoft subpoena package contemporaneously with filing it with the Court.

5. Any discovery from Microsoft authorized by further order of the Court must be limited to bankruptcy estate administration only, including assets, liabilities, and transfers subject to administration in this Chapter 7 case.

6. Any documents or information produced by Microsoft may not be used or disclosed in any other proceeding absent further order of the Court.

7. The Court should impose appropriate employer-specific protections, including limits on confidential HR, benefits, equity, and internal employment records, before any production from Microsoft occurs.

8. The Court should set this matter for an expedited hearing at the earliest available time. Premature production would cause irreparable harm, and a short stay pending Court review causes no meaningful prejudice to Creditor while preserving the integrity of the bankruptcy process.

DATED this 4th day of May 2026, at Kirkland, Washington.

Respectfully submitted,


/s/ Ronda McNae
Ronda McNae
Pro Se Debtor

**DEBTOR RONDA MCNAE'S EMERGENCY**
**MOTION TO STAY AND FOR RECONSIDERATION**
**OR CLARIFICATION OF ORDER AUTHORIZING**
**RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
**AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 22

## CERTIFICATE OF SERVICE

I certify that on May 4, 2026, I served true and correct copies of the following documents on the parties listed below by the methods indicated:

1. Debtor Ronda McNae's Emergency Motion to Stay and for Reconsideration or Clarification of Order Authorizing Rule 2004 Subpoena to Microsoft Corporation and Request for Expedited Hearing;

2. Declaration of Ronda Delapina McNae in Support of Emergency Motion, with Exhibits A-E;

3. Proposed Order Granting Debtor's Emergency Motion to Stay and for Reconsideration or Clarification;

4. Notice of Appeal from Interlocutory Order and Statement of Election to Have Appeal Heard by the United States District Court;

5. Official Form 417A, Notice of Appeal and Statement of Election;

6. Debtor's Motion for Leave to Appeal from Interlocutory Order Under 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004;

7. Debtor-Appellant Ronda McNae's Emergency Motion for Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007.

**Parties Served:**

**Michael P. Klein, Chapter 7 Trustee**
330 Madison Avenue S, Suite 105
Bainbridge Island, WA 98110
trusteeklein@hotmail.com
☑ Via CM/ECF
☑ Via electronic mail

**Office of the United States Trustee for Region 18**
700 Stewart Street, Suite 5220
Seattle, WA 98101

DEBTOR RONDA MCNAE'S EMERGENCY
MOTION TO STAY AND FOR RECONSIDERATION
OR CLARIFICATION OF ORDER AUTHORIZING
RULE 2004 SUBPOENA TO MICROSOFT CORPORATION
AND REQUEST FOR EXPEDITED HEARING
Case No. 26-10051-CMA - 23

USTP.Region18@usdoj.gov
☑ Via electronic mail

**Counsel for Creditor Michael Fitzgerald (Washington)**
Michael M. Sperry
Schweet Linde & Rosenblum, PLLC
5601 6th Ave S., Suite 258
P.O. Box 80646
Seattle, WA 98108
michaels@schweetlaw.com
☑ Via CM/ECF

**William McNae, Non-Debtor Spouse**
504 11th Pl
Kirkland, WA 98033
prose.wmcnae@gmail.com
☑ Via electronic mail

**Microsoft Corporation (Subpoena Target)**
c/o Corporation Service Company, Registered Agent
300 Deschutes Way SE, Suite 208 MC-CSC1
Tumwater, WA 98501
☑ Via U.S. Mail, postage prepaid
☑ Via electronic mail

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 4th day of May 2026, at Kirkland, Washington.

*/s/ Ronda Delapina McNae*
Ronda Delapina McNae
Pro Se Debtor
504 11th Place
Kirkland, WA 98033
prose.rmcnae@gmail.com

**DEBTOR RONDA MCNAE'S EMERGENCY
MOTION TO STAY AND FOR RECONSIDERATION
OR CLARIFICATION OF ORDER AUTHORIZING
RULE 2004 SUBPOENA TO MICROSOFT CORPORATION
AND REQUEST FOR EXPEDITED HEARING**
Case No. 26-10051-CMA - 24