**FILED - WAWB**
**MAY 04 2026 12:50 AM**
**Sarah E. Bogosian, Clerk of Court**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

RONDA MCNAE,

Debtor.

CASE NO. **26-10051-CMA**

Chapter 7

**DEBTOR'S MOTION FOR LEAVE TO APPEAL FROM INTERLOCUTORY ORDER UNDER 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**

**DEBTOR'S MOTION FOR LEAVE TO APPEAL**
**FROM INTERLOCUTORY ORDER**
**UNDER 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**
Case No. 26-10051-CMA - 1

Case 26-10051-CMA   Doc 117   Filed 05/04/26   Ent. 05/04/26 15:37:18   Pg. 1 of 11

## I.      RELIEF REQUESTED

Debtor Ronda Delapina McNae respectfully moves for leave to appeal the Court's interlocutory order entered on May 1, 2026, Docket No. 110, authorizing Creditor's Rule 2004 subpoena to Microsoft Corporation and overruling objections to that subpoena.

## II.      ORDER TO BE APPEALED

The order authorizes Creditor to pursue Rule 2004 discovery from Microsoft Corporation, the current employer of non-debtor William McNae. William McNae is not the debtor in this Chapter 7 case. The actual Microsoft subpoena was not filed with the Court before the order was entered. Creditor's motion described the subpoena as seeking "payroll information," but the actual subpoena seeks broader employer, benefits, equity, brokerage, and financial-administration records. The order also refers to production "by the Bank," confirming that the Court did not have the actual subpoena before it when it ruled.

## III.      QUESTIONS PRESENTED

1.  Whether a Rule 2004 subpoena to a non-debtor spouse's current employer may proceed without direct notice to the affected non-debtor.

2.  Whether the Court should require the complete subpoena package to be filed and reviewed before permitting employer production.

3.  Whether Rule 2004 discovery may be limited to bankruptcy estate administration and barred from use in parallel litigation or enforcement proceedings absent further order.

4.  Whether a stay is required where production would disclose private employment-related records of a non-debtor spouse before the Court has reviewed the actual subpoena.

**DEBTOR'S MOTION FOR LEAVE TO APPEAL**
**FROM INTERLOCUTORY ORDER**
**UNDER 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**
Case No. 26-10051-CMA - 2

5. Whether an order authorizing a subpoena based on a limited description of "payroll information" should be reconsidered or clarified where the actual unfiled subpoena seeks broader employment, benefits, equity, brokerage, and financial-administration records.

## IV. REASONS LEAVE TO APPEAL SHOULD BE GRANTED

**A. The Order Presents Controlling Questions Concerning Non-Debtor Rights And Rule 2004 Limits.**

The order concerns the scope of Rule 2004 discovery directed to a non-debtor spouse's current employer. The issue is significant because the subpoena targets private employment-related records of a person who is not the debtor, did not receive direct service of the subpoena package, and did not receive the complete subpoena package before the Court ruled. The questions presented go to the permissible scope and procedural requirements of Rule 2004 discovery directed to non-debtors, which are controlling issues in this case.

The Ninth Circuit Bankruptcy Appellate Panel has recognized that Rule 2004 "may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs," and that "[m]atters having no relationship to the debtor's affairs, or the administration of the bankruptcy estate are not proper subjects of a Rule 2004 examination." *In re Mastro*, 585 B.R. 587 (B.A.P. 9th Cir. 2018) (citing *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985); *In re Fin. Corp. of Am.*, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990)). This case arose from the Western District of Washington and was designated for publication by the Ninth Circuit Bankruptcy Appellate Panel, making it the most directly relevant persuasive authority in this jurisdiction. The

**DEBTOR'S MOTION FOR LEAVE TO APPEAL**
**FROM INTERLOCUTORY ORDER**
**UNDER 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**
Case No. 26-10051-CMA - 3

Case 26-10051-CMA    Doc 117    Filed 05/04/26    Ent. 05/04/26 15:37:18    Pg. 3 of 11

subpoena here targets the private employment, benefits, equity, and financial records of a non-debtor spouse, precisely the kind of wholesale investigation of a non-debtor's private affairs that *Mastro* cautions against.

Courts applying Rule 2004 in the Ninth Circuit have further held that where the examination target is a third party, "the due process rights of third parties are protected by jurisdiction being obtained by the issuance of an order and a FRCP 45 subpoena." *Stipp v. CML-NV One, LLC (In re Plise)*, 506 B.R. 870, 877-78 (B.A.P. 9th Cir. 2014), cited in *In re Downs*, Case No. 8:16-bk-12589-SC (Bankr. C.D. Cal. Oct. 13, 2021). Proper notice by subpoena is "particularly the case where," as here, the examination target "was not a party to the underlying bankruptcy case." *In re Downs*, slip op. at 23. Here, William McNae, whose employer records are sought, is not a party to this Chapter 7 case, and no direct FRCP 45 subpoena notice was provided to him before the order issued.

## B. Immediate Review May Materially Advance the Case

Immediate review will materially advance this bankruptcy case by clarifying whether Creditor may obtain employer records from Microsoft, what notice is required before service on a non-debtor's employer, and what protective restrictions must apply to any authorized production. Without review, production may occur before the legal issues are resolved, rendering the appeal moot.

Significantly, the Ninth Circuit Bankruptcy Appellate Panel has previously granted leave to appeal a Rule 2004 examination decision under 28 U.S.C. § 158(a)(3), confirming that such orders may be interlocutory and appropriate for discretionary review. *In re Mastro*, 585 B.R. 587 (B.A.P. 9th Cir. 2018).

**DEBTOR'S MOTION FOR LEAVE TO APPEAL**
**FROM INTERLOCUTORY ORDER**
**UNDER 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**
Case No. 26-10051-CMA - 4

## C. The Harm from Production Cannot Be Undone

Once Microsoft produces private employment records, the privacy invasion and potential misuse cannot be fully remedied by later appellate correction. The Supreme Court has recognized that orders compelling immediate delivery of property may warrant immediate review where delay would cause irreparable injury. *See Forgay v. Conrad*, 47 U.S. 201 (1848). The Fifth Circuit has likewise held that an order requiring turnover of property is immediately reviewable because the resulting harm cannot be remedied after the fact. *See Matter of Simpson*, 36 F.3d 450, 452 (5th Cir. 1994). Under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), immediate review is warranted where an order is effectively unreviewable once its consequences have occurred. All three principles apply here. Once Microsoft produces confidential employment, benefits, equity, and financial records concerning a non-debtor spouse, that production cannot be recalled or its consequences undone by later relief.

The *Mastro* panel also recognized that Rule 2004 "does not offer the procedural safeguards available under the Federal Rules of Civil Procedure," and that in appropriate circumstances a bankruptcy court should "borrow" procedural protections from the Civil Rules to apply to Rule 2004 examinations. *In re Mastro*, 585 B.R. 587 (B.A.P. 9th Cir. 2018) (citing *In re Dinubilo*, 177 B.R. 932, 939-40 (E.D. Cal. 1993); *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 675 (Bankr. E.D. Pa. 1990)). Here, no such procedural protections were applied before the order issued. The complete subpoena was not filed, the non-debtor received no direct notice, and no use restrictions were imposed. The absence of those safeguards, combined with the irreversible nature of production, makes immediate review necessary.

**DEBTOR'S MOTION FOR LEAVE TO APPEAL**
**FROM INTERLOCUTORY ORDER**
**UNDER 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**
Case No. 26-10051-CMA – 5

The consequences of proceeding without a proper written order and subpoena are well illustrated in *In re Downs*, where the absence of a written, entered order before a Rule 2004 examination caused "confusion and unresolved misunderstandings" that the court described as "a classic example of why these two discovery processes should never be combined." *In re Downs*, slip op. at 18. Here, the risk of irreversible harm is heightened by the same procedural gap. The actual subpoena was not filed with the Court before the order issued, leaving the full scope of production undefined and unreviewable before Microsoft complies.

**D. There Is a Substantial Ground for Difference of Opinion**

There is substantial ground for disagreement regarding whether the subpoena may proceed without direct notice to the affected non-debtor, without the complete subpoena package before the Court, and without bankruptcy-use-only restrictions. There is also substantial ground for disagreement where the motion described only "payroll information," but the actual unfiled subpoena seeks broader employer, benefits, equity, brokerage, and financial-administration records. Reasonable jurists could differ on whether the order should have issued under these circumstances.

While Rule 2004 is broad in scope, its availability as a discovery tool is not unlimited. *See In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). Courts retain discretion to determine whether Rule 2004 discovery will be allowed, and must consider the competing interests of the parties, balancing the relevance and necessity of the information sought against the burden imposed. *See In re Sunedison, Inc.*, 572 B.R. 482, 489-90 (Bankr. S.D.N.Y. 2017). Limitations have been imposed where the purpose of the examination is to abuse or harass, *In re Enron Corp.* at 840, and where the creditor's primary purpose appears to be gaining advantage in parallel non-

**DEBTOR'S MOTION FOR LEAVE TO APPEAL**
**FROM INTERLOCUTORY ORDER**
**UNDER 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**
Case No. 26-10051-CMA - 6

Case 26-10051-CMA    Doc 117    Filed 05/04/26    Ent. 05/04/26 15:37:18    Pg. 6 of 11

bankruptcy proceedings rather than administering the estate. *See In re Cambridge Analytica LLC*, 600 B.R. 750, 753 (Bankr. S.D.N.Y. 2019); *In re Golden Sphinx Ltd.*, 2023 WL 2823391, at *2 (Bankr. C.D. Cal. Mar. 31, 2023).

Courts have further held that while Rule 2004 allows broad examination, "such an exam is not intended to be a fishing expedition of a third party's assets," and the scope "should not stray into matters which are not relevant to the basic inquiry, such as matters having no relationship to the debtor's affairs and no effect on the administration of his estate." *In re Downs*, slip op. at 24 (citing *In re Mitchell*, No. 18-40736-JMM, 2019 Bankr. LEXIS 658, at *16-17 (Bankr. D. Idaho Mar. 5, 2019)). The subpoena at issue here, seeking employment, benefits, equity, brokerage, and financial-administration records of a non-debtor spouse, risks straying precisely into matters having no direct relationship to the debtor's estate.

Additionally, testimony and records obtained through Rule 2004 may be used for purposes beyond the bankruptcy case itself, in other proceedings. This recognized risk of parallel use heightens the need for judicial scrutiny before private employment, benefits, equity, and financial records of a non-debtor are disclosed. The concern is not speculative here. Creditor's own counsel confirmed in writing on December 31, 2025, that Creditor intended to credit bid his judgment against Debtor to levy on the McNaes' lawsuits against ARAG Insurance and to seek to levy on the McNaes' civil rights case against the King County Sheriffs. Declaration of Ronda Delapina McNae, Ex. E. The Microsoft subpoena is sought by the same Creditor whose alleged conduct gave rise to the McNaes' civil rights claims. The connection between Creditor and Appellant's legal proceedings extends further. Post-trial proceedings in the Florida civil case, Case No. 1:22-cv-22171-JEM in the Southern District of Florida, have revealed that SoftwareONE, the company Creditor worked for and the company to which Appellant reported Creditor's alleged misconduct,

**DEBTOR'S MOTION FOR LEAVE TO APPEAL**
**FROM INTERLOCUTORY ORDER**
**UNDER 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**
Case No. 26-10051-CMA - 7

Case 26-10051-CMA    Doc 117    Filed 05/04/26    Ent. 05/04/26 15:37:18    Pg. 7 of 11

entered into a documented business partnership with ARAG Legal Insurance, Appellant's legal insurer, in October 2023. Approximately three weeks after that partnership was published, ARAG terminated Appellant's trial counsel, effective December 1, 2023, months before trial was scheduled to proceed. Appellant did not discover this connection until November 12, 2025, following trial. These facts are referenced in post-trial motions currently pending in the Florida proceeding. While those facts are not yet part of this bankruptcy record, they are part of the broader pattern of coordination surrounding Creditor, his former employer, and proceedings adverse to Appellant that makes the breadth and stated purpose of the Microsoft subpoena a matter requiring appellate scrutiny before irreversible production occurs. Using Rule 2004 to obtain broad employer records for leverage in those parallel proceedings is precisely what the improper purpose limitation is designed to prevent.

Furthermore, the overbroad document definition in the subpoena risks reaching confidential Microsoft HR and internal safety records entirely unrelated to bankruptcy estate administration. Joshua Condie, William McNae's former Microsoft manager, confirmed under penalty of perjury that when the McNaes formally reported allegations about Creditor to Microsoft HR in February and March of 2020, Microsoft HR treated the matter with a high level of confidentiality and kept the investigation confidential among a small number of Microsoft personnel. Declaration of Ronda Delapina McNae, Ex. C. Those records have no nexus to the debtor's estate and are not proper subjects of Rule 2004 examination. *In re Downs*, slip op. at 24. The fact that Creditor is the subject of those confidential Microsoft records heightens the concern that the subpoena's breadth serves purposes other than estate administration.

No controlling authority in the Ninth Circuit or this District addresses whether Rule 2004 discovery may proceed against a non-debtor spouse's current employer without direct notice to

**DEBTOR'S MOTION FOR LEAVE TO APPEAL**
**FROM INTERLOCUTORY ORDER**
**UNDER 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**
Case No. 26-10051-CMA - 8

that non-debtor and without the complete subpoena before the Court. The absence of controlling precedent on these precise procedural and privacy questions itself demonstrates that reasonable jurists could differ on the outcome, satisfying the substantial-ground-for-disagreement standard required for interlocutory review under 28 U.S.C. § 158(a)(3).

**E. The Appeal Is Narrow**

Debtor does not seek to disrupt administration of the estate or prevent legitimate Rule 2004 discovery. Debtor seeks review of a narrow discovery order directed to a non-debtor's current employer involving private employment information, where the actual subpoena was not before the Court when the order issued and where the affected non-debtor did not receive meaningful notice before the order was entered.

**V. CONCLUSION**

Debtor respectfully requests that leave to appeal be granted and that the subpoena order be stayed pending appeal.

DATED this 4th day of May 2026, at Kirkland, Washington.

Respectfully submitted,

*/s/ Ronda Delapina McNae*
Ronda Delapina McNae
Pro Se Debtor

**DEBTOR'S MOTION FOR LEAVE TO APPEAL**
**FROM INTERLOCUTORY ORDER**
**UNDER 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**
Case No. 26-10051-CMA - 9

# CERTIFICATE OF SERVICE

I certify that on May 4, 2026, I served true and correct copies of the following documents

on the parties listed below by the methods indicated:

1. Debtor Ronda McNae's Emergency Motion to Stay and for Reconsideration or Clarification of Order Authorizing Rule 2004 Subpoena to Microsoft Corporation and Request for Expedited Hearing;
2. Declaration of Ronda Delapina McNae in Support of Emergency Motion, with Exhibits A-E;
3. Proposed Order Granting Debtor's Emergency Motion to Stay and for Reconsideration or Clarification;
4. Notice of Appeal from Interlocutory Order and Statement of Election to Have Appeal Heard by the United States District Court;
5. Official Form 417A, Notice of Appeal and Statement of Election;
6. Debtor's Motion for Leave to Appeal from Interlocutory Order Under 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004;
7. Debtor-Appellant Ronda McNae's Emergency Motion for Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007;
8. Proposed Order Granting Debtor-Appellant's Emergency Motion for Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007.

**Parties Served:**

**Michael P. Klein, Chapter 7 Trustee**
330 Madison Avenue S, Suite 105
Bainbridge Island, WA 98110
trusteeklein@hotmail.com
☑ Via CM/ECF
☑ Via electronic mail

**Office of the United States Trustee for Region 18**
700 Stewart Street, Suite 5220
Seattle, WA 98101
USTP.Region18@usdoj.gov
☑ Via electronic mail

**Counsel for Creditor Michael Fitzgerald (Washington)**
Michael M. Sperry
Schweet Linde & Rosenblum, PLLC
5601 6th Ave S., Suite 258

**DEBTOR'S MOTION FOR LEAVE TO APPEAL**
**FROM INTERLOCUTORY ORDER**
**UNDER 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**
Case No. 26-10051-CMA - 10

Case 26-10051-CMA   Doc 117   Filed 05/04/26   Ent. 05/04/26 15:37:18   Pg. 10 of 11

P.O. Box 80646
Seattle, WA 98108
michaels@schweetlaw.com
☑ Via CM/ECF


**William McNae, Non-Debtor Spouse**
504 11th Pl
Kirkland, WA 98033
prose.wmcnae@gmail.com
☑ Via electronic mail

**Microsoft Corporation (Subpoena Target)**
c/o Corporation Service Company, Registered Agent
300 Deschutes Way SE, Suite 208 MC-CSC1
Tumwater, WA 98501
☑ Via U.S. Mail, postage prepaid
☑ Via electronic mail

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


DATED this 4th day of May 2026, at Kirkland, Washington.


*/s/ Ronda Delapina McNae*
Ronda Delapina McNae
Pro Se Debtor
504 11th Place
Kirkland, WA 98033
prose.rmcnae@gmail.com

**DEBTOR'S MOTION FOR LEAVE TO APPEAL
FROM INTERLOCUTORY ORDER
UNDER 28 U.S.C. § 158(a)(3) AND FED. R. BANKR. P. 8004**
Case No. 26-10051-CMA - 11

Case 26-10051-CMA    Doc 117    Filed 05/04/26    Ent. 05/04/26 15:37:18    Pg. 11 of 11