UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

    RONDA MCNAE,

        Debtor.

CASE NO. **26-10051-CMA**

Chapter 7

**[PROPOSED] ORDER COMPELLING ABANDONMENT OF LITIGATION CLAIMS PURSUANT TO 11 U.S.C. § 554(b) AND FED. R. BANKR. P. 6007(b)**

THIS MATTER came before the Court on Debtor's Motion to Compel Abandonment of Litigation Claims Pursuant to 11 U.S.C. § 554(b) and Fed. R. Bankr. P. 6007(b) (the "Motion"). The Court has considered the Motion, any response and reply, the record, and applicable law.

THE COURT FINDS:

1. Debtor is a party in interest under 11 U.S.C. § 554(b) and Fed. R. Bankr. P. 6007(b).

2. The Motion concerns any estate interest in Debtor's claims, causes of action, litigation rights, and related recovery rights in the following actions:

**[PROPOSED] ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO STAY AND FOR RECONSIDERATION OR CLARIFICATION OF ORDER AUTHORIZING RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
Case No. 26-10051-CMA - 1

a. *William McNae and Ronda McNae v. ARAG Insurance Company*, Case No. 2:24-cv-00211-TL, United States District Court for the Western District of Washington (the "ARAG Action").

b. *William McNae and Ronda McNae v. King County, et al.*, Case No. 2:25-cv-02710-JNW, United States District Court for the Western District of Washington (the "King County Action").

3. The estate's interest in the foregoing litigation claims, to the extent any exists, is burdensome to the estate and of inconsequential value and benefit to the estate within the meaning of 11 U.S.C. § 554(b), because administration would require fact-intensive litigation, specialized counsel, and extensive debtor-dependent proof, and because the claims are contingent, disputed, and unliquidated, and are intertwined with the rights and claims of a non-debtor co-plaintiff.

4. Abandonment will promote efficient administration by removing estate uncertainty that risks prejudice in active district court litigation.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. **Abandonment Ordered.** Pursuant to 11 U.S.C. § 554(b) and Fed. R. Bankr. P. 6007(b), the Chapter 7 Trustee is ORDERED to abandon any and all bankruptcy estate interest, if any, in Debtor's claims, causes of action, litigation rights, and related recovery rights in the ARAG Action and the King County Action.

2. **Scope Limited to Estate Interest Only.** This Order applies only to the bankruptcy estate's interest, if any, in Debtor's litigation rights. It does not adjudicate, impair,

**[PROPOSED] ORDER GRANTING DEBTOR'S
EMERGENCY MOTION TO STAY AND FOR
RECONSIDERATION OR CLARIFICATION OF
ORDER AUTHORIZING RULE 2004
SUBPOENA TO MICROSOFT CORPORATION**
Case No. 26-10051-CMA - 2

expand, or restrict any rights, claims, defenses, or interests of any non-debtor, including non-debtor co-plaintiff William McNae.

3. **No Stay Relief. No Validation of Enforcement Rights.** Nothing in this Order grants relief from the automatic stay, determines the validity, priority, scope, enforceability, or effect of any asserted levy, lien, sheriff's sale, credit bid, assignment, transfer, or purchaser interest, or authorizes any creditor to exercise control over Debtor based on a prepetition judgment. All such issues remain subject to further order of this Court and applicable law.

4. **No Waiver.** Nothing in this Order waives any objection, exemption, defense, appellate right, or stay protection held by Debtor or any non-debtor party.

5. **Effect of Abandonment.** Upon abandonment, the Trustee shall have no authority to control, prosecute, settle, release, or compromise the abandoned litigation claims, except as may be ordered by this Court on a properly noticed motion.

///END OF ORDER///

_____

HON. CHRISTOPHER M. ALSTON

United States Bankruptcy Judge

Presented by:

*/s/ Ronda Delapina McNae*
Ronda Delapina McNae, Pro Se Debtor
prose.rmcnae@gmail.com

**[PROPOSED] ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO STAY AND FOR RECONSIDERATION OR CLARIFICATION OF ORDER AUTHORIZING RULE 2004 SUBPOENA TO MICROSOFT CORPORATION**
Case No. 26-10051-CMA - 3