**FILED - WAWB**

**JUN 03 2026 3:17 PM**

**Sarah E. Bogosian, Clerk of Court**

NOTE ON MOTION CALENDAR:
June 25, 2026, at 9:30 a.m
Courtroom 7206, Seattle
**ORAL ARGUMENT REQUESTED**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

    RONDA MCNAE,

        Debtor.

CASE NO. **26-10051-CMA**

Chapter 7

**DEBTOR'S MOTION FOR LIMITED STAY CLARIFICATION TO PRESERVE THE STATUS QUO PENDING STATE-COURT DETERMINATION OF EXECUTION VALIDITY**

## I.    RELIEF REQUESTED

Debtor Ronda Delapina McNae respectfully moves for limited clarification of the automatic stay under 11 U.S.C. § 362 to preserve the status quo pending a determination by King County Superior Court of whether the January 7, 2026 execution sale resulted in any valid or completed transfer under Washington law.

**DEBTOR'S MOTION FOR LIMITED STAY CLARIFICATION TO PRESERVE THE STATUS QUO PENDING STATE-COURT DETERMINATION OF EXECUTION VALIDITY**
Case No. 26-10051-CMA - 1

Case 26-10051-CMA   Doc 173   Filed 06/03/26   Ent. 06/03/26 15:30:21   Pg. 1 of 10

Debtor does not seek relief from stay to permit enforcement, issuance of any bill of sale, or use or control of any alleged litigation rights. Debtor seeks only clarification that the parties may seek a determination from King County Superior Court of the execution-validity issue, while all implementation of any alleged transfer remains stayed pending further order of this Court.

The narrow issue presented is whether the January 7, 2026 sheriff's sale resulted in any valid or completed transfer under Washington law, including whether any transfer occurred before the January 8, 2026 petition date.

## II.     BASIS FOR RELIEF

Creditor's pending Motion for Relief from Stay seeks authorization to obtain a bill of sale for alleged litigation rights. That request underscores a threshold issue: whether the alleged execution sale was valid or complete before the petition date.

The validity of the levy, sale, and any alleged transfer depends on Washington execution law and the enforcement record in King County Superior Court. That court issued the writ and supervises the execution process, and is therefore the appropriate forum to determine whether the execution sale complied with Washington law before any party relies on the alleged sale in this bankruptcy case or in related federal litigation.

Debtor therefore requests limited clarification of the automatic stay to preserve the status quo and confirm that the parties may seek a determination from King County Superior Court of the execution-validity issue. The automatic stay should remain in place as to any bill of sale, transfer, enforcement, substitution, intervention, settlement, collection, use, or control of any alleged litigation rights unless and until this Court enters a further order.

**DEBTOR'S MOTION FOR LIMITED STAY
CLARIFICATION TO PRESERVE THE STATUS
QUO PENDING STATE-COURT DETERMINATION
OF EXECUTION VALIDITY**
Case No. 26-10051-CMA - 2

## III.    RELEVANT BACKGROUND

### A. Creditor seeks a bill of sale for alleged litigation rights

Creditor asserts that a January 7, 2026 sheriff's auction transferred alleged litigation rights arising from claims held by Debtor, the marital community, and potentially non-debtor William McNae. Creditor's pending Motion for Relief from Stay seeks authorization to obtain a bill of sale. That request reflects that a threshold state-law issue remains unresolved as to whether any transfer was valid or complete before the petition date.

### B. The alleged litigation rights involve active federal cases and non-debtor claims.

The alleged litigation rights include claims asserted in at least two active federal actions:

1. *McNae v. ARAG Insurance Company*, W.D. Wash. Case No. 2:24-cv-00211-TL; and

2. *McNae v. King County Sheriff's Office*, W.D. Wash. Case No. 2:25-cv-02710-JNW.

Those actions include claims asserted by non-debtor William McNae. William McNae is not the Chapter 7 debtor, and his independent claims are not property of the estate merely because a sheriff's notice of levy used broad language referencing claims of Debtor or the marital community.

### C. Federal proceedings have recognized limits on Creditor's participation.

In the ARAG action, the district court ruled that Michael Fitzgerald is not a party, terminated his appearance and electronic access, and required leave of court for any further filings. *McNae v. ARAG Ins. Co.*, No. 2:24-cv-00211-TL, Dkt. 131 at 2–3 (W.D. Wash. Jan. 9, 2026).

**DEBTOR'S MOTION FOR LIMITED STAY**
**CLARIFICATION TO PRESERVE THE STATUS**
**QUO PENDING STATE-COURT DETERMINATION**
**OF EXECUTION VALIDITY**
Case No. 26-10051-CMA - 3

In the King County civil-rights action, the district court declined to enjoin the sheriff's sale on comity grounds, while recognizing that Plaintiffs may pursue federal civil-rights claims regardless of whether the sale proceeds. *McNae v. King County Sheriff's Office*, No. 2:25-cv-02710-JNW, Dkt. 21 at 4–5 (W.D. Wash. Jan. 7, 2026).

These rulings do not resolve whether the execution sale was valid or complete. They underscore the need to preserve the status quo before any bill of sale issues or any party attempts to rely on the alleged sale to affect litigation rights.

## IV.    ARGUMENT

### A. The State-Court should determine the Washington execution-law validity issue in the first instance

The threshold issue is whether Washington law resulted in any valid or completed transfer before the bankruptcy petition. That issue is appropriately determined in the first instance by King County Superior Court, which issued the writ and supervises the execution process, including whether the writ, levy, notice, sale, and any alleged transfer complied with Washington law and resulted in any completed transfer before the petition date.

This Court need not decide those state-law execution issues in the first instance. The Court should instead preserve the status quo and prevent issuance of any bill of sale or litigation-control action before the State-Court resolves that threshold issue.

### B. Limited stay clarification protects the estate and all parties

**DEBTOR'S MOTION FOR LIMITED STAY
CLARIFICATION TO PRESERVE THE STATUS
QUO PENDING STATE-COURT DETERMINATION
OF EXECUTION VALIDITY**
Case No. 26-10051-CMA - 4

A narrow clarification protects the estate by preventing irreversible transfer or control of disputed alleged litigation rights before validity is determined. It also permits Creditor to seek a state-court determination of the execution issue, preserves estate property for the Trustee, and prevents non-debtor William McNae's independent claims from being swept into a disputed transfer.

This is not a request to lift the stay for collection, enforcement, or issuance of a bill of sale. It is a request for limited clarification that the parties may seek a state-court determination of the execution-validity issue while all implementation of any alleged transfer remains stayed pending further order of this Court.

**C. The requested relief is narrower and more orderly than Creditor's requested stay relief.**

Creditor seeks authorization to obtain a bill of sale. Debtor seeks only to preserve the status quo pending a determination of whether any valid or completed transfer occurred. That sequencing is more orderly. A bill of sale could be used to seek substitution, intervention, settlement authority, dismissal authority, or litigation control in federal cases involving non-debtor claims. Once taken, those actions may be difficult to unwind. The appropriate course is limited stay clarification first, state-court determination second, and only then further proceedings in this Court regarding estate property and any claimed interests.

**D. The automatic stay should remain in place as to implementation, transfer, and use of the alleged litigation rights.**

Any order granting limited clarification should expressly preserve the automatic stay as to:

**DEBTOR'S MOTION FOR LIMITED STAY**
**CLARIFICATION TO PRESERVE THE STATUS**
**QUO PENDING STATE-COURT DETERMINATION**
**OF EXECUTION VALIDITY**
Case No. 26-10051-CMA - 5

Case 26-10051-CMA    Doc 173    Filed 06/03/26    Ent. 06/03/26 15:30:21    Pg. 5 of 10

1. Issuance or delivery of any bill of sale;

2. Any transfer, assignment, enforcement, collection, or other act to obtain possession or control of alleged litigation rights;

3. Substitution, intervention, appearance, settlement, dismissal, or litigation control in any action based on the alleged sale; and

4. Any act affecting property of the estate absent further order of this Court.

This limitation is necessary to ensure that the state-court validity determination does not become a vehicle for implementing any alleged transfer before this Court determines estate-property scope and related issues.

## V.    REQUESTED ORDER

Debtor requests that the Court enter an order providing:

1. The automatic stay is **clarified solely to confirm that Debtor, Creditor, the Trustee, and any affected party may seek a determination from King County Superior Court** of whether the January 7, 2026 execution sale of alleged litigation rights resulted in any valid or completed transfer under Washington law.

2. The automatic stay remains in full effect as to any issuance or delivery of a bill of sale, or any transfer, enforcement, substitution, intervention, litigation control, settlement, dismissal, assignment, collection, or use of the alleged litigation rights absent further order of this Court.

**DEBTOR'S MOTION FOR LIMITED STAY
CLARIFICATION TO PRESERVE THE STATUS
QUO PENDING STATE-COURT DETERMINATION
OF EXECUTION VALIDITY**
Case No. 26-10051-CMA - 6

Case 26-10051-CMA    Doc 173    Filed 06/03/26    Ent. 06/03/26 15:30:21    Pg. 6 of 10

3. Nothing in this Order adjudicates whether the alleged litigation rights are property of the estate, property of Debtor, property of the marital community, property of non-debtor William McNae, exempt, abandoned, assignable, transferable, or enforceable.

4. Nothing in this Order authorizes Creditor to file, appear, intervene, substitute, settle, dismiss, control, or otherwise act in the ARAG action, the King County civil-rights action, or any other pending litigation based on the alleged execution sale.

5. The purpose of this clarification is solely to allow a state-court determination of Washington execution-sale validity before any irreversible action occurs.

## VI. CONCLUSION

The Court should not permit issuance of a bill of sale before any court determines whether the January 7, 2026 execution sale resulted in any valid or completed transfer under Washington law. Creditor's own stay-relief request confirms that a bill of sale is still sought, and that the threshold execution-validity issue remains unresolved. The alleged litigation rights involve active federal cases and non-debtor claims, including claims as to which federal courts have already recognized limits on Creditor's participation and access.

Debtor respectfully requests limited clarification of the automatic stay to preserve the status quo and confirm that the parties may seek a determination from King County Superior Court of the execution-validity issue, while the automatic stay remains in full effect as to any bill of sale, transfer, enforcement, substitution, intervention, settlement, litigation control, or use of the alleged litigation rights absent further order of this Court.

**DEBTOR'S MOTION FOR LIMITED STAY
CLARIFICATION TO PRESERVE THE STATUS
QUO PENDING STATE-COURT DETERMINATION
OF EXECUTION VALIDITY**
Case No. 26-10051-CMA - 7

Case 26-10051-CMA    Doc 173    Filed 06/03/26    Ent. 06/03/26 15:30:21    Pg. 7 of 10

DATED this 3rd day of June 2026, at Kirkland, Washington.

Respectfully submitted,

_/s/ Ronda McNae_
Ronda McNae
Pro Se Debtor

**DEBTOR'S MOTION FOR LIMITED STAY
CLARIFICATION TO PRESERVE THE STATUS
QUO PENDING STATE-COURT DETERMINATION
OF EXECUTION VALIDITY**
Case No. 26-10051-CMA - 8

Case 26-10051-CMA    Doc 173    Filed 06/03/26    Ent. 06/03/26 15:30:21    Pg. 8 of 10

# CERTIFICATE OF SERVICE

I certify that on this 3rd day of June 2026, I served a true and correct copy of the foregoing Debtor's Motion for Limited Stay Clarification to Preserve the Status Quo Pending State-Court Determination of Execution Validity on the following parties by CM/ECF and/or electronic mail:

**Parties Served:**

**Michael P. Klein, Chapter 7 Trustee**
330 Madison Avenue S, Suite 105
Bainbridge Island, WA 98110
trusteeklein@hotmail.com
☑ Via CM/ECF
☑ Via electronic mail

**Office of the United States Trustee for Region 18**
700 Stewart Street, Suite 5220
Seattle, WA 98101
USTP.Region18@usdoj.gov
☑ Via electronic mail

**Counsel for Creditor Michael Fitzgerald (Washington)**
Michael M. Sperry
Schweet Linde & Rosenblum, PLLC
5601 6th Ave S., Suite 258
P.O. Box 80646
Seattle, WA 98108
michaels@schweetlaw.com
☑ Via CM/ECF

**William McNae, Non-Debtor Spouse**
504 11th Pl
Kirkland, WA 98033
prose.wmcnae@gmail.com
☑ Via electronic mail

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**DEBTOR'S MOTION FOR LIMITED STAY**
**CLARIFICATION TO PRESERVE THE STATUS**
**QUO PENDING STATE-COURT DETERMINATION**
**OF EXECUTION VALIDITY**
Case No. 26-10051-CMA - 9

Case 26-10051-CMA    Doc 173    Filed 06/03/26    Ent. 06/03/26 15:30:21    Pg. 9 of 10

DATED this 3rd day of June 2026, at Kirkland, Washington.

_**/s/ Ronda Delapina McNae**_
Ronda Delapina McNae
Pro Se Debtor
504 11th Place
Kirkland, WA 98033
prose.rmcnae@gmail.com

**DEBTOR'S MOTION FOR LIMITED STAY
CLARIFICATION TO PRESERVE THE STATUS
QUO PENDING STATE-COURT DETERMINATION
OF EXECUTION VALIDITY**
Case No. 26-10051-CMA - 10

Case 26-10051-CMA    Doc 173    Filed 06/03/26    Ent. 06/03/26 15:30:21    Pg. 10 of 10