THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONDA D. MCNAE,

               Appellant / Debtor,

    v.

MICHAEL J. FITZGERALD,

               Appellee / Creditor.

CASE NO. C26-1586-JCC

BANKRUPTCY CASE NO. 26-10051-CMA

ORDER

This matter comes before the Court on Ronda McNae's request for expedited review (Dkt. No. 8) of the Bankruptcy Court's denial of a motion to quash a subpoena *duces tecum* seeking production of her husband's Microsoft wage records. Having thoroughly considered the briefing and the relevant record, and finding no basis for the relief appellant seeks, the Court DENIES the motion as explained herein.

By way of background, Ms. McNae filed a petition with the United States Bankruptcy Court for the Western District of Washington. *See Fitzgerald v. McNae* (*In re McNae*), Ch. 7 Case No. 26-10051-CMA, Dkt. No. 1 (W.D. Wash. Bankr. 2026). Associated with that proceeding, the Bankruptcy Court granted Creditor Michael Fitzgerald's *ex parte* request for a subpoena *duces tecum*, *id.* at Dkt. No. 110, which Ms. McNae moved to stay, pending appeal of that decision to this Court. *Id.* at Dkt. No. 118. The Bankruptcy Court denied the motion and

ORDER
C26-1586-JCC
PAGE - 1

issued the subpoena. *Id.* at Dkt. No. 128. Ms. McNae now asks this Court to review that decision. (*See generally* Dkt. No. 8.)

An appellant seeking a discretionary stay from the bankruptcy court, "must [under Federal Rule of Bankruptcy Procedure 8007] meet the terms of a test virtually identical to that for a preliminary injunction." *In re PG & E,* 2002 WL 32071634, slip op. at 2 (N.D. Cal. 2002) (discussing analogous standard to be employed on motion to stay under Federal Rule of Bankruptcy Procedure 8017(b)). Thus, when evaluating Ms. McNae's request here, the Court considers the following: whether she (1) is likely to succeed on the merits, (2) is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The first two factors are the most important, and a mere "possibility" of either is insufficient. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

If the movant "has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the [movant's] proof regarding the other stay factors. *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011). In addition, in proceedings "[w]here the bankruptcy court has already denied a stay[,] [this Court's review] is limited to a simple determination of whether the bankruptcy court abused its discretion." *In re North Plaza, LLC*, 395 B.R. 113, 119 (Bankr. S.D. Cal. 2008) (citing *In re Wymer*, 5 B.R. 802, 807 (B.A.P. 9th Cir. 1980).

Because, as described below, Ms. McNae fails to satisfy the first two *Stormans* factors, the Court declines to consider the remaining factors. Ms. McNae provides little in the way of argument or evidence to show a likelihood of success on the merits of her ostensible request to quash the subpoena at issue. Said another way, she does not show *any* factual or legal basis as to "whether the [bankruptcy] court's resolution of the motion resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in

ORDER
C26-1586-JCC
PAGE - 2

the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009). Without this, Ms. McNae provides this Court with no basis to conclude that the Bankruptcy Court abused its discretion in finding it unlikely that she could succeed on the merits. And an irreparable harm finding requires a showing of "harm for which there is no adequate legal remedy, such as an award of damages." *Ariz. Dream Act. Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). Ms. McNae again provides scant evidence as to why Microsoft's production for the subpoena at issue would result in this. Instead, she simply argues that it *may* result in a *possible* violation of the Bankruptcy Court's order, if used for inappropriate purposes. *See In re McNae*, Dkt. No. 126, hearing recording, at 14:16. This is no more than a "[s]peculative injury" insufficient to support the relief sought here. *Goldie's Bookstore, Inc. v. Superior Court,* 739 F.2d 466, 472 (9th Cir. 1984).

In sum, because Ms. McNae fails to establish that the Bankruptcy Court erred in denying a motion to quash, and in finding no grounds for a stay pending appeal of that decision under Rule 8007, the instant motion (Dkt. No. 8) is DENIED.

So ORDERED this 14th day of July 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C26-1586-JCC
PAGE - 3