Honorable Judge Christopher M. Alston

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>RONDA DELAPINA MCNAE,<br><br>Debtor. | Case No.: 26-10051-CMA<br><br>**NOTICE OF CONSTITUTIONAL QUESTION AND CERTIFICATION OF CHALLENGE TO STATE STATUTE PURSUANT TO FED. R. CIV. P. 5.1** |

PLEASE TAKE NOTICE that, pursuant to FRCP 5.1, made applicable to this matter pursuant to FRBP 9005.1, Michael J. Fitzgerald ("**Creditor**") hereby files this Notice of Constitutional Question, because Creditor has questioned the constitutionality of RCW 6.15.010(1)(d)(ii), a statute of the State of Washington. Included with this Notice are documents already filed with the court that identifies the constitutional question, namely Creditor's Objection to Exemption (the "**Initial Objection**"), Dkt. 203, Debtor's Response to Michael Fitzgerald's Objection to Exemptions and to the Trustee's Objection to Exemptions, Dkt. 221, and Creditor's Reply in Support of Objection to Exemptions, Dkt. 225, (collectively hereinafter the "**Underlying Papers**") previously filed in the above captioned proceeding.

**1. The Statute at Issue**

RCW 6.15.010(1)(d)(ii) provides, in relevant part, that an individual debtor may exempt, "In a bankruptcy case, any other personal property, except personal earnings as provided under



*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S. STE. 258
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

RCW 6.15.050(1), not to exceed $10,000 in value." This bankruptcy-specific exemption amount is distinct from — and more generous than — the exemption otherwise available for the same category of property outside of bankruptcy under RCW 6.15.010(1)(d)(iii), which caps the non-bankruptcy exemption at $3,000 (subject to further sub-limits). RCW 6.15.010(1)(d)(ii) thus expressly conditions the amount of an individual's state-law exemption on whether the individual has filed a federal bankruptcy petition.

**2. The Constitutional/Preemption Question Presented**

The Initial Objection raised two constitutional issues. First, the Initial Objection called into question whether RCW 6.15.010(1)(d)(ii) is invalid under the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, on the ground that it is preempted by the Bankruptcy Clause, U.S. Const. art. I, § 8, cl. 4, and by the Bankruptcy Code, 11 U.S.C. §§ 101-1532, because it conflicts with and stands as an obstacle to the accomplishment of the full purposes and objectives of Congress in enacting a uniform federal bankruptcy exemption framework under 11 U.S.C. § 522, insofar as it treats similarly situated debtors differently based solely on their choice (or need) to seek federal bankruptcy relief.

Second, the Initial Objection also called into question whether RCW 6.15.010(1)(d)(ii) is invalid under Bankruptcy Clause, U.S. Const. art. I, § 8, cl. 4, and by the Bankruptcy Code, 11 U.S.C. § 522, because it results in non-uniform enforcement of exemptions turning solely on whether the exemption claimant was or was not a debtor in a bankruptcy proceeding.

**3. Notice and Service on the Attorney General**

Because this contested matter did not include the State of Washington, any of its agencies, or any of its officers or employees sued in an official capacity as a party, FRCP 5.1(a) requires Creditor to serve this Notice and the Underlying Papers on the Attorney General of the State of



*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S. STE. 258
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Washington. Accordingly, Creditor is serving, concurrently with the filing of this Notice, a copy of this Notice and the Underlying Papers on the Washington State Attorney General's Office, by certified or registered mail, as well as first class mail with postage pre-paid, addressed as follows:

Washington State Office of the Attorney General
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100

**4. Opportunity to Intervene**

Pursuant to FRCP 5.1(c) and 28 U.S.C. § 2403(b), the Attorney General of the State of Washington may intervene for purposes of addressing the constitutionality of RCW 6.15.010(1)(d)(ii) within 60 days after this Notice is filed, unless the Court sets a different time. Creditor respectfully requests that the Court, pursuant to FRCP 5.1(b) and 28 U.S.C. § 2403, certify to the Attorney General that the constitutionality of RCW 6.15.010(1)(d)(ii) has been drawn into question in this proceeding.

**5. No Final Judgment Pending Intervention Period**

Creditor further notes that, under FRCP 5.1(d), the Court may reject the constitutional challenge at any time but may not enter a final judgment holding RCW 6.15.010(1)(d)(ii) unconstitutional or preempted before the time to intervene expires or, if the Attorney General has intervened, before the Attorney General has had a reasonable time to respond.

DATED: August 14, 2026

**SCHWEET LINDE & ROSENBLUM, PLLC**

/s/ Michael M. Sperry
Michael M. Sperry, WSBA #43760
*Attorneys for Michael Fitzgerald*



*SCHWEET LINDE & ROSENBLUM, PLLC*
5601 6TH AVE S. STE. 258
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101