FILED - WAWB
SEP 24 2026 11:14 AM
Sarah E. Bogosian, Clerk of Court

**NO HEARING NOTED**
**PURSUANT TO LBR 9013-1(h)**
**ORAL ARGUMENT ONLY**
**IF REQUESTED BY THE COURT**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>RONDA DELAPINA MCNAE,<br><br>Debtor. | Bankruptcy Case No. 26-10051-CMA<br><br>Chapter 7<br><br>**DEBTOR'S MOTION FOR RECONSIDERATION OF DKT. 252 AND TO AMEND OR MAKE ADDITIONAL FINDINGS UNDER FED. R. BANKR. P. 7052** |

Debtor Ronda Delapina McNae, appearing pro se, respectfully moves under Federal Rules of Bankruptcy Procedure 7052 and 9014(c), Local Bankruptcy Rule 9013-1(h), and Local Civil Rule 7(h) for limited reconsideration of the Court's September 11, 2026, Order at Dkt. 252 and for amended or additional findings concerning the Court's September 10, 2026, oral ruling. Pursuant to LBR 9013-1(h), this Motion is submitted for consideration on the date filed and is not noted for hearing. No response or oral argument is requested unless directed by the Court. During the September 10 hearing, the Court stated that it appeared Debtor was *"just looking to make [Trustee's counsel] jump through hoops because AI has told [Debtor] that [she] can do that."* (Official Audio Recording of Sept. 10, 2026, Hearing ("Sept. 10 Hr'g Audio") at 7:52–8:13.) Respectfully, the record before the Court reflects something materially different: Debtor identified and documented the relationships at issue, raised the disclosure question before filing Dkt. 228, relied on Rule 2014 and relevant authority, and narrowed, rather than expanded, the relief requested.

That characterization is one of several matters for which Debtor seeks limited reconsideration or clarification. This Motion does not present a new theory and does not ask the Court to determine that Trustee's counsel has an actual conflict, lacks disinterestedness, holds an adverse interest, engaged in misconduct, should be disqualified, or should be denied compensation. Instead, Debtor respectfully asks the Court to reconsider or clarify whether its ruling materially misapprehended the record concerning: **(1) whether Debtor conceded that no conflict exists; (2) the distinction between disclosure under Rule 2014 and adjudication of conflict or disqualification; (3) the evidence of pre-employment discussions and involvement beyond an isolated January 22 email; and (4) the factual basis for attributing Debtor's Rule 2014 request to artificial intelligence.**

## I. RELEVANT PROCEDURAL HISTORY

1. On August 14, 2026, Debtor filed Dkt. 228, her Motion to Require Supplemental Disclosures Under Fed. R. Bankr. P. 2014 Regarding Employment of Trustee's Counsel.
2. Dkt. 228 expressly stated that Debtor did not contend that the January 22, 2026, communication, standing alone, established an actual conflict. Debtor instead asked whether the circumstances reflected a connection requiring disclosure so that the Court could determine its significance.

3. Dkt. 228 further stated: *"Debtor does not presently seek disqualification, sanctions, disgorgement, reconsideration or vacatur of the employment order. Debtor seeks complete disclosure first and expressly reserves the right to seek appropriate relief under 11 U.S.C. §§ 327 and 328(c), or other applicable law, if warranted after the disclosure record is complete."*

**4.** Trustee Michael P. Klein thereafter filed a response and sworn declaration at Dkt. 245/245-1.

**5.** Dkt. 245-1 materially expanded the pre-employment chronology. Trustee Klein stated, among other things, that he first approached Ms. Moewes regarding this bankruptcy on January 20, 2026; discussed this case with her before formal employment; remained in contact with her while investigating the matter; and understood that Ms. Moewes remained available to discuss issues arising in this case during the period before formal employment.

**6.** Trustee Klein also recalled advising Mr. Sperry that he was contemplating hiring Ms. Moewes to pursue a potential preference claim.

**7.** In response, Debtor filed Dkt. 247. Debtor expressly acknowledged that Dkt. 245-1 substantially provided the clarification previously requested from Trustee Klein and therefore did not seek duplicative relief from him to the extent the Court found his declaration sufficient.

**8.** Debtor narrowed the remaining request to a verified statement from Ms. Moewes addressing:

**a.** whether she received, reviewed, responded to, or otherwise participated in the January 22, 2026 communication;

**b.** whether, before May 21, 2026, she had any connection within the scope of Rule 2014 with Michael Fitzgerald, Michael M. Sperry, or attorneys or representatives acting for Fitzgerald; and

**c.** if so, the general nature, dates, participants, and subject matter of the connection and materially related pre-employment communications, without disclosure of privileged communications, attorney work product, confidential settlement substance, or legal advice.

**9.** Dkt. 247 again expressly stated: *"Debtor continues to seek no determination through this Motion that Ms. Moewes has an actual conflict, lacks disinterestedness, engaged in misconduct, should be disqualified, or should be denied compensation. Debtor seeks disclosure first so that any further relief, if warranted, may be evaluated on a complete factual record."*

**10.** The Court conducted a hearing on September 10, 2026. Debtor timely ordered an expedited transcript. On September 21, 2026, at 8:30 a.m., the transcriber advised Debtor in writing that "the transcript for 9/10 was sent to the judge's chambers this morning" and that, "[a]s soon as I get the approval to release it, I will send you a PDF and file it with the court." On September 23, 2026, the transcriber further advised Debtor that she had "not yet heard back from the Court about the 9/10 one," that she had been advised that review "can take 48 hours," and that she had sent a follow-up inquiry. The docket reflected an expected transcript filing date of September 24, 2026. The Motion was substantially completed by the evening of September 23, 2026, with final edits completed and the Motion ready for filing by approximately 9:25 a.m. on September 24. Because the docket reflected an expected transcript filing date of September 24**, Debtor delayed submission to allow additional time for the approved transcript to become available. When the transcript remained unavailable, Debtor submitted the Motion through the Court's electronic filing portal rather than further delay this time-sensitive filing.** Accordingly, Debtor cites the Court's official audio recording by timestamp and respectfully requests leave to supplement those citations with the approved transcript when it becomes available, if the Court deems supplementation appropriate. Debtor reserves the right to bring any material discrepancy between the approved transcript and the audio citations used herein to the Court's attention. **Debtor further notes that this timely motion under Rule 7052 is among the motions identified in Fed. R. Bankr. P. 8002(b)(1), under which the time to file an appeal runs from entry of the order disposing of the last such remaining motion.** *See* Fed. R. Bankr. P. 8002(b)(1)(A).

**11.** On September 11, 2026, the Court entered Dkt. 252. The written Order incorporates the Court's oral findings of fact and conclusions of law and states, *"including without limitation,"* that *"the Debtor provided no basis for her demand that either the Trustee or Ms. Moewes provide additional disclosures."* Dkt. 252 at 2.

## II. LEGAL STANDARD

Fed. R. Bankr. P. 9014(c) makes Fed. R. Bankr. P. 7052 applicable to contested matters. Rule 7052 incorporates Fed. R. Civ. P. 52 and provides that a motion under Rule 52(b) to amend or add findings must

be filed within fourteen days after entry of judgment. W.D. Wash. LBR 9013-1(h) provides that W.D. Wash. LCR 7(h) governs motions for reconsideration, except that such motions must be filed and served within fourteen days after entry of the judgment or order and are not noted for hearing unless the Court requests oral argument. Under LCR 7(h), motions for reconsideration are disfavored and ordinarily will be denied absent a showing of manifest error in the prior ruling or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. W.D. Wash. LCR 7(h)(1).

LCR 7(h)(2) further requires the movant to identify with specificity the matters believed to have been overlooked or misapprehended and the particular modifications sought. Debtor relies principally on material matters overlooked or misapprehended in the existing record and, to the extent applicable, manifest error arising from those matters, rather than newly discovered evidence or intervening legal authority. Debtor does not seek reconsideration merely because she disagrees with the result or to present a new theory. Rather, this Motion identifies specific findings and characterizations incorporated into Dkt. 252 that Debtor respectfully submits do not account for, or materially misapprehend, portions of the record already before the Court, and requests particular amended or additional findings under Rule 7052 and reconsideration under LBR 9013-1(h).

## III. DEBTOR DID NOT CONCEDE THAT NO CONFLICT EXISTED

At the beginning of the September 10 hearing, Debtor stated: *"my request today is narrow and I'm not asking the court to find any conflict or disqualify Ms. Moewes or impose any consequence. I'm asking for a limited supplemental Rule 2014 disclosure verified by Ms. Moewes herself."* (Sept. 10 Hr'g Audio at 1:09–1:59.) The Court then asked why the parties were having a contested hearing unless Debtor had *"some sort of actual concerns about a conflict of interest,"* and subsequently asked, *"What conflict are you concerned about?"* (*Id.* at 1:59–2:26.) Debtor responded that her concern was that Ms. Moewes needed to supplement her Rule 2014 disclosure. (*Id.*) Debtor's position, however, was not that no conflict could exist. Her position was that Dkt. 228 did not ask the Court to adjudicate that question before the disclosure record was complete. During the Court's oral ruling, the Court stated that *"the debtor has made clear that she doesn't believe that there's any conflicts of interest"* and identified that conclusion as *"one reason"* why

the Court was at a loss as to why court resources were being spent on the issue. (*Id.* at 10:00–13:45.) After the Court's oral ruling, Debtor expressly attempted to clarify the record, stating: *"Your Honor, can I just add one thing? You had made a comment that I had stated that there, you had asked me if I believe there's a conflict, and my whole point was disclosure first, and then evaluate after that. So I just wanted to say, but that doesn't mean that I don't have some thoughts on that, but I wanted to make sure to stay on the procedure first."* The Court responded: *"Yeah, you have stated both in writing and this morning that you don't see a conflict. And so I don't see a conflict either. So we are in agreement."* Debtor responded: *"All right, not quite what I said, but okay."* The Court replied: *"It is exactly what you said, and we are done."* (*Id.* at 13:46–14:24.)

Respectfully, the written record confirms Debtor's clarification. Dkts. 228 and 247 repeatedly state that Debtor was **not requesting adjudication of conflict or disqualification** and was instead requesting disclosure first. Saying that the existing evidence does not establish an actual conflict, and declining to request adjudication of that issue, is materially different from affirmatively conceding that no conflict exists. Debtor therefore respectfully requests that the Court amend or supplement its findings to clarify that Debtor did **not concede that no conflict existed**. Debtor instead declined to seek adjudication of that question through Dkt. 228.

## IV. THE DISCLOSURE INQUIRY UNDER RULE 2014 IS DISTINCT FROM DISQUALIFICATION

Rule 2014(a) and § 327(a) perform distinct functions. Section 327(a) establishes the substantive eligibility requirements for estate professionals, including disinterestedness and the absence of an adverse interest. Rule 2014(a) supplies the disclosure mechanism by which the Court receives information concerning the professional's connections and can evaluate those requirements. *See In re Par 5 Property Investments, LLC*, Case No. 21-22404-A-11, DC Nos. MF-2, UST-2, Mem. at 15 (Bankr. E.D. Cal. Oct. 26, 2022) (*"Section 327 is implemented by Rule 2014, which governs applications for employment . . . ."*). The Ninth Circuit has held that the disclosure rules impose upon attorneys an *"independent responsibility"* to disclose relevant connections. *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena*

*Corp.)*, 63 F.3d 877, 880 (9th Cir. 1995). *Rule 2014 "assists the court in ensuring that the attorney has no conflicts of interest and is disinterested, as required by 11 U.S.C. § 327(a)." Id. at 881.* The Ninth Circuit further held that Rule 2014 imposes an independent disclosure requirement and that, even if the transaction at issue did not create an actual conflict of interest, failure to disclose its circumstances violated Rule 2014. *Id.* at 882. The court noted that the bankruptcy court had found insufficient proof that an actual conflict existed yet expressly found a violation of Rule 2014, *"which is purely a disclosure requirement." Id.* at 881–82 & n.5. The Ninth Circuit Bankruptcy Appellate Panel has likewise applied *Park-Helena* in emphasizing the professional's independent obligation to disclose connections under Rule 2014. *In re Raj Kamal Corp.*, BAP No. EC-12-1648-KiPaJu, 2013 WL 6839685 (B.A.P. 9th Cir. Dec. 17, 2013). Debtor therefore respectfully submits that the absence of an established disqualifying conflict does not, standing alone, resolve the antecedent Rule 2014 disclosure question.

That distinction is material here. Debtor did not ask the Court to determine through Dkt. 228 that Ms. Moewes was disqualified under § 327(a). Debtor asked for limited supplemental disclosure so that the Court could determine the significance, if any, of the identified connections on a complete record. A determination that an identified relationship is not disqualifying therefore does not, by itself, answer the analytically antecedent question whether the relationship was a connection requiring disclosure under Rule 2014. Persuasive authority illustrates the same distinction. In *In re Weilert*, Case No. 13-16155-B-7, DC No. MCW-1, Mem. Decision Regarding Motion to Disqualify (Bankr. E.D. Cal. Dec. 8, 2016), the court described Rule 2014 as imposing *"strict and continuing duties"* of disclosure so the court can assess whether a professional should be, or continue to be, employed. *Id.* at 2. After *"[t]he necessary disclosures ha[d] . . . been made (albeit late),"* the court separately denied disqualification because it was *"not convinced that an actual conflict of interest with the estate currently exists." Id.* at 1.

The distinction is also reflected in Ms. Moewes's own Rule 2014 practice before this Court. In *In re Willow Creek Manor Inc.*, the trustee's employment application stated that the trustee was *"aware of no connections"* between Ms. Moewes and parties in interest. No. 25-13073-CMA, Dkt. 156 ¶ 4 (Bankr. W.D.

Wash. Aug. 6, 2026). Ms. Moewes's accompanying declaration nonetheless disclosed that Moewes Law, P.S. had *"recently entered into a lease to rent one office from Schweet, Linde & Rosenblum, PLLC, which represents a creditor in this case." Id.*, Dkt. 156-1 ¶ 4. Although Ms. Moewes stated that she did not believe the lease created *"an actual or potential conflict of interest,"* she disclosed the relationship *"solely out of an abundance of caution and in the interest of full transparency." Id.* Ms. Moewes's own disclosure thus reflects the distinction relevant here: whether a connection should be disclosed under Rule 2014 is analytically separate from whether that connection ultimately constitutes an actual or potential conflict.

During the September 10 hearing, however, when Debtor identified prior professional involvement between Ms. Moewes and attorneys associated with Schweet, Linde & Rosenblum, PLLC ("SLR"), the Court referred to the firm as "Schweet Linde" and stated that such involvement was *"not a disqualifying factor."* (Sept. 10 Hr'g Audio at 7:06–7:25.) During the oral ruling, the Court further stated that if Debtor believed the prior relationship constituted grounds to disqualify Ms. Moewes, Debtor could file a motion to disqualify. (*Id.* at 10:00–13:45.) Dkt. 228 did not seek that determination; it sought disclosure concerning the connection before determination of its legal consequence. The Court also concluded that the historical professional relationship did not require further disclosure because it concerned a discrete and unrelated matter that ended years earlier and because requiring disclosure to that extent would be onerous for longstanding practitioners. (*Id.*)

Debtor respectfully requests clarification whether the Court found:

- **a.** That the prior professional relationship was **not a "connection" within Rule 2014 at all**; or
- **b.** That it was a connection but did not need to be disclosed because it was old, unrelated, non-disqualifying, or burdensome to disclose.

The distinction is material under *Park-Helena*, which separates the disclosure obligation from the ultimate legal consequence of the disclosed connection. If the Court concluded that Rule 2014 supplementation required Debtor first to establish a disqualifying conflict, Debtor respectfully requests reconsideration of that conclusion. The oral ruling appears to identify multiple grounds for denial that are analytically distinct: (1) that no relevant Rule 2014 connection existed; (2) that any connection did not

require disclosure because it was remote, unrelated, or burdensome to disclose; (3) that the identified relationships were not disqualifying; (4) that Debtor had conceded the absence of a conflict; and (5) that Debtor's request reflected an effort to impose unnecessary work on Trustee's counsel. Debtor respectfully requests amended or additional findings identifying which determination or determinations support Dkt. 252, because Debtor contends that the record materially differs as to each.

## V. THE RECORD INCLUDED PRE-EMPLOYMENT INVOLVEMENT BEYOND THE JANUARY 22 EMAIL

During the oral ruling, after discussing the pre-employment email on which Ms. Moewes was *copied as potential counsel, the Court stated, in substance, that there was no evidence of further communications by Ms. Moewes or involvement by Ms. Moewes before her employment.* (*Id.* at 10:00–13:45.) Respectfully, Dkt. 245-1 contained evidence of pre-employment communications and involvement between Trustee Klein and Ms. Moewes. Trustee Klein declared that he approached Ms. Moewes regarding this bankruptcy on January 20, 2026; discussed the case with her; remained in contact with her; and understood that she remained available to discuss issues arising in the case before formal employment. Those facts do not establish that Ms. Moewes separately communicated with Fitzgerald or Fitzgerald's counsel and do not necessarily establish a conflict. They do, however, constitute evidence of Ms. Moewes's pre-employment involvement in this bankruptcy beyond merely being copied on the January 22 email and demonstrate that the pre-employment record before the Court was broader than an isolated email. They therefore provide a factual basis for limited clarification of the nature, timing, and scope of the pre-employment connection. That distinction was the central reason Debtor narrowed Dkt. 247 to seek Ms. Moewes's own verified statement concerning matters within her personal knowledge.

The Court also addressed pre-employment discussions between Trustee Klein and Ms. Moewes, stating in substance that an attorney's discussions with a prospective client before employment were not pertinent to disinterestedness. (*Id.*) If the Court concluded that those facts were not connections requiring disclosure under Rule 2014, Debtor respectfully asks the Court to make that finding explicit and to reconcile it with the statement that there was "no evidence" of Ms. Moewes's pre-employment involvement.

## VI. THE RECORD DOES NOT SUPPORT ATTRIBUTING DEBTOR'S RULE 2014 REQUEST TO ARTIFICIAL INTELLIGENCE

During the September 10 hearing, before entering its formal oral ruling, the Court stated: *"Here's what it appears to the court, is that you're just looking to make her jump through hoops because AI has told you that you can do that."* The Court continued: *"Nothing you've identified is a problem as far as [the Court is] concerned. It just seems like you're trying to create work for Ms. [Moewes]."* (Sept. 10 Hr'g Audio at 7:52–8:13.) Debtor respectfully requests reconsideration of that characterization in light of the record that preceded Dkt. 228. That characterization is material because the record reflects that Debtor independently identified and documented the relationships underlying Dkt. 228, raised the supplemental-disclosure issue with Trustee Klein in May 2026 before filing the motion, researched Rule 2014 and relevant authority, and consistently declined to characterize the identified relationships as established conflicts. The subsequent filings confirmed the factual existence of the relationships Debtor had identified: the Trustee acknowledged Ms. Moewes's prior professional involvement with attorneys associated with SLR, counsel for Creditor Fitzgerald, Dkt. 245 at 4, and Dkt. 230 disclosed the later office-lease relationship between Moewes Law and SLR. As discussed in Section IV, Dkt. 247 also placed Ms. Moewes's *Willow Creek* disclosure of that lease before the Court. Dkt. 247 at 6.

The record likewise reflects an effort to narrow, rather than expand, the burden on Trustee's counsel. After Trustee Klein provided his sworn declaration, Debtor acknowledged that it substantially supplied the clarification requested from him and narrowed the remaining request to matters within Ms. Moewes's personal knowledge, expressly excluding privileged communications, attorney work product, confidential settlement substance, and legal advice. Dkt. 247 at 3–4, 7.

The practical importance of disclosure is further illustrated by Debtor's subsequent experience. Debtor independently located public records reflecting ongoing joint economic activity between Ms. Moewes and Judge Timothy W. Dore, but those records provided no context from which a pro se debtor could understand the nature or significance of the connection. Only through further investigation did Debtor locate filings in *In re Castle Construction Services LLC*, No. 24-11974-CMA (Bankr. W.D. Wash.), in which

Ms. Moewes herself disclosed pursuant to Rule 2014 that Judge Dore was her domestic partner. *Id.*, Dkt. 22-2 ¶ 2; *see also id.*, Dkt. 11 ¶ 4. The day after the initial employment application was filed, Judge Dore disqualified himself pursuant to 28 U.S.C. § 455. *Id.*, Dkt. 14. The sequence demonstrates the practical problem presented when the nature of a connection is not disclosed: a pro se debtor may discover facts suggesting an economic relationship yet lack the information necessary to understand what that relationship actually is or whether it has legal significance. It also demonstrates the practical purpose of placing the disclosure obligation on the professional rather than requiring parties to reconstruct potentially relevant context through independent investigation. Debtor does not offer the *Castle Construction* filings as newly discovered evidence or as an independent ground for reconsideration, nor does Debtor ask this Court to determine that the relationship establishes a conflict in this case. They are offered solely as illustrative context; Debtor's grounds for reconsideration remain based on matters presented to the Court before its ruling.

The procedural record also provides context for the Court's statement that Debtor was attempting to make Trustee's counsel *"jump through hoops."* Trustee's counsel filed Dkt. 245 in opposition to Debtor's Rule 2014 motion but did not serve it on Debtor, despite having been previously reminded by the Court of the obligation to serve Debtor directly. Dkt. 248 ¶¶ 2–3. Debtor discovered Dkt. 245 by independently monitoring the docket and filed her Reply, Dkt. 247, before receiving Dkt. 245 from Trustee's counsel. Dkt. 249 ¶¶ 3–4. Ms. Moewes subsequently acknowledged under penalty of perjury that she had failed to serve Debtor and accepted full responsibility for that failure. Dkt. 248 ¶¶ 2–3.

Debtor does not offer the service issue as evidence of misconduct or as an independent ground for reconsideration. It is relevant only to correct the premise that Debtor was attempting to manufacture unnecessary work. The record instead reflects that Debtor, while proceeding without counsel, independently identified and documented the relationships she believed implicated Rule 2014, narrowed her requested relief after Trustee Klein supplied additional information, monitored the docket when the Trustee's opposition was not served on her, and placed the resulting factual record before the Court. Rule 2014 places the disclosure obligation on the professional in the first instance, and whether those facts required

supplemental disclosure is for the Court to determine. Debtor respectfully requests that Dkt. 228 be evaluated on that record rather than on an inference that artificial intelligence directed her to pursue the issue or that her purpose was to impose unnecessary work on Trustee's counsel.

## VII. TRUSTEE KLEIN'S REQUEST FOR GUIDANCE FURTHER SUPPORTS CLARIFICATION

Immediately after the Court denied Dkt. 228, Trustee Klein stated, *"I understand you're denying her motion,"* and then made what he described as *"an additional request"* that the Court consider issuing an opinion addressing the meaning of "connection" under Rule 2014. (Sept. 10 Hr'g Audio at 8:28–10:00.) Trustee Klein stated, among other things, that *"the definition of connection is not defined anywhere,"* that the issue *"has come up more than once,"* and requested guidance concerning the meaning of "connection" under Rule 2014. (*Id.* at 8:28–10:00.) Debtor does not contend that Trustee Klein thereby agreed with Debtor's position or conceded that additional disclosure was required. His request does, however, confirm that the scope of "connections" under Rule 2014 presented a recurring question on which the Chapter 7 Trustee independently sought guidance. That request provides additional context relevant to Dkt. 252's finding that Debtor provided "no basis" for requesting additional disclosure. Debtor therefore respectfully requests that, if the Court adheres to the denial of Dkt. 228, it amend or supplement its findings to identify more specifically the legal and factual basis for concluding that no additional disclosure was required.

## VIII. CONCLUSION AND REQUESTED RELIEF

WHEREFORE, Debtor respectfully requests that the Court enter an order:

1. Amending or supplementing the findings incorporated into Dkt. 252 to clarify that Debtor did not concede that no conflict existed, but instead sought supplemental disclosure before requesting any determination concerning disqualification, disinterestedness, adverse interest, or continued employment;
2. Clarifying the findings concerning Ms. Moewes's pre-employment involvement, including the significance of the pre-employment discussions, continued contact, and availability reflected in

Dkt. 245-1, and whether the Court found that she received, reviewed, responded to, or otherwise participated in the January 22, 2026 communication;

3. Clarifying that the Rule 2014 disclosure inquiry is analytically distinct from the ultimate conflict or disqualification inquiry, including whether the absence of an asserted or established actual conflict was a substantive basis for denying supplemental disclosure;
4. Clarifying the finding concerning the prior professional relationship addressed at the September 10 hearing, including whether the Court found that relationship was not a Rule 2014 "connection," or instead found it to be a connection for which further disclosure was unnecessary;
5. Clarifying that Dkt. 228 was determined, or upon reconsideration should be determined, on the record, authorities, declarations, and arguments presented, without reliance on an inference that artificial intelligence generated or directed Debtor's request; and
6. Upon reconsideration, vacating Dkt. 252 and granting Dkt. 228 as narrowed by Dkt. 247, requiring only the limited, nonprivileged verified supplemental disclosure requested there; or, alternatively, if the Court adheres to the denial of Dkt. 228, entering amended or additional findings identifying the factual and legal bases for that determination.

Debtor further requests such other relief as the Court deems just and appropriate. Debtor reiterates that this Motion does not seek a determination of actual conflict, lack of disinterestedness, adverse interest, misconduct, disqualification, disgorgement, sanctions, or denial of compensation. Debtor expressly reserves the right to seek appropriate relief under 11 U.S.C. §§ 327 and 328(c), or other applicable law, if warranted by supplemental disclosure or other subsequently developed facts.

DATED this 24th day of September 2026.

Respectfully submitted,

***/s/ Ronda Delapina McNae***
Ronda Delapina McNae
Debtor, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on September 24, 2026, I submitted the foregoing Motion and proposed order through the Court's electronic filing portal for unrepresented parties. Upon docketing, CM/ECF notice will be transmitted to registered participants. Following submission, I transmitted courtesy copies by electronic mail to the recipients identified below.

**Michael P. Klein, Chapter 7 Trustee**
330 Madison Avenue S, Suite 105
Bainbridge Island, WA 98110
trusteeklein@hotmail.com
☑ Via CM/ECF
☑ Via electronic mail

**Denice E. Moewes**
MOEWES LAW, P.S. / Counsel for Chapter 7 Trustee
P.O. Box 80662
Seattle, WA 98108
(206) 940-4075
dmoewes@aol.com
moewesdenice@gmail.com
☑ Via CM/ECF
☑ Via electronic mail

**Office of the United States Trustee for Region 18**
700 Stewart Street, Suite 5220
Seattle, WA 98101
USTP.Region18@usdoj.gov
☑ Via electronic mail

***Counsel for Creditor Michael Fitzgerald***
**Michael M. Sperry**
Schweet Linde & Rosenblum, PLLC
5601 6th Avenue South, Suite 258
P.O. Box 80646
Seattle, WA 98108
michaels@schweetlaw.com
☑ Via CM/ECF
☑ Via electronic mail

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 24th day of September 2026, at Kirkland, Washington.

***/s/ Ronda Delapina McNae***
Ronda Delapina McNae, Debtor, Pro Se
504 11th PL
Kirkland, WA 98033
prose.rmcnae@gmail.com